

SEND

FILED
CLERK, U.S. DISTRICT COURT

JUL - 6 2004

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN GABRIEL BASIN WATER QUALITY AUTHORITY,<br><br>Plaintiff,<br><br>v.<br><br>AEROJET-GENERAL CORPORATION, et al.,<br><br>Defendants. | Case No. CV-02-4565 ABC (RCx)<br><br>*[Consolidated for pre-trial purposes with Case Nos. CV-02-5909 ABC (RCx); CV-02-6346 ABC (RCx); and CV-02-6340 ABC (RCx)]*<br>[REVISED PROPOSED]<br>CASE MANAGEMENT ORDER |
| AND RELATED ACTIONS | |
| SAN GABRIEL VALLEY WATER COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>AEROJET-GENERAL CORPORATION, et al.,<br><br>Defendants. | Case No. CV-02-6346 ABC (RCx) |
| AND RELATED ACTIONS | |

DOCKETED ON CM

JUL  7 2004

BY _____ 009

383

| | |
|---|---|
| SOUTHERN CALIFORNIA WATER COMPANY, | Case No. CV-02-6340 ABC (RCx) |
| Plaintiff, | |
| v. | |
| AEROJET-GENERAL CORPORATION, *et al.,* | |
| Defendants. | |
| AND RELATED ACTIONS | |
| CITY OF MONTEREY PARK, | Case No. CV-02-5909 ABC (RCx) |
| Plaintiff, | |
| v. | |
| AEROJET-GENERAL CORPORATION, *et al.,* | |
| Defendants. | |
| AND RELATED ACTIONS | |

Pursuant to the provisions of Rule 16 of the Federal Rules of Civil Procedure, the Court finds that entry of this Order is necessary for the just and efficient resolution of this lawsuit and the effective management of this case.

## I. <u>SCOPE</u>

This Case Management Order, and any additional pretrial case management orders entered in this proceeding shall apply to all of the following cases: (1) *San Gabriel Basin Water Quality Authority v. Aerojet-General Corp., et al.* (CV 02-4565 ABC (RCx)); (2) *City of Monterey Park v. Aerojet-General Corp., et al.* (CV 02-0509 ABC (RCx)); (3) *Southern California Water Co. v. Aerojet-General Corp., et al.* (CV 02-6340 ABC (RCx)); and (4) *San Gabriel Valley Water Co. v. Aerojet-General Corp., et al.* (CV 02-6346 ABC (RCx)) (hereinafter referred to as the

2

1  "SEMOU Cases").

2      On March 31, 2003, the Court ordered all four actions consolidated for all

3  pretrial purposes, including discovery and law and motion.  Such order does not

4  constitute a determination that any of the coordinated actions should or should not be

5  consolidated for trial, and does not have the effect of making any person or entity a

6  party to an action in which he, she or it has not been named and served.

7  **II.    LIAISON COUNSEL**

8      Due to the large number of parties involved in the SEMOU Cases, the Court

9  finds the use of "Liaison Counsel" to be in the interests of justice and the efficient

10  resolution of this case.  One or more persons may occupy those positions and such

11  persons may be changed from time to time, in accordance with the wishes of the

12  parties for whom they are acting or upon the request of the Liaison Counsel who no

13  longer wishes to occupy the position.

14  **A.    Plaintiffs' Liaison Counsel**

15     Craig S. Bloomgarden and Brent G. Cheney
16     Steefel, Levitt & Weiss
17     550 South Hope Street, Suite 1665
       Los Angeles, California  90071
18     Telephone:  (213) 599-3400
       Facsimile:  (213) 599-3450
19

20  **B.    Defendants' Liaison Counsel**

21     James J. Dragna and Tiffany R. Hedgpeth
       Bingham McCutchen LLP
22     355 South Grand Avenue, Suite 4400
23     Los Angeles, California  90071
       Telephone:  (213) 680-6400
24     Facsimile:  (213) 680-6499

25  **C.    Third Party Plaintiffs' Liaison Counsel**

26
       Nicholas W. van Aelstyn and Ronald A. Valenzuela
27     Heller Ehrman White & McAuliffe LLP
28     333 Bush Street

3

San Francisco, California  94104
Telephone:  (415) 772-6000
Facsimile:  (415) 772-6268

**D.    Non-Water Entity Third Party Defendants' Liaison Counsel[1]**

Michael A. Francis and Brian D. Langa
Demetriou, Del Guercio, Springer & Francis LLP
801 South Grand Avenue, 10th Floor
Los Angeles, CA 90017-4613
Telephone:  (213) 624-8407
Facsimile:  (213) 624-0174

**E.    Duties of Plaintiffs' Liaison Counsel**

Plaintiffs' Liaison Counsel shall have the following responsibilities:

1.    Maintain and distribute to all Plaintiffs' Counsel ("Plaintiffs"), other Liaison Counsel and other counsel not included in any liaison group ("Other Counsel") up-to-date service information, including email addresses, for all Plaintiffs;

2.    Receive and, as necessary, distribute to all Plaintiffs orders from the Court and documents received from other Liaison Counsel and Other Counsel unless otherwise served on Plaintiffs through Verilaw;

---

[1] For the purposes of this Order, the term "Non-Water Entity Third Party Defendants" is defined to include the following named third party defendants: James Andruss, as Trustee of the Survivor's Trust UDT, dated September 22, 1987; APW North America, Inc., fka Zero Corporation; Electronic Solutions; Artistic Polishing & Plating, Inc.; Mona Sue Art, as Trustee of the Art 1981 Revocable Living Marital Deduction Trust; Mona Sue Art, as Trustee of the Art 1981 Revocable Living Exemption Trust; Cardco; Cardinal Industrial Finishes; Durham Family Limited Partnership; Durham Transportation, Inc.; Eemus Manufacturing Corp.; International Medication Systems, Ltd.; J.A.B. Holdings, Inc., f/k/a J.A. Bozung Company; Baerbel Janneberg, as Trustee of the Janneberg Trusts, f/k/a Servex Corp.; Gloria Jebbia, as Trustee of the Norf James Jebbia Testamentary Trust; Roc-Aire Corp.; Smittybilt, Inc.; and Southern California Edison.  Not included in this liaison counsel group are Third Party Defendants The City of South El Monte; La Victoria Foods, Inc.; Clamp Mfg. Co., Inc.; Edward H. Franzen as Trustee of the Franzen Trust, and Franzen Trust each of which will continue to be represented by their respective individual counsel.  Also not included in any liaison counsel group are the "Water Entity Third Party Defendants," which are defined as the Main San Gabriel Basin Watermaster; Los Angeles County Department of Public Works; Metropolitan Water District of Southern California; and the Upper San Gabriel Valley Municipal Water District.  While the Third Party Complaints against the Third Party Water Entities are related, the four Third Party Water Entities are represented by two law firms.  Because having one liaison counsel for two firms is inefficient, all communications addressed to the Third Party Water Entities shall be made directly to their respective counsel, Frederic A. Fudacz of Nossaman, Guthner, Knox and Elliott, LLP located at 455 S. Figueroa Street 31st Floor, Los Angeles, CA 90071, and Mark Johnson of the Manatt, Phelps, and Phillips, LLP located at 695 Town Center Drive, 14th Floor, Costa Mesa, CA 92626.

4

3.     Keep all Plaintiffs informed of the substance of all meetings with the Court and with other Liaison Counsel and Other Counsel, and provide advance notice to all Plaintiffs of all Court meetings with Liaison Counsel and Other Counsel; and

4.     Communicate with the Court, other Liaison Counsel, Other Counsel, and all Plaintiffs regarding scheduling and other administrative and case management issues relating to these proceedings.

All communications between and amongst the respective Liaison Counsel and Other Counsel may be made through email.  Similarly, all communications between Plaintiffs' Liaison Counsel and Plaintiffs may be made through email.

**F.     <u>Duties of Defendants' Liaison Counsel</u>**

Defendants' Court Liaison Counsel shall have the following responsibilities:

1.     Maintain and distribute to all Defendants, other Liaison Counsel and Other Counsel up-to-date service information, including email addresses, for all Defendants;

2.     Receive and, as necessary, distribute to all Defendants orders from the Court and documents received from other Liaison Counsel and Other Counsel unless otherwise served on Defendants through Verilaw;

3.     Keep all Defendants informed of the substance of all meetings with the Court and with other Liaison Counsel and Other Counsel, and provide advance notice to all Defendants of all Court meetings with Liaison Counsel and Other Counsel; and

4.     Communicate with the Court, other Liaison Counsel, Other Counsel and all Defendants regarding scheduling and other administrative and case management issues relating to these proceedings.

All communications between and amongst the respective Liaison Counsel and Other Counsel may be made through email.  Similarly, all communications between Defendants' Court Liaison Counsel and Defendants may be made through email.

**G.     <u>Duties of Third Party Plaintiffs' Liaison Counsel</u>**

Third Party Plaintiffs' Liaison Counsel shall have the following

[REVISED PROPOSED] CASE MANAGEMENT ORDER, CASE NOS. CV 02-6545; CV 02-6346; CV 02-6340; CV 02-5909

responsibilities:

1.   Maintain and distribute to all Third Party Plaintiffs' Counsel, other Liaison Counsel and Other Counsel up-to-date service information, including email addresses, for all Third Party Plaintiffs;

2.   Receive and, as necessary, distribute to all Third Party Plaintiffs orders from the Court and documents received from other Liaison Counsel and Other Counsel unless otherwise served on Third Party Plaintiffs through Verilaw;

3.   Keep all Third Party Plaintiffs informed of the substance of all meetings with the Court and with other Liaison Counsel and Other Counsel, and provide advance notice to all Third Party Plaintiffs of all Court meetings with Liaison Counsel and Other Counsel; and

4.   Communicate with the Court, other Liaison Counsel, Other Counsel and all Third Party Plaintiffs regarding scheduling and other administrative and case management issues relating to these proceedings.

