UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN GABRIEL BASIN WATER QUALITY AUTHORITY,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>AEROJET-GENERAL CORPORATION, et al.,<br><br>　　　　Defendants, | Case No. CV 02-4565 ABC (RCx)<br><br>**[~~PROPOSED~~] FINAL JUDGMENT REGARDING THE TONKS PARTIES PURSUANT TO FRCP 54(b)** |
| SAN GABRIEL VALLEY WATER COMPANY,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>AEROJET-GENERAL CORPORATION, et al.,<br><br>　　　　Defendants, | Date Action Filed: October 28, 2002<br>Trial Date: None<br>Judge: Hon. Audrey B. Collins |
| SOUTHERN CALIFORNIA WATER COMPANY,<br><br>　　　　Plaintiff,<br><br>AEROJET-GENERAL CORPORATION, et al.,<br><br>　　　　Defendants. | |

-1-

2465/028082-0001
1166868.4 a10/19/11

Case No. CV 02-4565 ABC (RCx)
[PROPOSED] FINAL JUDGMENT

| | |
|---|---|
| CITY OF MONTEREY PARK,<br><br>      Plaintiff,<br><br>vs.<br><br>AEROJET-GENERAL CORPORATION, et al.,<br><br>      Defendants. | |
| AND ALL RELATED MATTERS | |

On August 19, 2011, the Motion for Good Faith Settlement Determination and Entry of Final Judgment ("Motion") of Defendant Tonks Properties, Roy Tonks and the Estate of Don Tonks and as personal representative of Janet M. Tonks (collectively, the "Tonks"), was submitted by the Tonks, with the Motion seeking the approval by this Court of a Settlement Agreement (hereafter, "Settlement" or "Settlement Agreement") and the Water Entity Plaintiffs in this case, *i.e.,* the San Gabriel Basin Water Quality Authority ("WQA"), the Golden State Water Company, which is formerly known as the Southern California Water Company ("GSWC"), the San Gabriel Valley Water Company ("SGVWC") and the City of Monterey Park ("City") (the Plaintiffs in the above-captioned lawsuits are hereafter collectively referred to as the "Water Entities").  On August 23, 2011, the Court approved the Motion signed the Order Approving Settlement Regarding the Tonks Parties as Being in Good Faith and Imposing Bar of Claims (the "Order").

The Court, having found the Settlement Agreement to be fair, reasonable, and in good faith, and having issued an order thereon, pursuant to federal common law and California Code of Civil Procedure sections 877 and 877.6 barring past, present, or future claims by potentially responsible parties who are joint tortfeasors or co-obligors against any or all the Tonks for contribution, equitable comparative

contribution, cost recovery, or full, partial or comparative indemnity arising out of or relating to or concerning the matters addressing the Settlement or in the South El Monte Operable Unit ("SEMOU") cases, and having thereafter issued the stipulated order proposed by the Tonks and the Water Entities in the *SEMOU Cases* (*San Gabriel Basin Water Quality Authority v. Aerojet-General Corp., et al.*, Case Number CV 02-4565 ABC (RCx); *City of Monterey Park v. Aerojet-General Corporation, et al.*, Case Number CV 02-5909 ABC (RCx); *Southern California Water Company v. Aerojet-General Corporation, et al.*, Case Number CV 02-6340 ABC (RCx); and *San Gabriel Valley Water Company v. Aerojet-General Corporation, et al.*, Case Number CV 02-6346 ABC (RCx)), hereby issues this final Judgment involving the Tonks under Federal Rule of Civil Procedure ("FRCP") 54(b) as follows:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. Judgment is hereby entered in accordance with the Findings of Fact and Conclusions of Law as set forth in this Court's Order Approving the Settlement Agreement between the Tonks and the Water Entities and imposing the Bar Order as referenced above, and in accordance with this Court's entry of the above-referenced Stipulated Order.

2. Judgment is hereby entered under Rule 54(b) because there is "no just reason for delay" for the following reasons:

   (a) Judgment fully resolves all claims pleaded by and against the Tonks;

   (b) Judgment will have the benefit of streamlining the litigation by dismissing several parties, which is especially important given the size and complexity of the *SEMOU Cases*;

   (c) Judgment will reduce litigation expenses for the parties;

   (d) Judgment advances the remedial objectives of CERCLA.

3. There is no prevailing party and each party shall bear their own costs

and attorneys fees.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: October 21, 2011

_____
Honorable Audrey B. Collins
United States District Judge