Ignacia S. Moreno
Assistant Attorney General
Environment and Natural Resources Division
LORI JONAS
E-mail: lori.jonas@usdoj.gov
State Bar No. 158268
GABRIEL ALLEN
Environmental Enforcement Section
Environmental & Natural Resources Division
United States Department of Justice
P.O. Box 7611, Washington, D.C. 20044-7611
Telephone: (202) 514-4080
Attorneys for Plaintiff United States of America

KAMALA D. HARRIS
Attorney General of the State of California
SALLY MAGNANI
Senior Assistant Attorney General
BRIAN HEMBACHER
Supervising Deputy Attorney General
ANN RUSHTON
Deputy Attorney General
State Bar No. 62597
E-mail: Ann.Rushton@doj.ca.gov
Deputy Attorney General
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Telephone: (213) 897-0473; Fax: (213) 897-2802

[Additional Counsel listed on the next page]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL, <br><br> Plaintiffs, <br><br> v. <br><br> SEACHROME CORPORATION, *et al.*, <br><br> Defendants. | CIV. NO. : CV 02-4565 ABC (JCx) <br><br> **PARTIAL CONSENT DECREE** [Consent Decree with Linderman Living Trust A and Rush Street Properties, LLC] <br><br> [consolidated for pretrial and trial purposes with CV 11-0382 ABC (JCx); CV 02-5909ABC (JCx); CV 02-6350 ABC (JCx); CV 02-6346 ABC (JCx)] |

1

2   TIMOTHY D. MCCOLLUM
    BRADLEY BUNCH
3   Attorneys for Linderman Living Trust A and Rush Street Properties, LLC
    36913 River Belle Lane
4   Tollhouse, CA 93667
    Telephone (559) 855-5546
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# I.  BACKGROUND

A.    The United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), and the California Department of Toxic Substances Control ("DTSC"), filed a complaint in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9607, as amended ("CERCLA"), seeking reimbursement of response costs incurred or to be incurred for response actions taken or to be taken at or in connection with the release or threatened release of hazardous substances at the South El Monte Operable Unit (the "Site") of the San Gabriel Valley Area 1 Superfund Site in South El Monte,  Los Angeles County, California.

B.    The Settling Defendants, as defined below, that have entered into this Consent Decree do not admit any liability to Plaintiffs arising out of the transactions or occurrences alleged in the complaint.

C.    The decision by EPA on the remedial action to be implemented at the Site is embodied in an Interim Record of Decision ("IROD"), executed on September 29, 2000.  The IROD includes a responsiveness summary to the public comments. Notice of the final plan was published in accordance with Section 117(b) of CERCLA. The IROD is attached as Appendix A.

D.    EPA issued an Explanation of Significant Differences ("ESD") on November 10, 2005, addressing certain additional contaminants at the Site.  The ESD is attached as Appendix B.

E.    The San Gabriel Basin Water Quality Authority ("WQA"), City of Monterey Park, Golden State Water Company, and San Gabriel Valley Water Company (collectively, the "Water Entities") have agreed to perform the funded portions of the IROD Work and the ESD Work, subject to the terms and conditions of the executed agreement between EPA and WQA regarding the Water Entities'

1

2   continued performance of this IROD Work and the ESD Work ("Cooperative

3   Agreement").

4         F.     The United States has reviewed the Financial Information submitted by

5   the Settling Defendants to determine whether the Settling Defendants are financially

6   able to pay response costs incurred and to be incurred at the Site. Based upon this

7   Financial Information, the United States has determined that the Settling Defendants

8   are able to pay the amounts required under this Consent Decree.

9         G.     This Consent Decree is captioned a "Partial Consent Decree" because

10   there are remaining parties in the case.

11         H.     The United States, DTSC, and Settling Defendants agree, and this Court

12   by entering this Consent Decree finds, that this Consent Decree has been negotiated

13   by the Parties in good faith, that settlement of this matter will avoid prolonged and

14   complicated litigation among the Parties, and that this Consent Decree is fair,

15   reasonable, and in the public interest.

16         THEREFORE, with the consent of the Parties to this Decree, it is ORDERED,

17   ADJUDGED, AND DECREED:

18                          **II. JURISDICTION**

19         1.     This Court has jurisdiction over the subject matter of this action pursuant

20   to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has

21   personal jurisdiction over Settling Defendants. Settling Defendants consent to and

22   shall not challenge entry of this Consent Decree or this Court's jurisdiction to enter

23   and enforce this Consent Decree.