All communications between and amongst the respective Liaison Counsel and Other Counsel may be made through email.  Similarly, all communications between Third Party Plaintiffs' Liaison Counsel and Third Party Plaintiffs may be made through email.

## H.   Duties of Non-Water Entity Third Party Defendants' Liaison Counsel

Non-Water Entity Third Party Defendants' Liaison Counsel shall have the following responsibilities:

1.   Maintain and distribute to all Non-Water Entity Third Party Defendants, other Liaison Counsel and Other Counsel up-to-date service information, including email addresses, for all Non-Water Entity Third Party Defendants;

2.   Receive and, as necessary, distribute to all Non-Water Entity Third Party Defendants orders from the Court and documents received from other Liaison Counsel and Other Counsel unless otherwise served on Non-Water Entity Third Party

6

1   Defendants through Verilaw;

2       3.      Keep all Non-Water Entity Third Party Defendants informed of the

3   substance of all meetings with the Court and with other Liaison Counsel and Other

4   Counsel, and provide advance notice to all Non-Water Entity Third Party Defendants

5   of all Court meetings with Liaison Counsel and Other Counsel; and

6       4.      Communicate with the Court, other Liaison Counsel, Other Counsel and

7   all Non-Water Entity Third Party Defendants regarding scheduling and other

8   administrative and case management issues relating to these proceedings.

9       All communications between and amongst the respective Liaison Counsel and

10  Other Counsel may be made through email.  Similarly, all communications between

11  Non-Water Entity Third Party Defendants' Liaison Counsel and Non-Water Entity

12  Third Party Defendants may be made through email.

13  **I.   Reimbursement for Liaison Counsel**

14      The Court recognizes that acting as Liaison Counsel places a burden and

15  expense on those counsel, and that they are entitled to be reimbursed for the

16  reasonable and necessary time spent and costs incurred in performing their duties as

17  Liaison Counsel.  Accordingly, from time to time, Liaison Counsel may petition the

18  Court to be reimbursed by members of Liaison Counsel's respective group for the

19  reasonable and necessary costs and fees that Liaison Counsel have incurred in acting

20  as Liaison Counsel.  The types of costs and fees for which Liaison Counsel may

21  petition to be reimbursed are those which would not normally be incurred by counsel

22  in litigation of this type and are solely related to services as Liaison Counsel.

23  **J.   Privileges Preserved**

24      The Court recognizes that since the filing of the SEMOU Cases counsel for

25  Defendants may have communicated and may in the future communicate with one

26  another, exchange attorney work product, and cooperate and share costs, expenses

27  and information in connection with the common defense of the SEMOU Cases; since

28  the filing of the SEMOU Cases counsel for all Plaintiffs may have communicated and

1   may in the future communicate with one another, exchange attorney work product,

2   and cooperate and share costs, expenses and information in connection with the

3   prosecution of the SEMOU Cases; since the filing of the SEMOU Cases counsel for

4   Third Party Defendants may have communicated and may in the future communicate

5   with one another, exchange attorney work product, and cooperate and share costs,

6   expenses and information in connection with the common defense of third-party

7   claims; since the filing of the SEMOU Cases counsel for all Water Entities (*i.e.*,

8   Plaintiffs and the Water Entity Third Party Defendants) may have communicated and

9   may in the future communicate with one another, exchange attorney work product,

10  and cooperate and share costs, expenses and information in connection with the

11  defense of counterclaims and third-party claims; and since the filing of the SEMOU

12  Cases counsel for some Defendants and some Third Party Defendants may have

13  communicated and may in the future communicate with one another, exchange

14  attorney work product, and cooperate and share costs, expenses and information in

15  connection with the common defense of claims asserted by the Plaintiffs.  The Court

16  orders that such communications retain their character as attorney work product and

17  are protected, and no waiver results from such exchanges between parties sharing

18  common interests in this litigation.  In addition, nothing herein shall be construed as

19  limiting the rights of parties to assert in appropriate circumstances the attorney-client

20  privilege, the attorney work product protection, the joint defense privilege or the

21  common interest doctrine with respect to communications not addressed by this

22  Order, including communications that occurred prior to the filing of the SEMOU

23  Cases.

24          The fact of cooperation among groups of plaintiffs, defendants, and/or third

25  party defendants for the purposes of coordinating discovery, trial, sharing counsel or

26  otherwise minimizing expenses in this litigation shall not constitute evidence of

27  conspiracy, concerted action or any other wrongful conduct, nor shall it constitute

28  evidence of approval or ratification of any party's alleged wrongful conduct by any

8

1   other party and shall not be communicated to the jury, if any.

2   **III.   SERVICE OF PLEADINGS AND ORDER**

3       **A.   Manner of Service**

4           Except as set forth in Section V herein, documents that require service shall be

5   served through Verilaw, pursuant to this Court's order dated November 13, 2003.  In

6   addition, pursuant to this Court's prior order consolidating these four cases for pre-

7   trial purposes, any document served in any of these four consolidated cases shall be

8   served through Verilaw by utilizing the "All Cases" option in Verilaw.  Documents

9   served through Verilaw are deemed personally served on all parties on the business

10  day of transmission to Verilaw, if transmitted to Verilaw before 5 p.m., or the next

11  business day if after that time.

12      **B.   Service Lists**

13          On or before July 9, 2004, Plaintiffs' Liaison Counsel shall file and serve a

14  Master Service List of all parties that have appeared in the SEMOU Cases or whose

15  counsel in the SEMOU Cases is otherwise known at this time, which also shall

16  include the email address of their respective counsel.  In the event an existing party

17  (i) changes or adds counsel, or (ii) causes a new party to be added to any of the

18  SEMOU Cases, that party shall immediately notify Plaintiffs' Liaison Counsel

19  (through the party's Liaison Counsel or its own counsel) by email or otherwise in

20  writing of the name and address of the new or additional counsel and/or party.

21  Plaintiffs' Liaison Counsel shall then have sole responsibility to file an updated

22  Master Service List with the Court and with Verilaw.

23      **C.   Notice of Dismissals**

24          Notice(s) of dismissal of any Defendant and/or Third Party Defendant that has

25  represented that it is negotiating an ability-to-pay settlement with the United States

26  and, based upon such representation, has entered into a tolling agreement with

27  Plaintiffs and/or Third Party Plaintiffs, may be filed without further leave of Court or

28  stipulation of the parties.  Such dismissals that previously were filed are deemed filed

with leave of Court.

## IV.   GENERAL PROVISIONS REGARDING DISCOVERY

### A.   Initial Disclosures

Each party that has not yet made its Initial Disclosures shall serve them on or before September 3, 2004.  In addition, on or before September 3, 2004, each Third Party Plaintiff shall serve a supplement to the Initial Disclosures it previously made in its capacity as a defendant (with its original Initial Disclosures attached as an exhibit), to address the allegations in its third party complaint(s).

### B.   Document Labeling

Unless the parties have agreed or agree otherwise, the following shall control the production of documents in the SEMOU Cases: A uniform system of document numbering/identification shall be established for all document productions and depositions.  This uniform system shall be used for all purposes in the SEMOU Cases, including identification of exhibits supporting motions and trial.  Counsel shall assign unique Bates numbers to each page of each document produced during the course of this litigation.  For documents produced after the date of this Order, each produced document shall have a prefix consisting of alphabetic characters followed by numerical characters.  The alphabetic characters should identify the source of the document with as much specificity as possible.  This same numbering system will apply to documents obtained from third parties by subpoena to the extent practical, and the party issuing the subpoena has the responsibility to ensure that the documents are properly labeled.  Liaison Counsel and Other Counsel shall meet and agree upon or confirm pre-assignment to the parties in this litigation of alphabetic prefixes.  Exhibits filed with the Court shall be Bates numbered using the prefixes agreed upon by Liaison Counsel and Other Counsel such that the source of the document may be identified.

10

## C.   <u>Inadvertent Production of Privileged or Confidential Information</u>

### 1.   **Inadvertent Production of Privileged Information**

If a party inadvertently produces information or documents that it considers privileged or protected from disclosure, in whole or in part, or learns of the production of privileged or protected material by a third person, the party asserting that an inadvertent production has occurred must, within 30 days of the date of discovery of the inadvertent production, give notice to all parties in the SEMOU Cases that the party claims the document, in whole or in part, to be privileged or protected from disclosure.  In addition, the notice must state the nature of the privilege or protection and the factual basis for asserting it.  All parties shall within thirty (30) days, either (1) return the produced copy and any other copies in their possession or control, including any copies that may have been provided to a party's clients, experts or insurers, to the party asserting inadvertent production, or (2) provide written assurance to such party that all such copies have been destroyed.  If any party disputes that the subject document is privileged or protected from disclosure, or disputes that the waiver was inadvertent, that party may move to compel the production of the subject document.