24                         **III. PARTIES BOUND**

25         2.     This Consent Decree is binding upon the United States, DTSC, and upon

26   the Settling Defendants and their heirs, successors and assigns. Any change in

27   ownership or corporate or other legal status, including, but not limited to, any transfer

28

-4-

of assets or real or personal property, shall in no way alter the status or responsibilities of Settling Defendants under this Consent Decree.

## IV.  **DEFINITIONS**

3.     Unless otherwise expressly provided herein, terms used in this Consent Decree which are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or in any Appendix attached hereto, the following definitions shall apply:

a.     "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, *et seq.*

b.     "Consent Decree" shall mean this Consent Decree and all Appendices attached hereto.  In the event of conflict between this Consent Decree and any Appendix, this Consent Decree shall control.

c.     "DTSC" shall mean the California Department of Toxic Substances Control and any successor departments, agencies, or instrumentalities.

d.     "Day" shall mean a calendar day.  In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

e.     "DOJ" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States.

f.     "Effective Date" shall mean the date on which this Consent Decree is entered by the Court as recorded on the Court docket, or, if the Court instead issues an order approving the Consent Decree, the date such order is recorded on the Court docket.

g.     "EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies or instrumentalities of the United States.

1

2        h.    "EPA Hazardous Substance Superfund" shall mean the Hazardous

3  Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

4        I.    "ESD Work" shall mean all activities that implement the additional

5  interim remedial measures described in the ESD.  The "ESD Work" does not include

6  the "IROD Work."

7        j.    "Explanation of Significant Differences" or "ESD" shall mean the

8  Explanation of Significant Differences relating to the treatment of certain

9  contamination at the Site, issued by EPA on November 10, 2005.

10        k.    "Financial Information" shall mean those financial documents identified

11  in Appendix D.

12        l.    "Interim Record of Decision" or "IROD" shall mean the EPA Interim

13  Record of Decision relating to the Site signed on September 29, 2000 by the Regional

14  Administrator, EPA Region IX, or his/her delegate, and all attachments thereto.

15        m.    "Interest" shall mean interest at the rate specified for interest on

16  investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. §

17  9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C.

18  § 9607(a).  The applicable rate of interest shall be the rate in effect at the time the

19  interest accrues.  The rate of interest is subject to change on October 1 of each year.

20        n.    "IROD Work" shall mean all activities that implement the interim

21  remedy (addressing containment of the intermediate zone groundwater contamination

22  present in the northwestern part of the Site) described in the IROD.  The "IROD

23  Work" does not include the "ESD Work."

24        o.    "Paragraph" shall mean a portion of this Consent Decree identified by an

25  Arabic numeral or an upper or lower case letter.

26        p.    "Parties" shall mean the United States, DTSC, and the Settling

27  Defendants.

28        q.    "Plaintiffs" shall mean the United States and DTSC.

-6-

r. "Properties" shall mean the land described in Appendix E ("9448 Rush Street, South El Monte, California") and the land described in Appendix F ("9452 Rush Street, South El Monte, California"). "Properties" is defined to include any improvements made upon the above listed land, including but not limited to the 10,167-square-foot warehouse at 9448 Rush Street, South El Monte, California, and the 10,080-square-foot warehouse at 9452 Rush Street, South El Monte, California.

s. "RCRA" shall mean the Solid Waste Disposal Act, 42 U.S.C. § 6901, *et seq.* (also known as the Resource Conservation and Recovery Act).

t. "Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

u. "Settling Defendants" shall mean Linderman Living Trust A and Rush Street Properties, LLC ("Linderman Living Trust"), jointly and severally, including (1) where the Settling Defendant is a limited liability company, its members and managers, and their successors, transferees and assigns, and (2) where the Settling Defendant is a trust, its trustor/settlors, trustees, beneficiaries and their heirs, successors, transferees, and assigns; but only to the extent that such person or entity within these above categories has no independent liability for the Site other than liability derived from the person or entity's relationship to or affiliation with the Settling Defendants.

v. "Site" shall mean the South El Monte Operable Unit of the San Gabriel Valley Area 1 Superfund Site, Los Angeles County, California, depicted generally on the map attached as Appendix C.

w. "United States" shall mean the United States of America, including its departments, agencies and instrumentalities.

x. "Water Entities" shall mean the San Gabriel Basin Water Quality Authority, City of Monterey Park,  Golden State Water Company, and San Gabriel Valley Water Company.

-7-

## V. **STATEMENT OF PURPOSE**

4.      By entering into this Consent Decree, the mutual objective of the Parties is for Settling Defendants to make a cash payment to address their asserted liability for the Site as provided in the Covenant Not to Sue by Plaintiffs in Section VIII, and subject to the Reservations of Rights by Plaintiffs in Section IX.