### 2.   **Inadvertent Production of Confidential Information**

If a party inadvertently produces documents or information that it considers to be governed by the August 12, 2003 Protective Order issued by the Honorable Rosalyn M. Chapman in the SEMOU Cases (the "Protective Order") and that does not bear the appropriate designation as provided in paragraph 8 of the Protective Order, the party asserting that an inadvertent production of "Confidential Information" has occurred must, within 30 days of the date of discovery of the inadvertent production:

      a.   give notice to all parties in the SEMOU Cases that the party claims the document, in whole or in part, to be Confidential Information; and

      b.   provide copies of the documents or information,

1  appropriately marked as Confidential Information as provided in paragraph 8

2  of the Protective Order, to the party to whom the information was

3  inadvertently produced.

4      All parties shall, within thirty (30) days of receipt of the notice provided for

5  under section IV(C)(2)(a) above, provide written assurance to the party providing

6  such notice that it has completely destroyed the inadvertently produced copy and any

7  other copies in their possession or control, including any copies that may have been

8  provided to a party's clients, experts or insurers, to the party asserting inadvertent

9  production.

10      **D.**   **Misdirected Communications or Documents**

11      The recipient of any misdirected attorney-client or other privileged

12  communication or work product, outside the ordinary course of discovery, has an

13  affirmative duty to notify the sender of such occurrence and return the privileged

14  communication or document to its sender.  The same procedures outlined above for

15  Inadvertent Production of Privileged Information shall apply to this section.

16      **E.**   **Prior Discovery Production to Newly Added Parties**

17      Liaison Counsel and Other Counsel for the various third parties will be

18  provided with copies of the initial disclosures and previously produced discovery not

19  otherwise available on Verilaw (if not otherwise produced as an exhibit to the

20  Supplemental Initial Disclosures as set forth in Paragraph IV.A. above).  Liaison

21  Counsel and Other Counsel shall coordinate and work in good faith to create a

22  schedule and mechanism to address this production and the cost thereof.

23      **F.**   **Proposed Discovery and Discovery Motions**

24      The parties are unable to agree upon what procedures, if any, should be

25  adopted to minimize discovery disputes and discovery motion practice, and thus

26  present the following alternatives for such procedures for the Court's consideration.

27      **1.**   **Alternative One (Proposed by the Siegels)**

28      The parties in the SEMOU Cases shall comply with the Federal Rules of Civil

1   Procedure and all applicable local rules when propounding and responding to

2   discovery served in these actions.

### 2.   Alternative Two (Proposed by All Other Parties)

In an effort to minimize discovery disputes and discovery motion practice, counsel shall exchange, and meet and confer over, proposed discovery before it is served. In the event counsel are unable to resolve objections to the proposed discovery within ten days after it is exchanged, the discovery may be served (and responded to in the ordinary course with all objections preserved) or counsel may seek to schedule a telephonic or other conference with Magistrate Judge Chapman to assist them in attempting to resolve the objections before the discovery is served. Regardless, before any motion to compel discovery is filed, counsel, in addition to meeting and conferring as required by the Federal Rules of Civil Procedure and applicable local rules, shall seek to schedule a telephonic or other conference with Magistrate Judge Chapman to assist them in attempting to resolve the dispute without the need for the filing of a motion.  Counsel shall comply with the Federal Rules of Civil Procedure and all applicable local rules governing discovery in all other respects.

The "counsel" referred to in the preceding paragraph are the counsel for the propounding and responding parties, and not Liaison Counsel, although counsel for the propounding and responding parties may solicit the involvement of Liaison Counsel if either believes Liaison Counsels' involvement would facilitate resolution of the objections/disputes.

## V.   THIRD PARTY LITIGATION

### A.   Master Third Party Complaint and Counterclaims

A single Master Third Party Complaint and Counterclaims shall be filed and served on or before July 9, 2004, for the SEMOU Cases, *i.e.*, a single Master Third Party Complaint and Counterclaims will encompass all Third Party Plaintiffs' claims and counterclaims filed on or after April 12, 2004, in each of the four cases identified

13

1   as Case No. CV 02-4565, Case No. CV 02-5909, Case No. CV 02-6340, and Case

2   No. CV 02-6346.  The filing of a single Master Third Party Complaint and

3   Counterclaims is required to serve the purposes of judicial efficiency and economy

4   only and shall not modify or expand the Court's prior order consolidating the

5   SEMOU Cases for pre-trial purposes only.

6          Having previously filed third-party claims on or after April 12, 2004, against

7   Plaintiffs San Gabriel Valley Water Company, Southern California Water Company,

8   and the City of Monterey Park ("Water Purveyor Plaintiffs") and others, but having

9   not filed counterclaims against the Water Purveyor Plaintiffs, Quaker Chemical

10  Corporation and Multi-Chemical Products, Inc. may join in the counterclaims in the

11  Master Third Party Complaint and Counterclaims that mirror their previously filed

12  third-party claims against the Water Purveyor Plaintiffs.

13  **B.**     **Service of and Responses to the Master Third Party Complaint and**

14          **Counterclaims**

15         The Master Third Party Complaint and Counterclaims will be deemed to be an

16  amended Third Party Complaint with respect to each of the Third Party Complaints

17  previously filed on or after April 12, 2004 and will become the operative complaint

18  and counterclaims for each Third Party Plaintiff identified therein with respect to the

19  Third Party Plaintiff's claims and counterclaims against Third Party Defendants and

20  Counterclaim Defendants identified therein.  Pursuant to the Stipulation and Court's

21  Order entered on the record at the June 28, 2004 status conference in this matter, any

22  Third Party Complaint not served prior to July 27, 2004 in accordance with the

23  Federal Rules of Civil Procedure, applicable local rules and this Court's orders, is

24  dismissed.

25         Service of the Master Third Party Complaint and Counterclaims may be

26  effected via Verilaw provided that the Third Party Complaints and Counterclaims

27  previously filed on or after April 12, 2004, were filed and served by July 27, 2004 on

28  Third Party Defendants and Plaintiffs in accordance with the Federal Rules of Civil

1 Procedure, applicable local rules and this Court's orders.

2     By August 17, 2004, each Third Party Defendant and each Counterclaim

3 Defendant identified in the Master Third Party Complaint and Counterclaims shall

4 file and submit for service to Verilaw a response to the Master Third Party Complaint

5 and Counterclaims. Each Third Party Defendant and Counterclaim Defendant may

6 file an individual response to the Third Party Master Complaint and Counterclaims,

7 but where possible Third Party Defendants and Counterclaim Defendants shall file

8 Master Response(s). Each Master Response shall be signed on behalf of or be

9 accompanied by a Notice of Adoption of Master Response for each participating

10 Third Party Defendant or Counterclaim Defendant.

11     **C.**    **Responsive Motions Based Upon Claims of Settlement**

12     Any Third Party Defendant that has entered into a settlement agreement with

13 some or all of the Plaintiffs may file a motion for a good faith settlement

14 determination or for approval of its settlement agreement for purposes of contribution

15 protection under the Comprehensive Environmental Response, Compensation and

16 Liability Act ("CERCLA") on or before August 17, 2004 instead of answering or

17 otherwise responding to the Master Third Party Complaint. Third Party Defendants

18 may file individual motions based on settlement agreement(s), but where possible

19 shall file a Master Motion based on settlement agreement(s). Each such Master

20 Motion shall be signed on behalf of or accompanied by a Notice of Adoption of the

21 Master Motion for each participating Third Party Defendant. Any motion based on a

22 settlement agreement shall be filed, served and briefed on the following schedule:

23     1.     Oppositions to motions filed on or before August 17, 2004 shall be filed,

24 and submitted for service to Verilaw by 5:00 p.m. on or before September 10, 2004;

25     2.     Replies to oppositions filed on or before August 17, 2004 shall be filed,

26 and submitted for service to Verilaw by 5:00 p.m. on or before October 1, 2004; and

27     3.     Such motions filed on or before August 17, 2004 shall be noticed for

28 hearing on Monday, November 1, 2004.