## VI. **PAYMENT OF RESPONSE COSTS**

5.      Payments by the Settling Defendants.  Settling Defendants shall pay to EPA and Water Entities a total of $1,700,000.  Settling Defendants shall pay to the EPA Hazardous Substance Superfund the principal sum of $1,020,000, plus an additional sum for Interest as explained below.  Payment shall be made in three installments as explained below. Each installment shall include the principal amount due plus an additional sum for accrued Interest on the declining principal balance calculated from the Date of Lodging this Consent Decree.  The first payment of $411,000 shall be due within thirty days of the Effective Date of this Consent Decree. The second payment of $304,500 shall be due within twelve months of the Effective Date of this Consent Decree.  The third payment of $304,500 shall be due within twenty-four months of the Effective Date of this Consent Decree.  Settling Defendants shall pay to the Water Entities the amount of $680,000 as provided in the Settlement Agreement in the litigation between the Water Entities and Settling Defendants. Settling Defendants may accelerate these payments without penalty, and Interest due on the accelerated payments shall be reduced accordingly.

6.      Settling Defendants represent that one or both of them are the current owners of the Properties and that the Properties have not been transferred, conveyed, sold, or encumbered since the time of the filing of the Complaint in the matter identified as CV-11-0382 ABC (JCx), and Settling Defendants agree that they will not transfer, convey, sell or encumber the Properties, or either of them, or any interest in either of them, from the date they execute this Agreement until the EPA and Water

Entities have received the required payments in accordance with this paragraph and paragraphs 6.a. and 6.b. The United States has the right to record an abstract of judgment against each of the Properties pursuant to paragraph 44.

a.      The abstract of judgment recorded against the Property known as 9452 Rush Street, South El Monte, California, shall be released by the United States if the United States receives the full and complete second payment, including interest. Within 10 days of making the full and complete second payment, Settling Defendants shall send notice to the United States pursuant to paragraph 34, indicating that the second payment has been made. The United States shall send the release of abstract of judgment to Settling Defendants pursuant to paragraph 34 within 60 days of the United States' receipt of notice that the second payment has been made. Settling Defendants are responsible for filing the release with the Los Angeles County Recorder's Office.

b.      The abstract of judgment recorded against the Property known as 9448 Rush Street, South El Monte, California, shall be released by the United States if the United States receives the full and complete third payment, including interest, and the Water Entities confirm that payment in the amount of $680,000 has been received by them. Within 10 days of making the full and complete third payment, Settling Defendants shall send notice to the United States pursuant to paragraph 34, indicating that the third payment has been made. The United States shall send the release of abstract of judgment to Settling Defendants pursuant to paragraph 34 within 60 days of the United States' receipt of notice that the third payment has been made or the United States' receipt of confirmation that the Water Entities have received payment in the amount of $680,000, whichever is later. Settling Defendants are responsible for filing the release with the Los Angeles County Recorder's Office.

7.      All amounts paid to EPA pursuant to Paragraph 5 shall be deposited in the South El Monte Operable Unit Special Account within the EPA Hazardous

Substance Superfund to be retained and used to conduct or finance response actions at or in connection with the Site, or to be transferred by EPA to the EPA Hazardous Substance Superfund.  In consideration of its agreement that all funds paid to Plaintiffs shall be so deposited and used by EPA, DTSC will be granted a credit pursuant to Section 104(c)(5)(A) of CERCLA, 42 U.S.C. § 9604(c)(5)(A) under the terms of a separate agreement between DTSC and EPA to be used by DTSC in any manner permitted by Section 104(c)(5)(F) of CERCLA, 42 U.S.C. § 9604(c)(5)(F).

8.     All Payments to the EPA Hazardous Substance Superfund shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with the current EFT procedures, referencing EPA Region IX and Site Spill ID Number 094X, and DOJ Case Number 90-11-2-09121/5.  Payment shall be made in accordance with instructions provided to Settling Defendants by the Financial Litigation Unit of the U.S. Attorney's Office in the Central District of California following lodging of the Consent Decree.  Any payments received by the Department of Justice after 4:00 p.m. Eastern Time shall be credited on the next business day.

9.     At the time of each payment, Settling Defendants shall send notice that payment has been made, to the United States (EPA and DOJ) in accordance with Section XV (Notices and Submissions).

## VII.  **FAILURE TO COMPLY WITH CONSENT DECREE**

10.     <u>Interest on Late Payments</u>.  If Settling Defendants fail to make any payment under Paragraph 5 by the required due date, Interest shall continue to accrue on the unpaid balance through the date of payment.