15

1       In the event that the Court does not grant any Third Party Defendant's motion

2   in whole based on a settlement agreement (*i.e.*, even if successful the motion would

3   resolve only certain, and not all claims against such Third Party Defendant), that

4   Third Party Defendant shall have fourteen (14) days from the date the Court denies

5   its motion to answer, plead or otherwise respond to the Third Party Master

6   Complaint.

7       Third Party Defendants that answer or move to dismiss the Master Third Party

8   Complaint by August 17, 2004 retain their rights to bring a later motion for a good

9   faith settlement determination or for approval of a settlement agreement under

10  CERCLA.

11  **VI.   PRETRIAL SCHEDULE AND CUT-OFF DATES**

12      In light of the addition of third parties, the Status and Trial Setting Conference

13  currently scheduled for September 8, 2004, is taken off calendar, as is the

14  requirement to file a Joint Status Report on September 1, 2004, and the current pre-

15  trial cut-off dates are extended.  A new pre-trial schedule is established for the time

16  being as set forth below.  These cut-off dates will be re-evaluated at the November

17  15, 2004, Status and Trial Setting Conference, including consideration of whether the

18  dates should be extended or vacated in light of the Court's rulings on the motions that

19  will be heard on November 1, 2004.[2]  The parties shall file a Joint Status Report on

20  November 8, 2004.

| | |
|---|---|
| Master Third Party Complaint: | July 9, 2004 |
| Last day to serve third party complaints filed on or about April 12, 2004: | July 27, 2004 |
| Responses to Master Third Party Complaint and Motions Based on | August 17, 2004 |

---

[2] Given the present uncertainties regarding the identity of the Third Party Defendants that will remain in the SEMOU Cases and the claims that will remain against them, the Court defers setting dates for third party expert disclosure and third party discovery cut-offs until the November 15, 2004 Status and Trial Setting Conference.

| | |
|---|---|
| Settlement Agreement(s): | |
| Initial Disclosures per Section IV.A above: | September 3, 2004 |
| Oppositions to Motions Responsive to Master Third Party Complaint and Motions Based on Settlement Agreement(s): | September 10, 2004 |
| Replies to Oppositions filed on September 10, 2004: | October 1, 2004 |
| Hearing on Motions Responsive to Master Third Party Complaint and Motions Based on Settlement Agreement(s): | 10:00 A.M., November 1, 2004 |
| Last day to file Joint Status Report: | November 8, 2004 |
| Status and Trial Setting Conference: | 11:00 A.M., November 15, 2004 |
| Non-Expert Discovery Cut-Off: | January 20, 2005 |
| Non-Expert Law & Motion Cut-Off: | February 7, 2005 |
| Plaintiffs' Expert Witness Disclosures: | February 9, 2005 |
| Defendants' Expert Witness Disclosures: | March 16, 2005 |
| Plaintiffs' Expert Rebuttal: | April 13, 2005 |
| Defendants' Expert Rebuttal: | May 13, 2005 |
| Expert Law & Motion Cut-Off: | May 25, 2005 |

IT IS SO ORDERED

_July 16, 2004_          _Audrey B. Collins_

[REVISED PROPOSED] CASE MANAGEMENT ORDER, CASE NOS. CV 02-6545; CV 02-6346; CV 02-6340; CV 02-5909

1

2   DATED: _____, 2004   _____

3                                    HON. AUDREY B. COLLINS
                                     United States District Court Judge
4

5

6
    SF 1037693 v3
7   7/2/04 3 02 PM (16297.0051)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[REVISED PROPOSED] CASE MANAGEMENT ORDER, CASE NOS. CV 02-6545; CV 02-6346; CV 02-6340; CV
02-5909

LAWRENCE A. HOBEL (Bar No. 73364)
NICHOLAS W. van AELSTYN (Bar No. 158265)
HELLER EHRMAN WHITE & MCAULIFFE LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: (415) 772-6000
Facsimile: (415) 772-6268

RONALD A. VALENZUELA (Bar No. 210025)
HELLER EHRMAN WHITE & MCAULIFFE LLP
601 South Figueroa Street, 40th Floor
Los Angeles, CA 90017-5658
Telephone: (213) 689-0200
Facsimile: (213) 614-1868

William E. Hvidsten (Bar No. 113030)
AEROJET-GENERAL CORPORATION
P.O. Box 13222
Sacramento, California 94111
Telephone (916) 351-8597

Attorneys for Defendant GENCORP, INC. and
Defendant and Third Party Plaintiff
AEROJET-GENERAL CORPORATION

SCANNED

# IN THE UNITED STATES DISTRICT COURT

1

DOCUMENT PREPARED
ON RECYCLED PAPER

16739:6391807.2

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN GABRIEL BASIN WATER QUALITY AUTHORITY,<br><br>Plaintiff,<br><br>v.<br><br>AEROJET-GENERAL CORPORATION, et al.,<br><br>Defendants. | Case No. CV-02-4565 ABC (RCx)<br><br>*[Consolidated for pre-trial purposes with Case Nos. CV-02-5909 ABC (RCx); CV-02-6346 ABC (RCx); and CV-02-6340 ABC (RCx)]*<br><br>[REVISED PROPOSED]<br>CASE MANAGEMENT ORDER<br><br>~~Date: June 28, 2004~~<br>~~Time: 11:00 a.m.~~<br>~~Dept: Courtroom 680~~<br>~~Judge: Hon. Audrey B. Collins~~ |

AND RELATED ACTIONS

| | |
|---|---|
| SAN GABRIEL VALLEY WATER COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>AEROJET-GENERAL CORPORATION, et al.,<br><br>Defendants. | Case No. CV-02-6346 ABC (RCx) |

AND RELATED ACTIONS

768827.1 [REVISED PROPOSED] CASE MANAGEMENT ORDER, CASE NOS. CV 02-6545; CV 02-6346; CV 02-6340; CV 02-5909

16739:6391807.2

DOCUMENT PREPARED
ON RECYCLED PAPER

| | Case No. CV-02-6340 ABC (RCx) |
|---|---|
| SOUTHERN CALIFORNIA WATER COMPANY,<br><br>     Plaintiff,<br><br>     v.<br><br>AEROJET-GENERAL CORPORATION, *et al.*,<br><br>     Defendants. | |
| AND RELATED ACTIONS | |
| | Case No. CV-02-5909 ABC (RCx) |
| CITY OF MONTEREY PARK,<br><br>     Plaintiff,<br><br>     v.<br><br>AEROJET-GENERAL CORPORATION, *et al.*,<br><br>     Defendants. | |
| AND RELATED ACTIONS | |

Pursuant to the provisions of Rule 16 of the Federal Rules of Civil Procedure, the Court finds that entry of this Order is necessary for the just and efficient resolution of this lawsuit and the effective management of this case.

## I.   SCOPE

This Case Management Order, and any additional pretrial case management orders entered in this proceeding shall apply to all of the following cases: (1) *San Gabriel Basin Water Quality Authority v. Aerojet-General Corp., et al.* (CV 02-4565 ABC (RCx)); (2) *City of Monterey Park v. Aerojet-General Corp., et al.* (CV 02-0509 ABC (RCx)); (3) *Southern California Water Co. v. Aerojet-General Corp., et al.* (CV 02-6340 ABC (RCx)); and (4) *San Gabriel Valley Water Co. v. Aerojet-*

33

*General Corp., et al.* (CV 02-6346 ABC (RCx)) (hereinafter referred to as the "SEMOU Cases").

On March 31, 2003, the Court ordered all four actions consolidated for all pretrial purposes, including discovery and law and motion. Such order does not constitute a determination that any of the coordinated actions should or should not be consolidated for trial, and does not have the effect of making any person or entity a party to an action in which he, she or it has not been named and served.

## II.    LIAISON COUNSEL

Due to the large number of parties involved in the SEMOU Cases, the Court finds the use of "Liaison Counsel" to be in the interests of justice and the efficient resolution of this case. One or more persons may occupy those positions and such persons may be changed from time to time, in accordance with the wishes of the parties for whom they are acting or upon the request of the Liaison Counsel who no longer wishes to occupy the position.

### A.    Plaintiffs' Liaison Counsel

Craig S. Bloomgarden and Brent G. Cheney
Steefel, Levitt & Weiss
550 South Hope Street, Suite 1665
Los Angeles, California 90071
Telephone: (213) 599-3400
Facsimile: (213) 599-3450

### B.    Defendants' Liaison Counsel[1]

James J. Dragna and Tiffany R. Hedgpeth
Bingham McCutchen LLP
355 South Grand Avenue, Suite 4400
Los Angeles, California 90071
Telephone: (213) 680-6400
Facsimile: (213) 680-6499

---

[1] For the purposes of this Order, the term "Defendants" is defined to include counsel for all defendants, as well as any defendant appearing pro se, that has appeared in the SEMOU Cases.

768827.1 [REVISED PROPOSED] CASE MANAGEMENT ORDER, CASE NOS. CV 02-6545; CV 02-6346; CV 02-6340; CV 02-5909

16739:6391807.2

**C.    Third Party Plaintiffs'[*] Liaison Counsel**

Nicholas W. van Aelstyn andRonald A. Valenzuela
Heller Ehrman White & McAuliffe LLP
333 Bush Street
San Francisco, California  94104
Telephone:  (415) 772-6000
Facsimile:  (415) 772-6268

**D.    ~~1st~~ Non-Water Entity Third Party Defendants' Liaison Counsel[21]**

~~Lisa Bond~~
~~Richards, Watson & Gershon~~
~~355 South Grand Avenue, 40th Floor~~
~~Los Angeles, California  90071~~

---

[2]  ~~For the purposes of this Order, the term "1st Non-Water Entity Third Party Defendants" is defined to include all third party defendants except for "2nd Non-Water Entity Third Party Defendants," as defined in footnote 3, infra, and "Third Party Water Entities," which is defined as the Main San Gabriel Basin Watermaster; Los Angeles County Department of Public Works; Metropolitan Water District of Southern California; and the Upper San Gabriel Valley Municipal Water District.  While the Third Party Complaints against the Third Party Water Entities are related, the four Third Party Water Entities are represented by two law firms.  Because having one liaison counsel for two firms is inefficient, all communications addressed to the Third Party Water Entities shall be made directly to their respective counsel, Frederic A. Fudacz of Nossaman, Guthner, Knox and Elliott, LLP located at 455 S. Figueroa Street 31st Floor, Los Angeles, CA 90071, and Mark Johnson of the Manatt, Phelps, and Phillips, LLP located at 695 Town Center Drive, 14th Floor, Costa Mesa, CA 92626.  In addition, Third Party Defendants La Victoria Foods, Inc., Clamp Mfg. Co., Inc., Edward H. Franzen as Trustee of the Franzen Trust, and Franzen Trust each will continue to be represented by their respective individual counsel and will not be members of a particular Liaison Counsel Group.~~