11.     <u>Stipulated Penalties</u>.

a.     If any amounts due under Paragraph 5 are not paid by the required due date, Settling Defendants shall be in violation of this Consent Decree and shall pay, as

-10-

a stipulated penalty to EPA, in addition to the Interest required by Paragraph 10, $200 per day that any payment is late.

b.      Stipulated penalties are due and payable within 30 days of the date of the demand for payment of the penalties by EPA. All payments to EPA under this Paragraph shall be identified as "stipulated penalties." All payments to EPA under this Paragraph shall be made by certified or cashier's check made payable to "EPA Hazardous Substance Superfund." The check, or a letter accompanying the check, shall reference the name and address of the party(ies) making payment, the Site name, EPA Region IX, and Site Spill ID Number 094X, and DOJ Case Number 90-11-2-09121/5, and shall be sent to:

> EPA Superfund
> US EPA
> Region 9
> Attn: Superfund Accounting
> P.O. Box 360863M
> Pittsburgh, PA 15251.

At the time of the payment, Settling Defendants shall send notice that payment has been made, to the United States, EPA and DOJ in accordance with Section XIV (Notices and Submissions).

c.      Penalties shall accrue as provided in this Paragraph regardless of whether EPA has notified the Settling Defendants of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment. Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

12.     If the United States or DTSC brings an action to enforce this Consent Decree, Settling Defendants shall reimburse the United States or DTSC, as applicable, for all costs of such action, including but not limited to costs of attorney time.

13.     Payments made under this Section shall be in addition to any other remedies or sanctions available to Plaintiffs by virtue of Settling Defendants' failure to comply with the requirements of this Consent Decree.

14.     Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree.  Payment of stipulated penalties shall not excuse the Settling Defendants from payment as required by Section VI or from performance of any other requirements of this Consent Decree.

## VIII.  COVENANT NOT TO SUE BY PLAINTIFFS

15.     Covenant Not to Sue by the United States.  In consideration of the payments to be made pursuant to Section VI of this Consent Decree, and except as specifically provided in this Paragraph, the United States covenants not to sue or to take administrative action against Settling Defendants pursuant to Sections 106 and 107(a) of CERCLA, 42 U.S.C. §§ 9606 and 9607(a), with regard to the Site.  With respect to present and future liability, this covenant shall take effect upon receipt by EPA of the first payment required by Section VI, Paragraph 5 (Payment by the Settling Defendants).  This covenant not to sue is conditioned upon the satisfactory performance by Settling Defendants of their obligations under this Consent Decree including, but not limited to, payment of all amounts due by them under Section VI (Payment of Response Costs) and Section VII (Failure to Comply with Consent Decree). This covenant not to sue is also conditioned upon the veracity of the representations in Paragraph 33 and the veracity and completeness of any Financial Information previously provided to EPA by Settling Defendants. If any such Financial Information is subsequently determined by EPA to be false or, in any material respect, inaccurate, Settling Defendants shall forfeit all payments made pursuant to this Consent Decree and this covenant not to sue and the contribution protection provided to Settling Defendants in Section XI of this Consent Decree shall be null and void.

-12-

Such forfeiture shall not constitute liquidated damages and shall not in any way
foreclose the right of the United States to pursue any other causes of action arising
from Settling Defendants' false or materially inaccurate information.

16.   <u>Covenant Not to Sue by DTSC</u>.  Except as specifically provided in
Section IX (Reservation of Rights by Plaintiffs), DTSC covenants not to sue or to take
administrative action against Settling Defendants pursuant to Section 107(a) of
CERCLA, 42 U.S.C. § 9607(a), or Health and Safety Code Sections 25355.5, 25360,
and 25323.5 with regard to the Site.  This covenant not to sue is conditioned upon the
satisfactory performance by Settling Defendants of their obligations under this
Consent Decree.  This covenant not to sue extends only to Settling Defendants and
does not extend to any other person. This covenant not to sue is also conditioned upon
the veracity of the representations in Paragraph 33 and the veracity and completeness
of any Financial Information previously provided to EPA by Settling Defendants.  If
any such Financial Information is subsequently determined by EPA or DTSC to be
false or, in any material respect inaccurate, Settling Defendants shall forfeit all
payments made pursuant to this Consent Decree and this covenant not to sue and the
contribution protection provided to Settling Defendants in Section XI of this Consent
Decree shall be null and void. Such forfeiture shall not constitute liquidated damages
and shall not in any way foreclose the right of DTSC to pursue any other causes of
action arising from Settling Defendants' false or materially inaccurate information.