[1]  For the purposes of this Order, the term "Non-Water Entity Third Party Defendants" is defined to include the following named third party defendants: James Andruss, as Trustee of the Survivor's Trust UDT, dated September 22, 1987; APW North America, Inc., fka Zero Corporation; Electronic Solutions; Artistic Polishing & Plating, Inc.; Mona Sue Art, as Trustee of the Art 1981 Revocable Living Marital Deduction Trust; Mona Sue Art, as Trustee of the Art 1981 Revocable Living Exemption Trust; Cardco; Cardinal Industrial Finishes; Durham Family Limited Partnership; Durham Transportation, Inc.; Eemus Manufacturing Corp.; International Medication Systems, Ltd.; J.A.B. Holdings, Inc., f/k/a J.A. Bozung Company; Baerbel Janneberg, as Trustee of the Janneberg Trusts, f/k/a Servex Corp.; Gloria Jebbia, as Trustee of the Norf James Jebbia Testamentary Trust; Roc-Aire Corp.; Smittybilt, Inc.; and Southern California Edison.  Not included in this liaison counsel group are Third Party Defendants The City of South El Monte; La Victoria Foods, Inc.; Clamp Mfg. Co., Inc.; Edward H. Franzen as Trustee of the Franzen Trust, and Franzen Trust each of which will continue to be represented by their respective individual counsel.  Also not included in any liaison counsel group are the "Water Entity Third Party Defendants," which are defined as the Main San Gabriel Basin Watermaster; Los Angeles County Department of Public Works; Metropolitan Water District of Southern California; and the Upper San Gabriel Valley Municipal Water District.  While the Third Party Complaints against the Third Party Water Entities are related, the four Third Party Water Entities are represented by two law firms.  Because having one liaison counsel for two firms is inefficient, all communications addressed to the Third Party Water Entities shall be made directly to their respective counsel, Frederic A. Fudacz of Nossaman, Guthner, Knox and Elliott, LLP located at 455 S. Figueroa Street 31st Floor, Los Angeles, CA 90071, and Mark Johnson of the Manatt, Phelps, and Phillips, LLP located at 695 Town Center Drive, 14th Floor, Costa Mesa, CA 92626.

DOCUMENT PREPARED
ON RECYCLED PAPER

Telephone:  (213) 626-8484
Facsimile:  (213) 626-0078

**E.   2nd Non-Water Entity Third Party Defendants' Liaison Counsel**[3]

Michael A. Francis and Brian D. Langa
Demetriou, Del Guercio, Springer & Francis LLP
801 South Grand Avenue, 10th Floor
Los Angeles, CA 90017-4613
Telephone:  (213) 624-8407
Facsimile:  (213) 624-0174

**E.   F.   Duties of Plaintiffs²' Liaison Counsel**

Plaintiffs' Liaison Counsel shall have the following responsibilities:

1.   Maintain and distribute to all Plaintiffs' Counsel ("Plaintiffs") and to other Liaison Counsel and other counsel not included in any liaison group ("Other Counsel") up-to-date service information, including email addresses, for all Plaintiffs;

2.   Receive and, as necessary, distribute to all Plaintiffs orders from the Court and documents received from other Liaison Counsel and Other Counsel unless otherwise served on Plaintiffs through Verilaw;

3.   Keep all Plaintiffs informed of the substance of all meetings with the Court and with other Liaison Counsel and Other Counsel, and provide advance notice to all Plaintiffs of all Court meetings with Liaison Counsel and Other Counsel; and

4.   Communicate with the Court, other Liaison Counsel, Other Counsel, and all Plaintiffs regarding scheduling and other administrative and case management

---

[3]  For the purposes of this Order, the term "2nd Non-Water Entity Third Party Defendants" is defined to include the following named third party defendants:  James Andruss as Trustee of the Andruss Family Trust; Andruss Family Trust; James Andruss as Trustee of the Survivors Trust UDT, Dated September 22, 1987; Survivors Trust UDT, Dated September 22, 1987; APW North American, Inc., fka Zero Corporation and Electronic Solutions; Artistic Polishing & Plating, Inc.; Mona Sue Art as Trustee of the Art 1981 Revocable Living Marital Deduction Trust; Art 1981 Revocable Living Marital Deduction Trust; Mona Sue Art as Trustee of the Art 1981 Revocable Living Exemption Trust; Art 1981 Revocable Living Exemption Trust; Cardco; Cardinal Industrial Finishes; Durham Family Limited Partnership; Durham Transportation, Inc.; Eemus Manufacturing Corp.; International Medication Systems, Ltd.; J.A.B. Holdings, Inc., f/k/a J.A. Bozung Company; Baerbel Jannenberg as Trustee of the Janneberg Trusts, f/k/a Servex Corp.; Janneberg Trusts, f/k/a Servex Corp.; Gloria Jebbia as Trustee of the Norf James Jebbia Testamentary Trust; Norf James Jebbia Testamentary Trust; Roc-Aire Corp.; Smittybilt, Inc.; and Southern California Edison.

768827 . 1[REVISED PROPOSED] CASE MANAGEMENT ORDER, CASE NOS. CV 02-6545; CV 02-6346; CV 02-6340; CV 02-5909

16739;6391807 . 2

issues relating to these proceedings.

All communications between and amongst the respective Liaison Counsel and Other Counsel may be made through email.  Similarly, all communications between Plaintiffs' Liaison Counsel and Plaintiffs may be made through email.

**F.   G.   Duties of Defendants' Liaison Counsel**

Defendants' Court Liaison Counsel shall have the following responsibilities:

1.   Maintain and distribute to all Defendants and to, other Liaison Counsel and Other Counsel up-to-date service information, including email addresses, for all Defendants;

2.   Receive and, as necessary, distribute to all Defendants orders from the Court and documents received from other Liaison Counsel and Other Counsel unless otherwise served on Defendants through Verilaw;

3.   Keep all Defendants informed of the substance of all meetings with the Court and with other Liaison Counsel and Other Counsel, and provide advance notice to all Defendants of all Court meetings with Liaison Counsel and Other Counsel; and

4.   Communicate with the Court, other Liaison Counsel, Other Counsel and all Defendants regarding scheduling and other administrative and case management issues relating to these proceedings.

All communications between and amongst the respective Liaison Counsel and Other Counsel may be made through email.  Similarly, all communications between Defendants' Court Liaison Counsel and Defendants may be made through email.

**G.   H.   Duties of Third Party Plaintiffs' Liaison Counsel**

Third Party Plaintiffs' Liaison Counsel shall have the following responsibilities:

1.   Maintain and distribute to all Third Party Plaintiffs' Counsel and to, other Liaison Counsel and Other Counsel up-to-date service information, including email addresses, for all Third Party Plaintiffs;

2.   Receive and, as necessary, distribute to all Third Party Plaintiffs orders

7̶7̲

DOCUMENT PREPARED
ON RECYCLED PAPER

from the Court and documents received from other Liaison Counsel and Other Counsel unless otherwise served on Third Party Plaintiffs through Verilaw;

3.      Keep all Third Party Plaintiffs informed of the substance of all meetings with the Court and with other Liaison Counsel and Other Counsel, and provide advance notice to all Third Party Plaintiffs of all Court meetings with Liaison Counsel and Other Counsel; and

4.      Communicate with the Court, other Liaison Counsel, Other Counsel and all Third Party Plaintiffs regarding scheduling and other administrative and case management issues relating to these proceedings.

All communications between and amongst the respective Liaison Counsel and Other Counsel may be made through email.  Similarly, all communications between Third Party Plaintiffs' Liaison Counsel and Third Party Plaintiffs may be made through email.

### H.     ~~I.~~   Duties of ~~1st~~ Non-Water Entity Third Party Defendants' Liaison Counsel

~~1st~~ Non-Water Entity Third Party Defendants' Liaison Counsel shall have the following responsibilities:

1.      Maintain and distribute to all ~~1st~~ Non-Water Entity Third Party Defendants ~~and to~~, other Liaison Counsel and Other Counsel up-to-date service information, including email addresses, for all ~~1st~~ Non-Water Entity Third Party Defendants;

2.      Receive and, as necessary, distribute to all ~~1st~~ Non-Water Entity Third Party Defendants orders from the Court and documents received from other Liaison Counsel and Other Counsel unless otherwise served on ~~1st~~ Non-Water Entity Third Party Defendants through Verilaw;

3.      Keep all ~~1st~~ Non-Water Entity Third Party Defendants informed of the substance of all meetings with the Court and with other Liaison Counsel and Other Counsel, and provide advance notice to all ~~1st~~ Non-Water Entity Third Party

88

DOCUMENT PREPARED
ON RECYCLED PAPER

Defendants of all Court meetings with Liaison Counsel and Other Counsel; and

4. Communicate with the Court, other Liaison Counsel, Other Counsel and all 1st Non-Water Entity Third Party Defendants regarding scheduling and other administrative and case management issues relating to these proceedings.

All communications between and amongst the respective Liaison Counsel and Other Counsel may be made through email. Similarly, all communications between 1st Non-Water Entity Third Party Defendants' Liaison Counsel and 1st Non-Water Entity Third Party Defendants may be made through email.