## IX.  **RESERVATION OF RIGHTS BY PLAINTIFFS**

17.   The United States and DTSC reserve, and this Consent Decree is without
prejudice to, all rights against Settling Defendants with respect to all matters not
expressly included within the Covenants Not to Sue by United States and DTSC in
Paragraphs 15 and 16.  Notwithstanding any other provision of this Consent Decree,
the United States and DTSC reserve all rights against  Settling Defendants with
respect to:

-13-

1

2        a.     liability for failure of Settling Defendants to meet a requirement of this

3  Consent Decree;

4        b.     criminal liability;

5        c.     liability for damages for injury to, destruction of, or loss of natural

6  resources, and for the costs of any natural resource damage assessments;

7        d.     liability, based upon Settling Defendants' ownership or operation of the

8  Site, or upon Settling Defendants' transportation, treatment, storage, or disposal, or

9  the arrangement for the transportation, treatment, storage, or disposal, of a hazardous

10  substance or a solid waste at or in connection with the Site, occurring after signature

11  of this Consent Decree by Settling Defendants;

12        e.     liability arising from the past, present, or future disposal, release or threat

13  of release of a hazardous substance, pollutant, or contaminant outside of the Site; and

14        f.     liability for performance of response action or for reimbursement of

15  response costs with respect to any other operable unit of the San Gabriel Valley

16  Superfund Site, including but not limited to the response costs at the Whittier Narrows

17  Operable Unit.

18        18.    Notwithstanding any other provision of this Consent Decree, EPA and

19  DTSC reserve, and this Consent Decree is without prejudice to, the right to reinstitute

20  or reopen this action, or to commence a new action seeking relief other than as

21  provided in this Consent Decree, if the Financial Information provided by Settling

22  Defendants, or the financial certification made by Settling Defendants in Paragraph

23  33, is false or, in an material respect, inaccurate.

24        **X.  COVENANT NOT TO SUE BY SETTLING DEFENDANTS**

25        19.    Settling Defendants covenant not to sue and agree not to assert any

26  claims or causes of action against the Plaintiffs or their contractors or employees, with

27  respect to the Site or this Consent Decree, including but not limited to:

28

-14-

a.    any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

b.    any claim arising out of response actions at or in connection with the Site, including any claim under the United States Constitution, the California Constitution, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; or

c.    any claim against the Plaintiffs pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to the Site.

Except as provided in Paragraph 21 (Waiver of Claims) and Paragraph 25 (Waiver of Claim-Splitting Defenses), these covenants not to sue shall not apply in the event the United States or DTSC brings a cause of action or issues an order pursuant to the reservations set forth in Paragraph 17(c)-(f), but only to the extent that Settling Defendants' claims arise from the same response action or response costs that the United States or DTSC is seeking pursuant to the applicable reservation.

20.    Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

21.    Settling Defendants agree not to assert any CERCLA claims or causes of action that it may have for all matters relating to the Site, including for contribution, against any other person. This waiver shall not apply with respect to any defense, claim, or cause of action that Settling Defendants may have against any person if such person asserts a claim or cause of action relating to the Site against such Settling Defendant.

## XI. EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION

22.    Except as provided in Paragraph 21, nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any

-15-

person not a Party to this Consent Decree.  The preceding sentence shall not be construed to waive or nullify any rights that any person not a signatory to this Decree may have under applicable law.  Except as provided in Paragraph 21, the Parties expressly reserve any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action which they may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto. Nothing in this Consent Decree diminishes the right of the United States or DTSC, pursuant to Section 113(f)(2) and (3) of CERCLA, 42 U.S.C. § 9613(f)(2)-(3), to pursue any such persons to obtain additional response costs or response action and to enter into settlements that give rise to contribution protection pursuant to Section 113(f)(2).

23.    The Parties agree, and by entering this Consent Decree this Court finds, that Settling Defendants are entitled, as of the Effective Date of this Consent Decree, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are all response actions taken or to be taken and all response costs incurred or to be incurred, at or in connection with the Site, by the United States or any other person. The "matters addressed" in this Consent Decree do not include those response costs or response actions as to which the United States or DTSC has reserved its rights under this Consent Decree (except for claims for failure to comply with this Decree), in the event that the United States or DTSC asserts rights against Settling Defendants coming within the scope of such reservations.