### J. Duties of 2nd Non-Water Third Party Defendants' Liaison Counsel

2nd Non-Water Entity Third Party Defendants' Liaison Counsel shall have the following responsibilities:

1. Maintain and distribute to all 2nd Non-Water Entity Third Party Defendants and to other Liaison Counsel up-to-date service information, including email addresses, for all 2nd Non-Water Entity Third Party Defendants;

2. Receive and, as necessary, distribute to all 2nd Non-Water Entity Third Party Defendants orders from the Court and documents received from other Liaison Counsel unless otherwise served on 2nd Non-Water Entity Third Party Defendants through Verilaw;

3. Keep all 2nd Non-Water Entity Third Party Defendants informed of the substance of all meetings with the Court and with other Liaison Counsel, and provide advance notice to all 2nd Non-Water Entity Third Party Defendants of all Court meetings with Liaison Counsel; and

4. Communicate with the Court, other Liaison Counsel and all 2nd Non-Water Entity Third Party Defendants regarding scheduling and other administrative and case management issues relating to these proceedings.

All communications between and amongst the respective Liaison Counsel may be made through email. Similarly, all communications between 2nd Non-Water

DOCUMENT PREPARED — RECYCLED PAPER

16739:6391807-2

~~Entity Third Party Defendants' Liaison Counsel and 2nd Non-Water Entity Third Party Defendants may be made through email.~~

## I.   ~~K.~~   Reimbursement for Liaison Counsel

The Court recognizes that acting as Liaison Counsel places a burden and expense on those counsel, and that they are entitled to be reimbursed for the reasonable and necessary time spent and costs incurred in performing their duties as Liaison Counsel. Accordingly, from time to time, Liaison Counsel may petition the Court to be reimbursed by members of Liaison Counsel's respective group for the reasonable and necessary costs and fees that Liaison Counsel have incurred in acting as Liaison Counsel. The types of costs and fees for which Liaison Counsel may petition to be reimbursed are those which would not normally be incurred by counsel in litigation of this type and are solely related to services as Liaison Counsel.

## J.   ~~L.~~   Privileges Preserved

The Court recognizes that since the filing of the SEMOU Cases counsel for Defendants may have communicated and may in the future communicate with one another, exchange attorney work product, and cooperate and share costs, expenses and information in connection with the common defense of the SEMOU Cases; since the filing of the SEMOU Cases counsel for all Plaintiffs may have communicated and may in the future communicate with one another, exchange attorney work product, and cooperate and share costs, expenses and information in connection with the prosecution of the SEMOU Cases; since the filing of the SEMOU Cases counsel for Third Party Defendants may have communicated and may in the future communicate with one another, exchange attorney work product, and cooperate and share costs, expenses and information in connection with the common defense of third-party claims; since the filing of the SEMOU Cases counsel for all Water Entities (*i.e.*, Plaintiffs and the Water Entity Third Party Defendants) may have communicated and may in the future communicate with one another, exchange attorney work product, and cooperate and share costs, expenses and information in connection with the

~~10~~10

DOCUMENT PREPARED
ON RECYCLED PAPER
16739:6391807.2

defense of counterclaims and third-party claims; and since the filing of the SEMOU Cases counsel for some Defendants and some Third Party Defendants may have communicated and may in the future communicate with one another, exchange attorney work product, and cooperate and share costs, expenses and information in connection with the common defense of claims asserted by the Plaintiffs. The Court orders that such communications retain their character as attorney work product and are protected, and no waiver results from such exchanges between parties sharing common interests in this litigation. In addition, nothing herein shall be construed as limiting the rights of parties to assert in appropriate circumstances the attorney-client privilege, the attorney work product protection, the joint defense privilege or the common interest doctrine with respect to communications not addressed by this Order, including communications that occurred prior to the filing of the SEMOU Cases.

The fact of cooperation among groups of plaintiffs, defendants, and/or third party defendants for the purposes of coordinating discovery, trial, sharing counsel or otherwise minimizing expenses in this litigation shall not constitute evidence of conspiracy, concerted action or any other wrongful conduct, nor shall it constitute evidence of approval or ratification of any party's alleged wrongful conduct by any other party and shall not be communicated to the jury, if any.

## III.   SERVICE OF PLEADINGS AND ~~ORDERS~~ ORDER

### A.   Manner of Service

Except as set forth in Section V herein, documents that require service shall be served through Verilaw, pursuant to this Court's order dated November 13, 2003. In addition, pursuant to this Court's prior order consolidating these four cases for pre-trial purposes, any document served in any of these four consolidated cases shall be served through Verilaw by utilizing the "All Cases" option in Verilaw. Documents served through Verilaw are deemed personally served on all parties on the business day of transmission to Verilaw, if transmitted to Verilaw before 5 p.m., or the next

~~11~~11

business day if after that time.

**B.   Service Lists**

On or before July ~~6,~~9, 2004, Plaintiffs' Liaison Counsel shall file and serve a Master Service List of all parties that have appeared in the SEMOU Cases or whose counsel in the SEMOU Cases is otherwise known at this time, which also shall include the email address of their respective counsel.  In the event an existing party (i) changes or adds counsel, or (ii) causes a new party to be added to any of the SEMOU Cases, that party shall immediately notify ~~its~~ <u>Plaintiffs'</u> Liaison Counsel <u>(through the party's Liaison Counsel or its own counsel)</u> by email or otherwise in writing of the name and address of the new or additional counsel and/or party~~, which Liaison Counsel in turn shall notify Plaintiffs' Liaison Counsel immediately~~. Plaintiffs' Liaison Counsel shall then have sole responsibility to file an updated Master Service List with the Court and with Verilaw.

**C.   ~~Notices~~<u>Notice of Dismissals</u>**

Notice(s) of dismissal of any Defendant and/or Third Party Defendant that has represented that it is negotiating an ability-to-pay settlement with the United States and, based upon such representation, has entered into a tolling agreement with Plaintiffs and/or Third Party Plaintiffs, ~~have been or~~ may be filed without further leave of Court or stipulation of the parties<u>.  Such dismissals that previously were filed are deemed filed with leave of Court</u>.

**IV.   GENERAL PROVISIONS REGARDING DISCOVERY**

**A.   Initial Disclosures**

Each party that has not yet made its Initial Disclosures shall serve them on or before ~~August 24, 2004, unless the Court orders the discovery stay requested by the Water Entity Third Party Defendants.~~<u>September 3, 2004.</u>  In addition, on or before ~~August 24,~~<u>September 3,</u> 2004, each ~~third-party plaintiff~~<u>Third Party Plaintiff</u> shall serve a supplement to the Initial Disclosures it previously made in its capacity as a defendant (with its original Initial Disclosures attached as an exhibit), to address the

~~12~~12

CUMENT PREPARED
I RECYCLED PAPER

16739:6391807.2

allegations in its third- party complaint(s).

### B.   Document Labeling

Unless the parties have agreed or agree otherwise, the following shall control the production of documents in the SEMOU Cases: A uniform system of document numbering/identification shall be established for all document productions and depositions.  This uniform system shall be used for all purposes in the SEMOU Cases, including identification of exhibits supporting motions and trial.  Counsel shall assign unique Bates numbers to each page of each document produced during the course of this litigation.  For documents produced after the date of this Order, each produced document shall have a prefix consisting of alphabetic characters followed by numerical characters.  The alphabetic characters should identify the source of the document with as much specificity as possible.  This same numbering system will apply to documents obtained from third parties by subpoena to the extent practical, and the party issuing the subpoena has the responsibility to ensure that the documents are properly labeled.  Liaison Counsel and Other Counsel shall meet and agree upon or confirm pre-assignment to the parties in this litigation of alphabetic prefixes.  Exhibits filed with the Court shall be Bates numbered using the prefixes agreed upon by Liaison Counsel and Other Counsel such that the source of the document may be identified.

### C.   Inadvertent Production of Privileged or Confidential Information

**1.**   ~~1.~~   Inadvertent Production of Privileged Information

If a party inadvertently produces information or documents that it considers privileged or protected from disclosure, in whole or in part, or learns of the production of privileged or protected material by a third person, the party asserting that an inadvertent production has occurred must, within 30 days of the date of discovery of the inadvertent production, give notice to all parties in the SEMOU Cases that the party claims the document, in whole or in part, to be privileged or protected from disclosure.  In addition, the notice must state the nature of the

768827.1[REVISED PROPOSED] CASE MANAGEMENT ORDER, CASE NOS. CV 02-6545; CV 02-6346; CV 02-6340; CV 02-5909

16739.6391807.2

privilege or protection and the factual basis for asserting it. All parties shall within thirty (30) days, either (1) return the produced copy and any other copies in their possession or control, including any copies that may have been provided to a party's clients, experts or insurers, to the party asserting inadvertent production, or (2) provide written assurance to such party that all such copies have been destroyed. If any party disputes that the subject document is privileged or protected from disclosure, or disputes that the waiver was inadvertent, that party may move to compel the production of the subject document.

### 2. 2. Inadvertent Production of Confidential Information

If a party inadvertently produces documents or information that it considers to be governed by the August 12, 2003 Protective Order issued by the Honorable Rosalyn M. Chapman in the SEMOU Cases (the "Protective Order") and that does not bear the appropriate designation as provided in paragraph 8 of the Protective Order, the party asserting that an inadvertent production of "Confidential Information" has occurred must, within 30 days of the date of discovery of the inadvertent production:

  a.   give notice to all parties in the SEMOU Cases that the party claims the document, in whole or in part, to be Confidential Information; and

  b.   provide copies of the documents or information, appropriately marked as Confidential Information as provided in paragraph 8 of the Protective Order, to the party to whom the information was inadvertently produced.