24.    Settling Defendants shall, with respect to any suit or claim  brought by it for matters related to this Consent Decree,  notify EPA, DOJ, and DTSC in writing no later than 60 days prior to the initiation of such suit or claim.  Settling

Defendants shall, with respect to any suit or claim brought against it for matters related to this Consent Decree, notify EPA, DOJ, and DTSC in writing within 10 days of service of the complaint or claim upon it. In addition, each Settling Defendant shall notify EPA, DOJ, and DTSC within 10 days of service or receipt of any Motion for Summary Judgment, and within 10 days of receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

25. In any subsequent administrative or judicial proceeding initiated by the Plaintiffs for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the Plaintiffs in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenant Not to Sue by Plaintiffs set forth in Section VIII.

## XII. ACCESS AND INSTITUTIONAL CONTROLS

26. If the Site, or any facility at the Site, or any other property where access and/or land/water use restrictions are needed to implement response activities at the Site is owned or controlled by Settling Defendants, such Settling Defendants shall:

a. commencing on the date of lodging of this Consent Decree, provide the Plaintiffs and their representatives, including EPA, DTSC, and their contractors, with access at all reasonable times to the Site, or such other property, for the purpose of conducting any response activity related to the Site, including, but not limited to, the following activities:

i.   Monitoring, investigation, removal, remedial or other activities at the Site;

ii.  Verifying any data or information submitted to the United States;

iii. Conducting investigations relating to contamination at or near the Site;

iv.  Obtaining samples;

v.   Assessing the need for, planning, or implementing additional response actions at or near the Site;

vi.  Inspecting and copying records, operating logs, contracts, or other documents maintained or generated by Settling Defendants or their agents, consistent with Section XIII (Access to Information);

vii. Assessing Settling Defendants' compliance with this Consent Decree; and

viii. Determining whether the Site or other property is being used in a manner that is prohibited or restricted, or that may need to be prohibited or restricted, by or pursuant to this Consent Decree;

b.   commencing on the date of lodging of this Consent Decree, refrain from using the Site, or such other property, in any manner that would interfere with or adversely affect the implementation, integrity or protectiveness of the remedial measures to be performed at the Site; and

c.   If DTSC or EPA determines that institutional controls in any form are required to implement response activities at the Site, ensure the integrity and protectiveness thereof, or ensure non-interference therewith, execute and record all such necessary legal instruments, and fully cooperate with DTSC and with

-18-

EPA in their efforts to secure and enforce such institutional controls. Institutional controls shall include deed restrictions, land use covenants, environmental restrictions, as well as any layers of additional protection in the form of state or local laws, regulations, ordinances or other governmental instruments that serve the purpose of institutional controls set forth above.

27.     Notwithstanding any provision of this Consent Decree, the United States and DTSC retain all of their access authorities and rights, as well as all of their rights to require land/water use restrictions, including enforcement authorities related thereto, under CERCLA, RCRA, and any other applicable statute or regulations.

### XIII.  ACCESS TO INFORMATION

28.     Settling Defendants shall provide to EPA and DTSC, upon request, copies of all records, reports, or information (hereinafter referred to as "records") within their possession or control or that of their contractors or agents relating to activities at the Site, including, but not limited to, sampling, analysis, chain of custody records, manifests, trucking logs, receipts, reports, sample traffic routing, correspondence, or other documents or information related to the Site.

29.     Confidential Business Information and Privileged Documents.

a.     Settling Defendants may assert business confidentiality claims covering part or all of the records submitted to EPA or DTSC under this Consent Decree to the extent permitted by and in accordance with Section 104(e)(7) of CERCLA, 42 U.S.C. § 9604(e)(7), and 40 C.F.R. § 2.203(b).  Records determined to be confidential by EPA will be accorded the protection specified in 40 C.F.R. Part 2, Subpart B.  If no claim of confidentiality accompanies records when they are submitted to EPA, or if EPA has notified Settling Defendants that the records are not confidential under the standards of Section

104(e)(7) of CERCLA or 40 C.F.R. Part 2, Subpart B, the public may be given access to such records without further notice to Settling Defendants.

b.    Settling Defendants may assert that certain records are privileged under the attorney-client privilege or any other privilege recognized by federal law.  If Settling Defendants asserts such a privilege in lieu of providing records, it shall provide Plaintiffs with the following:  1) the title of the record; 2) the date of the record; 3) the name and title of the author of the record; 4) the name and title of each addressee and recipient; 5) a description of the subject of the record; and 6) the privilege asserted.  However, no records created or generated pursuant to the requirements of this or any other settlement with the United States shall be withheld on the grounds that they are privileged.

30.    No claim of confidentiality shall be made with respect to any data, including but not limited to, all sampling, analytical, monitoring, hydrogeologic, scientific, chemical, or engineering data, or any other records evidencing conditions at or around the Site.