All parties shall, within thirty (30) days of receipt of the notice provided for under section IV(C)(2)(a) above, provide written assurance to the party providing such notice that it has completely destroyed the inadvertently produced copy and any other copies in their possession or control, including any copies that may have been provided to a party's clients, experts or insurers, to the party asserting inadvertent production.

14 14

### D.   Misdirected ~~Communication~~Communications or Documents

The recipient of any misdirected attorney-client or other privileged communication or work product, outside the ordinary course of discovery, has an affirmative duty to notify the sender of such occurrence and return the privileged communication or document to its sender.  The same procedures outlined above for Inadvertent Production of Privileged Information shall apply to this section.

### E.   Prior Discovery Production to Newly Added Parties

Liaison Counsel and Other Counsel for the various third parties will be provided with copies of the initial disclosures and previously produced discovery not otherwise available on Verilaw (if not otherwise produced as an exhibit to the Supplemental Initial Disclosures as set forth in Paragraph IV.A. above).  Liaison Counsel and Other Counsel shall coordinate and work in good faith to create a schedule and mechanism to address this production and the cost thereof.

### F.   Proposed Discovery and Discovery Motions

The parties are unable to agree upon what procedures, if any, should be adopted to minimize discovery disputes and discovery motion practice, and thus present the following alternatives for such procedures for the Court's consideration.

#### 1.   Alternative One (Proposed by the Siegels)

The parties in the SEMOU Cases shall comply with the Federal Rules of Civil Procedure and all applicable local rules when propounding and responding to discovery served in these actions.

#### 2.   Alternative Two (Proposed by All Other Parties)

In an effort to minimize discovery disputes and discovery motion practice, counsel shall exchange, and meet and confer over, proposed discovery before it is served. In the event counsel are unable to resolve objections to the proposed discovery within ten days after it is exchanged, the discovery may be served (and responded to in the ordinary course with all objections preserved) or counsel may

~~DOCUMENT PREPARED~~
~~ON RECYCLED PAPER~~

seek to schedule a telephonic or other conference with Magistrate Judge Chapman to assist them in attempting to resolve the objections before the discovery is served. Regardless, before any motion to compel discovery is filed, counsel, in addition to meeting and conferring as required by the Federal Rules of Civil Procedure and applicable local rules, shall seek to schedule a telephonic or other conference with Magistrate Judge Chapman to assist them in attempting to resolve the dispute without the need for the filing of a motion. Counsel shall comply with the Federal Rules of Civil Procedure and all applicable local rules governing discovery in all other respects.

The "counsel" referred to in the preceding paragraph are the counsel for the propounding and responding parties, and not Liaison Counsel, although counsel for the propounding and responding parties may solicit the involvement of Liaison Counsel if either believes Liaison Counsels' involvement would facilitate resolution of the objections/disputes.

## V.   THIRD PARTY LITIGATION

### A.   ~~Proposed~~ Master Third Party Complaint and Counterclaims

A ~~proposed~~ single Master Third Party Complaint and Counterclaims shall be filed and served on or before July ~~6~~,9, 2004, for the ~~four cases~~SEMOU Cases, *i.e.*, a single Master Third Party Complaint and Counterclaims will encompass all Third Party Plaintiffs' claims and counterclaims filed on or after April 12, 2004, in each of the four cases identified as Case No. CV 02-4565, Case No. CV 02-5909, Case No. CV 02-6340, and Case No. CV 02-6346. The filing of a single Master Third Party Complaint and Counterclaims is required to serve the purposes of judicial efficiency and economy only and shall not modify or expand the Court's prior order consolidating the SEMOU Cases for pre-trial purposes only.

Having previously filed third-party claims on or after April 12, 2004, against Plaintiffs San Gabriel Valley Water Company, Southern California Water Company, and the City of Monterey Park ("Water Purveyor Plaintiffs") and others, but having

not filed counterclaims against the Water Purveyor Plaintiffs, Quaker Chemical Corporation and Multi-Chemical Products, Inc. may join in the counterclaims in the Master Third Party Complaint and Counterclaims that mirror their previously filed third-party claims against the Water Purveyor Plaintiffs.

**B.**   ~~Proposed~~ **Service of and Responses to the Master Third Party Complaint and Counterclaims**

The ~~parties can not agree upon the procedures for service of and responses to the~~ Master Third Party Complaint ~~and Counterclaims and thus present the following alternatives for such procedures for the Court's consideration and discussion at the June 28 status conference:~~

~~1.     **2nd Non-Water Entity Third Party Defendants' Proposal**~~

~~The Master Third Party Complaint and Counterclaims will be deemed to~~ _and Counterclaims will be deemed to_ be an amended ~~Third Party~~ _Third Party_ Complaint with respect ~~to~~ _to_ each ~~of the Third Party~~ _of the Third Party_ Complaints previously filed on or after April 12, ~~2004, provided such Third Party Complaints were filed and served in accordance with the Federal Rules of Civil Procedure, applicable local rules and this Court's orders, and will become the operative complaint and~~ _2004 and will become the operative complaint and_ counterclaims ~~for~~ _for_ each ~~Third Party~~ _Third Party_ Plaintiff identified therein with respect ~~to the Third Party~~ _to the Third Party_ Plaintiff's claims ~~and counterclaims against Third Party Defendants and Plaintiffs identified therein.~~

_and counterclaims against Third Party Defendants and Counterclaim Defendants identified therein.  Pursuant to the Stipulation and Court's Order entered on the record at the June 28, 2004 status conference in this matter, any Third Party Complaint not served prior to July 27, 2004 in accordance with the Federal Rules of Civil Procedure, applicable local rules and this Court's orders, is dismissed._

Service ~~of the Third Party Master Complaint and Counterclaims~~ _of the Master_

DOCUMENT PREPARED ~~ON RECYCLED PAPER~~

Third Party Complaint and Counterclaims may be effected via Verilaw ~~provided the Third Party Complaints and Counterclaims~~ provided that the Third Party Complaints and Counterclaims previously filed on or after April 12, ~~2004, were filed and served on Third Party Defendants and Plaintiffs in~~ 2004, were filed and served by July 27, 2004 on Third Party Defendants and Plaintiffs in accordance with the Federal Rules ~~of~~ of Civil Procedure, applicable local rules ~~and this Court's~~ and this Court's orders.

By August ~~10, 2004, or within twenty-one days of the service of all filed Third Party Complaints, or within twenty-one days of the final dismissal of all unserved Third Party Complaints for failure to effectuate service, whichever is later, each Third Party Defendant and~~ 17, 2004, each Third Party Defendant and each Counterclaim Defendant identified in ~~the Third Party Master~~ the Master Third Party Complaint ~~and Counterclaims~~ and Counterclaims shall file ~~and serve via~~ and submit for service to Verilaw a response to ~~the Third Party Master Complaint and Counterclaims.  Each Third Party~~ the Master Third Party Complaint and Counterclaims.  Each Third Party Defendant ~~and Counterclaim~~ and Counterclaim Defendant may file an individual response to ~~the Third Party Master Complaint and Counterclaims, or, in the alternative, Third Party Defendants and Counterclaim Defendants may~~ the Third Party Master Complaint and Counterclaims, but where possible Third Party Defendants and Counterclaim Defendants shall file Master Response(s). Each Master Response~~(s), provided that each Master Response is~~ shall be signed on behalf ~~of or is~~ of or be accompanied by a Notice ~~of~~ of Adoption ~~of Master Response for each participating Third Party Defendant or Counterclaim Defendant.~~

### 2.    Plaintiffs' Proposal

~~The Master Third Party Complaint and Counterclaims will be deemed to be an amended Third Party Complaint with respect to each of the Third Party Complaints previously filed on or after April 12, 2004, provided such Third Party Complaints~~

DOCUMENT PREPARED
J-RECYCLED PAPER

were filed in accordance with the Federal Rules of Civil Procedure, applicable local rules and this Court's orders, and will become the operative complaint and counterclaims for each Third Party Plaintiff identified therein with respect to the Third Party Plaintiff's claims and counterclaims against Third Party Defendants and Plaintiffs identified therein.

Service of the Third Party Master Complaint and Counterclaims may be effected via Verilaw provided the Third Party Complaints and Counterclaims previously filed on or after April 12, 2004, were served on Third Party Defendants and Plaintiffs in accordance with the Federal Rules of Civil Procedure, applicable local rules and this Court's orders. Otherwise, the Third Party Complaint and Counterclaims shall be served in accordance with the Federal Rules of Civil Procedure and applicable local rules.

By August 10, 2004, each Third Party Defendant and each Counterclaim Defendant identified in the Third Party Master Complaint and Counterclaims shall file and serve via Verilaw a response to the Third Party Master Complaint and Counterclaims with which it has been served on or before July 21, 2004. Each Third Party Defendant and Counterclaim Defendant may file an individual response to the Third Party Master Complaint and Counterclaims, or, in the alternative, Third Party Defendants and Counterclaim Defendants may file Master Response(s), provided that each Master Response is signed on behalf of or is accompanied by a Notice of Adoption of Master Response for each participating Third Party Defendant or Counterclaim Defendant.