**XIV.  RETENTION OF RECORDS**

31.    Until 10 years after the entry of this Consent Decree, Settling Defendants shall preserve and retain all records now in its possession or control, or which come into its possession or control, that relate in any manner to response actions taken at the Site or the liability of any person under CERCLA with respect to the Site, regardless of any corporate retention policy to the contrary.

32.    After the conclusion of the document retention period in the preceding Paragraph, Settling Defendants shall notify Plaintiffs at least 90 days prior to the destruction of any such records, and, upon request by Plaintiffs, Settling Defendants shall deliver any such records to Plaintiffs.  Settling Defendants may assert that certain records are privileged under the attorney-

client privilege or any other privilege recognized by federal law.  If Settling
Defendants assert such a privilege, they shall provide Plaintiffs with the
following:  1) the title of the record; 2) the date of the record; 3) the name and
title of the author of the record; 4) the name and title of each addressee and
recipient; 5) a description of the subject of the record; and 6) the privilege
asserted.  However, no records created or generated pursuant to the requirements
of this or any other settlement with the Plaintiffs shall be withheld on the
grounds that they are privileged.

33.     Settling Defendants hereby certify that, to the best of their
knowledge and belief, after thorough inquiry, they have:

a.  not altered, mutilated, discarded, destroyed or otherwise disposed of
any records, reports, or other information relating to their potential liability
regarding the Site since notification of potential liability by the United States or
the State or the filing of suit against them regarding the Site, and that they have
fully complied with any and all EPA requests for information regarding the Site
and Settling Defendant's financial circumstances pursuant to Sections 104(e)
and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of
RCRA, 42 U.S.C. § 6927; and

b.  submitted Financial Information that fairly, accurately, and materially
sets forth their financial circumstances, and that those circumstances have not
materially changed between the time the Financial Information was submitted to
EPA and the time Settling Defendants execute this Consent Decree.

## XV.  <u>NOTICES AND SUBMISSIONS</u>

34.     Whenever, under the terms of this Consent Decree, notice is
required to be given or a document is required to be sent by one party to another,
it shall be directed to the individuals listed below, unless those individuals or

-21-

their successors give notice of a change to the other Parties in writing.  Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States, EPA, DOJ, DTSC, and Settling Defendants, respectively.

For Notice to the United States:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C.  20044-7611
Re: DJ # 90-11-2-09121/5

Rachelle Thompson
Remedial Project Manager
U.S. Environmental Protection Agency
Region 9
75 Hawthorne Street,
San Francisco, CA  94105

Jane Diamond
Director, Superfund Division
United States Environmental Protection Agency
Region 9
75 Hawthorne Street,
San Francisco, CA  94105

For Notice to DTSC, and California Attorney General

Stewart Black
Deputy Director for Brownfields and Environmental Restoration Program
Department of Toxic Substances Control
P.O. Box 806
Sacramento, California 95812

Christine Bucklin, P.G.
Brownfields and Environmental Restoration Program
Department of Toxic Substances Control
5795 Corporate Avenue
Cypress, California 90630

Olivia Karlin
Deputy Attorney General
California Department of Justice
300 South Spring Street
Los Angeles, California 90013

For Notice to the Settling Defendants:

-22-

To the name and address indicated on the signature page.

## XVI.  RETENTION OF JURISDICTION

35.    This Court shall retain jurisdiction over this matter for the purpose
of interpreting and enforcing the terms of this Consent Decree.

## XVII.  INTEGRATION/APPENDICES

36.    This Consent Decree and its appendices, and the Settlement
Agreement negotiated in the litigation between Settling Defendants and the
Water Entities, constitute the final, complete, and exclusive agreement and
understanding among the Parties with respect to the settlement embodied in this
Consent Decree.  The Parties acknowledge that there are no representations,
agreements, or understandings relating to the settlement other than those
expressly contained and referred to, specifically the Settlement Agreement
between the Settling Defendants and Water Entities referred to in Paragraph 5
and the state match credit agreement between the EPA and DTSC in Paragraph
7, in this Consent Decree.

37.    The following appendices are attached to and incorporated into this
Consent Decree:

Appendix A is the IROD;

Appendix B is  the ESD;

Appendix C is the map of the Site; and

Appendix D is a list of the financial documents submitted to EPA by
Settling Defendants.

Appendices E and F are descriptions of the Properties.

## XVIII.  LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

38.    This Consent Decree shall be lodged with the Court for a period of
not less than 30 days for public notice and comment.  The United States reserves
the right to withdraw or withhold its consent if the comments regarding the

-23-

Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate.  Settling Defendants consent to the entry of this Consent Decree without further notice.