As to each Third Party Master Complaint and Counterclaims served after July 21, 2004, each Third Party Defendant or Counterclaim Defendant shall respond as follows: No later than twenty days following service, such Third Party Defendant or Counterclaim Defendant may file an answer or reply to counterclaim, or may file and serve a Notice of Adoption of Master Response without further briefing, or may file

~~and serve a motion attacking service of process.~~ of Master Response for each participating Third Party Defendant or Counterclaim Defendant.

### C. Responsive Motions Based Upon Claims of Settlement

Any Third Party Defendant that has entered into a settlement agreement with some or all of the Plaintiffs may file a motion for a good faith settlement determination or for approval of its settlement agreement for purposes of contribution protection under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA") on or before August ~~10,~~17, 2004 instead of answering or otherwise responding to the Master Third Party Complaint. ~~Any such~~Third Party Defendants may file individual motions based on settlement agreement(s), but where possible shall file a Master Motion based on settlement agreement(s). Each such Master Motion shall be signed on behalf of or accompanied by a Notice of Adoption of the Master Motion for each participating Third Party Defendant. Any motion based on a settlement agreement shall be filed, served and briefed on the following schedule:

1. Oppositions to motions filed on or before August ~~10,~~17, 2004 shall be filed, and submitted for service to Verilaw by 5:00 p.m. on or before ~~August 25,~~September 10, 2004;

2. Replies to oppositions filed on or before August ~~25,~~17, 2004 shall be filed, and submitted for service to Verilaw by 5:00 p.m. on or before ~~September 9,~~October 1, 2004; and

3. Such motions filed on or before August ~~10,~~17, 2004 shall be noticed for hearing on Monday, ~~September 27,~~November 1, 2004.

In the event that the Court does not grant any Third Party Defendant's motion in whole based on a settlement agreement (*i.e.*, even if successful the motion would resolve only certain, and not all claims against such Third Party Defendant), that Third Party Defendant shall have fourteen (14) days from the date the Court denies its motion to answer, plead or otherwise respond to the Third Party Master

~~20~~20

DOCUMENT PREPARED
-RECYCLED PAPER

Complaint.

Third Party Defendants that answer or move to dismiss the Master Third Party Complaint by August ~~10,~~17, 2004 retain their rights to bring a later motion for a good faith settlement determination or for approval of a settlement agreement under CERCLA.

D. ~~Water   Entity   Third   Party   Defendants'   Discovery   and   Case Management Issues~~

~~The   Court   acknowledges   that   Water   Entity   Third   Party   Defendants,   which includes Plaintiffs SGVWC, SCWC, and CMP, seek (1) to stay discovery that may be   propounded   on   them   by   Third   Party   Plaintiffs   during   the   pendency   of   their motions to dismiss; and (2) should any claims against the Water Entity Third Party Defendants remain following their motions to dismiss, some or all of the Water Entity Third Party Defendants intend to seek to bifurcate discovery so that causation and liability are established as to them before all other issues.   Third Party Plaintiffs oppose the stay of discovery and any request to bifurcate discovery.   The Court may issue a separate order and permit briefing to address these issues as appropriate.~~

## VI.   ~~PRE-TRIAL~~PRETRIAL SCHEDULE AND CUT-OFF DATES

In light of the addition of third parties, the Status and Trial Setting Conference currently scheduled for September 8, 2004, is taken off calendar, as is the requirement to file a Joint Status Report on September 1, 2004, and the current pre-trial cut-off dates are extended ~~and a~~. A new pre-trial schedule is established for the time being as set forth below.  These cut-off dates will be re-evaluated at the ~~October 25,~~November 15, 2004, Status and Trial Setting Conference, including consideration of whether the dates should be extended or vacated in light of the Court's rulings on the motions that will be heard on ~~September 27, 2004.[4]~~November 1, 2004.[2]  The

---

[4]  ~~Given the present uncertainties regarding the identity of the Third Party Defendants that will remain in the SEMOU Cases and the claims that will remain against them, the parties propose delaying setting dates for third party expert disclosure and third party discovery cut-offs until the October 25, 2004 Status and Trial Setting Conference.~~

DOCUMENT PREPARED
IN RECYCLED PAPER

SCANNED

parties shall file a Joint Status Report on November 8, 2004.

Master Third Party Complaint:                               July 6, 2004

Responses to Master Third Party Complaint:          August 10, 2004

Initial Disclosures per Section IV.A above:             August 24, 2004

Oppositions to Motions Responsive to Master Third Party Complaint:

                                                                          August 25, 2004

Replies to Oppositions filed on August 25, 2004:        September 9, 2004

Hearing on Motions Responsive to Master Third Party Complaint:

                                                        10:00 A.M., September 27, 2004

Last day to file Joint Status Report:                         October 18, 2004

Status and Trial Setting Conference:          10:00 A.M., October 25, 2004

Non-Expert Discovery Cut-Off:                             January 20, 2005

Non-Expert Law & Motion Cut-Off:                        February 2, 2005

---

[2] Given the present uncertainties regarding the identity of the Third Party Defendants that will remain in the SEMOU Cases and the claims that will remain against them, the Court defers setting dates for third party expert disclosure and third party discovery cut-offs until the November 15, 2004 Status and Trial Setting Conference.

DOCUMENT PREPARED
ON RECYCLED PAPER

Plaintiffs' Expert Witness Disclosures:                    February 9, 2005

Defendants' Expert Witness Disclosures:                   March 16, 2005

Plaintiffs' Expert Rebuttal:                              April 13, 2005

Defendants' Expert Rebuttal:                             May 13, 2005

Expert Law & Motion Cut-Off:                            May 25, 2005

| | |
|---|---|
| Master Third Party Complaint: | July 9, 2004 |
| Last day to serve third party complaints filed on or about April 12, 2004: | July 27, 2004 |
| Responses to Master Third Party Complaint and Motions Based on Settlement Agreement(s): | August 17, 2004 |
| Initial Disclosures per Section IV.A above: | September 3, 2004 |
| Oppositions to Motions Responsive to Master Third Party Complaint and Motions Based on Settlement Agreement(s): | September 10, 2004 |
| Replies to Oppositions filed on September 10, 2004: | October 1, 2004 |
| Hearing on Motions Responsive to Master Third Party Complaint and Motions Based on Settlement Agreement(s): | 10:00 A.M., November 1, 2004 |
| Last day to file Joint Status Report: | November 8, 2004 |

768827.1[REVISED PROPOSED] CASE MANAGEMENT ORDER, CASE NOS. CV 02-6545; CV 02-6346; CV 02-6340; CV 02-5909

16739:6391807.2

| Status and Trial Setting Conference: | 11:00 A.M., November 15, 2004 |
|---|---|
| Non-Expert Discovery Cut-Off: | January 20, 2005 |
| Non-Expert Law & Motion Cut-Off: | February 7, 2005 |
| Plaintiffs' Expert Witness Disclosures: | February 9, 2005 |
| Defendants' Expert Witness Disclosures: | March 16, 2005 |
| Plaintiffs' Expert Rebuttal: | April 13, 2005 |
| Defendants' Expert Rebuttal: | May 13, 2005 |
| Expert Law & Motion Cut-Off: | May 25, 2005 |

IT IS SO ORDERED

~~DATED: June ____, 2004~~

DATED: _____, 2004

HON. AUDREY B. COLLINS
United States District Court Judge

SF 1037693 v3
7/2/04 3.01 PM (16297.0051)

~~The Hon. Audrey B. Collins~~

~~UNITED STATES DISTRICT COURT JUDGE~~

2424

)CUMENT=PREPARED
I-RECYCLED PAPER

16739-6391807-2

SCANNED

**IN RE: SEMOU CASE NO.**

**CV 02-4565 ABC (RCx) ; CV 02-5909 ABC (RCx);**

**CV-02-6346 ABC (RCX); and CV 02-6340 ABC (RCx)**

<u>PROOF OF SERVICE THROUGH VERILAW TECHNOLOGIES, INC.</u>

I, Leslie Gonzales, the undersigned, hereby declare as follows:

1. I am over the age of 18 years and am not a party to these cases. I am employed by Heller Ehrman White & McAuliffe LLP in the City of Los Angeles, State of California.

2. My business address is 601 S. Figueroa Street, 40th Floor, Los Angeles, CA 90017.

3. On July 2, 2004, I served a copy of the attached document:

# [REVISED PROPOSED] CASE MANAGEMENT ORDER

a. _X_ Posting it directly on the Verilaw Technologies, Inc. website http://vserve.vlaw.verilaw.com at approximately 3:00 p.m. local time.

b. ___ By sending it via facsimile transmission to Verilaw Technologies, Inc. at the fax number **(887) 667-3549** at approximately _____ a.m./p.m. local time.

c. ___ By placing it in an addressed, sealed envelope clearly labeled to **Verilaw Technologies, Inc., 400 E. Lancaster Avenue, Ste. 300, Wayne, PA 19067** and causing it to be deposited with either United Parcel Service by overnight delivery or the United States Postal Service on that date following my firm's ordinary business practices.

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct. Executed on July 2, 2004, at Los Angeles, California.

[Original Signature on File at the Offices of Heller Ehrman White & McAuliffe LLP]

Leslie Gonzales

Heller
Ehrman
White &
McAuliffe LLP