39.    If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the discretion of any party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XIX.  SIGNATORIES/SERVICE

40.    Each undersigned representative of a Settling Defendant to this Consent Decree, the Assistant Attorney General for the Environment and Natural Resources Division of the United States Department of Justice, and the Deputy Director for Brownfields and Environmental Restoration Program of the California Department of Toxic Substances Control certify that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

41.    Settling Defendants hereby agree not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States or DTSC has notified Settling Defendants in writing that it no longer supports entry of the Consent Decree.

42.    Settling Defendants shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail or email on behalf of that Party with respect to all matters arising under or relating to this Consent Decree, including for purposes of Notices under Paragraph 34.  Settling Defendants hereby agree to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons.  The Parties agree that Settling

-24-

Defendants need not file an answer to the complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

### XX.  FINAL JUDGMENT

43.    Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between and among the Plaintiffs and the Settling Defendants.  The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

44.    Once this Consent Decree is entered by the Court, plaintiffs have the right to record an abstract of judgment against the Properties.

SO ORDERED.


_____                    _____
DATE                                       HONORABLE AUDREY B. COLLINS
                                           UNITED STATES DISTRICT JUDGE

-25-

1

2  FOR THE UNITED STATES OF AMERICA:

3

4

5  Date: 2/10/12

6  IGNACIA S. MORENO
   Assistant Attorney General
7  Environment and Natural Resources Division
   U.S. Department of Justice
8  Washington, D.C.  20530

9

10

11

12  Date: 2/21/12

13  LORI JONAS
    Environmental Enforcement Section
    Environment and Natural Resources Division
14  U.S. Department of Justice
    P.O. Box 7611
15  Washington, D.C.  20044-7611

16

17

18

19

20

21

22

23

24

25

26

27

28

FOR THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY:

Date: 12/22/11

JANE DIAMOND
Director of the Superfund Division
United States Environmental Protection Agency
Region 9
75 Hawthorne Street
San Francisco, CA  94105


JAMES COLLINS
Assistant Regional Counsel
United States Environmental Protection Agency
Region 9
75 Hawthorne Street
San Francisco, CA  94105

-27-

1
2
3   FOR THE DEPARTMENT OF TOXIC SUBSTANCES CONTROL, and
    CALIFORNIA ATTORNEY GENERAL
4
5
    Date: 12-16-11
6                                    STEWART W. BLACK
7                                    Deputy Director, Brownfields and
                                        Environmental Restoration Program
8                                    Department of Toxic Substances Control
                                     P.O. Box 806
9                                    Sacramento, California 95812

10
11
                                     ANN RUSHTON
12                                   Deputy Attorney General
                                     California Department of Justice
13                                   300 South Spring Street
                                     Los Angeles, California 90013
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3  FOR SETTLING DEFENDANTS LINDERMAN LIVING TRUST A AND
4  RUSH STREET PROPERTIES, LLC:

5
6  Representative Authorized to Sign:

7
8  Date: 12/8/11   Signature: _Joan L. Linderman_
9
10                 Name: _JOAN L. LINDERMAN_
11                 Title: _TRUSTEE, LINDERMAN LIVING TRUST A_
12                 Address: _9448 & 9452 RUSH ST._ (SITE)
13                          _So. EL MONTE, CA  91733_
14         TRUST: 2920 KANAWHA ST. NW
15                WASHINGTON, DC 20015

16  Agent Authorized to Accept Service and Notice:

17
18                 Name: _TIMOTHY McCOLLUM_
19                 Title: _ATTORNEY_
20                 Address: _36913 RIVER BELLE LANE_
21                          _TOLLHOUSE, CA 93667_
22
23
24
25
26
27
28

1

2

3  FOR SETTLING DEFENDANTS LINDERMAN LIVING TRUST A AND
4  RUSH STREET PROPERTIES, LLC:

5

6  Representative Authorized to Sign:

7

8  Date: 12-8-11    Signature: _Joan L. Linderman_
9
                    Name:  JOAN L. LINDERMAN
10
                    Title:  MANAGER/MEMBER, RUSH ST. PROPERTIES,
11
                    Address:  9448 & 9452 RUSH ST. (SITE) LLC
12
                              SO. EL MONTE, CA 91733
13
                    LLC: 2920 KANAWHA ST NW
14
                         WASHINGTON, DC 20015
15

16  Agent Authorized to Accept Service and Notice:

17

18                  Name:  TIMOTHY McCOLLUM
19                  Title:  ATTORNEY
20                  Address:  36913 RIVER BELLE LANE
21                            TOLLHOUSE, CA 93667
22

23

24

25

26

27

28

-29a-