IGNACIA S. MORENO
Assistant Attorney General
Environmental & Natural Resources Division
LORI JONAS
E-mail: lori.jonas@usdoj.gov
State Bar No. 158268
GABRIEL ALLEN
Environmental Enforcement Section
Environmental & Natural Resources Division
United States Department of Justice
P.O. Box 7611, Washington, D.C. 20044-7611
Telephone: (202) 514-4080
Attorneys for Plaintiff United States of America

[Additional Counsel listed on next page]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL, | CIV. NO. : CV 02-4565 ABC (JCx) |
| | **PARTIAL CONSENT DECREE** [Consent Decree with Art Weiss; Art Weiss, Inc.; Astro Seal, Inc.; Craneveyor Corp.; Del Ray Industrial Enterprises, Inc.; EBA, Inc. d/b/a Earl Butler & Assocs.; M&T, LLC; Mary Brkich; New Air, Inc.; Pacific Coast Drum Co.; Quaker Chemical Corp.] |
| Plaintiffs, | |
| v. | |
| SEACHROME CORPORATION, *et al.*, | [consolidated for pretrial and trial purposes with CV 11-0382 ABC (JCx); CV 02-5909ABC (JCx); CV 02-6350 ABC (JCx); CV 02-6346 ABC (JCx)] |
| Defendants. | |

KAMALA D. HARRIS
Attorney General of the State of California
SALLY MAGNANI
Senior Assistant Attorney General
BRIAN HEMBACHER
Supervising Deputy Attorney General
OLIVIA W. KARLIN
Deputy Attorney General
California Department of Justice
300 South Spring Street
Los Angeles, CA 90013
State Bar No. 150432
Telephone: (213) 897-2608
Attorneys for Plaintiff California Department of Toxic Substances Control

SARAH M. HART
State Bar No. 155438
MALISSA HATHAWAY McKEITH
State Bar No. 112917
Lewis Brisbois Bisgaard & Smith LLP
221 N. Figueroa Street, Suite 1200
Los Angeles, CA 90012
Telephone.: (213) 250-1800
Attorneys for Defendant Pacific Coast Drum Co.

KAREN M. JOHNSON
State Bar No. 190115
Walsworth, Franklin, Bevins & McCall
707 Wilshire Boulevard, Suite 3280
Los Angeles, CA 90017
Telephone: (213) 489-4820
Attorney for Quaker Chemical Corp.

TIMOTHY DODGE MCCOLLUM
State Bar No. 069169
36913 River Belle Lane

Tollhouse CA 93667
Telephone: (559) 855-5546
Attorney for M&T, LLC; Mary Brkich; and New Air, Inc.

TODD O. MAIDEN
State Bar No. 123524
Reed Smith LLP
101 Second Street, Suite 1800
San Francisco, CA 94105
Telephone: (415) 543-8700
E-mail: tmaiden@reedsmith.com
Attorneys for Defendants EBA, Inc. and CraneVeyor Corp.

THOMAS J. BOIS
State Bar No. 110250
JAMES C. MACDONALD
State Bar No:175760
Bois & MacDonald
2030 Main Street, Suite 660
Irvine, California 92614
Telephone: (949) 660-0011
Attorneys for  Astro Seal, Inc.; Art Weiss; Art Weiss, Inc.; and
Del Ray Industrial Enterprises, Inc.

1

2

## I. BACKGROUND

3     A.     The United States of America ("United States"), on behalf of the

4 Administrator of the United States Environmental Protection Agency ("EPA"), and

5 the California Department of Toxic Substances Control ("DTSC"), filed a

6 complaint in this matter pursuant to Section 107 of the Comprehensive

7 Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. §

8 9607, as amended ("CERCLA"), seeking reimbursement of response costs incurred

9 or to be incurred for response actions taken or to be taken at or in connection with

10 the release or threatened release of hazardous substances at the South El Monte

11 Operable Unit (the "Site") of the San Gabriel Valley Area 1 Superfund Site in

12 South El Monte, Los Angeles County, California.

13     B.     The Settling Defendants, as defined below, have entered into this

14 Consent Decree and do not admit any liability to Plaintiffs arising out of the

15 transactions or occurrences alleged in the complaint.

16     C.     The decision by EPA on the remedial action to be implemented at the

17 Site is embodied in an Interim Record of Decision ("IROD"), executed on

18 September 29, 2000. The IROD includes a responsiveness summary to the public

19 comments. Notice of the final plan was published in accordance with Section

20 117(b) of CERCLA. The IROD is attached as Appendix A.

21     D.     EPA issued an Explanation of Significant Differences ("ESD") on

22 November 10, 2005, addressing certain additional contaminants at the Site. The

23 ESD is attached as Appendix B.

24     E.     The San Gabriel Basin Water Quality Authority ("WQA"), City of

25 Monterey Park, Golden State Water Company, and San Gabriel Valley Water

26 Company (collectively, the "Water Entities") have agreed to perform the funded

27 portions of the IROD Work and the ESD Work, subject to the terms and conditions

28 of the executed agreement between EPA and WQA regarding the Water Entities'

1  continued performance of this IROD Work and the ESD Work ("Cooperative
2  Agreement").

3      F.    The United States has reviewed the financial information submitted
4  by the Ability-to-Pay Settling Defendants to determine whether the Ability-to-Pay
5  Settling Defendants are financially able to pay response costs incurred and to be
6  incurred at the Site. Based upon this financial information, the United States has
7  determined that the Ability-to-Pay Settling Defendants are able to pay the amounts
8  required under this Consent Decree.

9      G.    This Consent Decree is captioned a "Partial Consent Decree" because
10  there are remaining parties in the case.

11      H.    The United States, DTSC, and Settling Defendants agree, and this
12  Court by entering this Consent Decree finds, that this Consent Decree has been
13  negotiated by the Parties in good faith, that settlement of this matter will avoid
14  prolonged and complicated litigation among the Parties, and that this Consent
15  Decree is fair, reasonable, and in the public interest.

16      THEREFORE, with the consent of the Parties to this Decree, it is
17  ORDERED, ADJUDGED, AND DECREED:

18                         **II. JURISDICTION**

19      1.    This Court has jurisdiction over the subject matter of this action
20  pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and
21  also has personal jurisdiction over Settling Defendants.  Settling Defendants
22  consent to and shall not challenge entry of this Consent Decree or this Court's
23  jurisdiction to enter and enforce this Consent Decree.

24                        **III. PARTIES BOUND**

25      2.    This Consent Decree is binding upon the United States, DTSC, and
26  upon the Settling Defendants and their heirs, successors and assigns.  Any change
27  in ownership or corporate or other legal status, including, but not limited to, any

28

transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Settling Defendants under this Consent Decree.

## IV.  DEFINITIONS

3.    Unless otherwise expressly provided herein, terms used in this Consent Decree which are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or in any appendix attached hereto, the following definitions shall apply:

a.    "Ability-to-Pay Settling Defendants" shall mean those Settling Defendants identified in Appendix D (List of Settling Defendants and Defendant Subgroups) as Ability-to-Pay Settling Defendants.

b.    "Basin-Wide Response Costs" shall mean response costs, including but not limited to direct and indirect costs, including accrued Interest, of the United States and DTSC, paid for basin-wide (non-operable unit) response actions in connection with the San Gabriel Valley Superfund Sites, Areas 1 though 4, allocated to the Site.

c.    "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, et seq.

d.    "Consent Decree" shall mean this Consent Decree and all appendices attached hereto.  In the event of conflict between this Consent Decree and any appendix, this Consent Decree shall control.

e.    "DTSC" shall mean the California Department of Toxic Substances Control and any successor departments, agencies, or instrumentalities.

f.    "Day" shall mean a calendar day.  In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

g.    "DOJ" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States.

h.    "Effective Date" shall mean the date on which this Consent Decree is entered by the Court as recorded on the Court docket, or, if the Court instead issues an order approving the Consent Decree, the date such order is recorded on the Court docket.

i.    "EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies or instrumentalities of the United States.

j.    "EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

k.    "Explanation of Significant Differences" or "ESD" shall mean the Explanation of Significant Differences relating to the treatment of certain contamination at the Site, issued by EPA on November 10, 2005.

l.    "ESD Work" shall mean all activities that implement the additional interim remedial measures described in the ESD.  The "ESD Work" does not include the "IROD Work."

m.    "Future IROD Response Costs" shall mean all response costs that are incurred by the United States or DTSC for response actions with respect to the IROD Work (excluding Future ESD Response Costs) after the Effective Date, including, but not limited to, direct and indirect costs that are incurred by the United States or DTSC.

m.    "Future ESD Response Costs" shall mean all response costs that are incurred by the United States or DTSC for response actions with respect to the ESD Work (excluding Future IROD Response Costs) after the Effective Date, including, but not limited to, direct and indirect costs that are incurred by the United States or DTSC.

4

o.    "Interim Record of Decision" or "IROD" shall mean the EPA Interim Record of Decision relating to the Site signed on September 29, 2000 by the Regional Administrator, EPA Region IX, or his/her delegate, and all attachments thereto.

p.    "IROD Work" shall mean all activities that implement the interim remedy (addressing containment of the intermediate zone groundwater contamination present in the northwestern part of the Site) described in the IROD. The "IROD Work" does not include the "ESD Work."

q.    "Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year.

r.    "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

s.    "Parties" shall mean the United States, DTSC, and the Settling Defendants.

t.    "Past Response Costs" shall mean all response costs, including, but not limited to, direct and indirect costs of the United States and DTSC, paid at or in connection with the Site through the Effective Date. "Past Response Costs" shall also include all past Basin-Wide Response Costs, occurring on or before the Effective Date.

u.    "Plaintiffs" shall mean the United States and DTSC.

v.    "RCRA" shall mean the Solid Waste Disposal Act, 42 U.S.C. § 6901, et seq. (also known as the Resource Conservation and Recovery Act).

w.    "Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

5

x.     "Settling Defendants" shall mean the parties identified in Appendix D.
Settling Defendants include "Ability-to-Pay Settling Defendants," as defined
above, as a Sub-Group. The term Settling Defendant is defined to include: (1)
where the Settling Defendant is a corporate entity, its officers, directors,
shareholders, and corporate successors; (2) where the Settling Defendant is a
partnership, its partners; (3) where the Settling Defendant is a trust, its trustees and
beneficiaries; (4) where the Settling Defendant is a limited liability company, its
members and manager; (5) where the Settling Defendant is an individual, that
individual's heirs and beneficiaries; but only to the extent that such person or entity
within these above categories has no independent liability for the Site other than
liability derived from the person or entity's relationship to or affiliation with the
Settling Defendants.

y.     "Site" shall mean the South El Monte Operable Unit of the San
Gabriel Valley Area 1 Superfund Site, Los Angeles County, California, depicted
generally on the map attached as Appendix C.

z.     "United States" shall mean the United States of America, including its
departments, agencies and instrumentalities.

aa.    "Water Entities" shall mean the San Gabriel Basin Water Quality
Authority, City of Monterey Park, Golden State Water Company, and San Gabriel
Valley Water Company.

## V. PAYMENT OF RESPONSE COSTS

4.     Payments by the Settling Defendants.  In consideration of the
Covenants contained in Section VII of this Consent Decree, Settling Defendants
shall each pay the sum set forth in the schedule attached at Appendix E for such
Settling Defendant. The payments set forth in Appendix E collectively total
$5,941,500.  These settlement funds are allocated as follows: $4,625,080 to EPA
and $1,316,420 to the Water Entities.  No later than 10 days after the Date of
Lodging, Settling Defendants (other than Astro Seal, Inc.) each shall deposit the

6

1   sum set forth in Appendix E as such Settling Defendant's payment (or in the case

2   of Art Weiss, Art Weiss, Inc., Del Ray Industrial Enterprises,Inc., Quaker

3   Chemical Corporation; and Astro Seal Inc., such Settling Defendant's first

4   payment) in the Trust Account created pursuant to the General SEMOU Trust

5   Agreement and administered by Special Master Timothy Gallagher ("Trust

6   Account"). Within 30 days of the Effective Date, the United States shall be paid

7   $4,337,747 plus Interest accruing from 10 days after the Date of Lodging.   Art

8   Weiss, Art Weiss, Inc., Del Ray Industrial Enterprises,Inc., Quaker Chemical

9   Corporation; and Astro Seal Inc. shall make additional payments to the United

10   States as set forth in Appendix E. The payment in the amount of $1,316,420 shall

11   be paid to the Water Entities as provided in the Settlement Agreements in the

12   litigation between the Water Entities and the Settling Defendants.

13       5.       All amounts paid to EPA pursuant to Paragraph 4 shall be deposited in

14   the South El Monte Operable Unit Special Account within the EPA Hazardous

15   Substance Superfund to be retained and used to conduct or finance response

16   actions at or in connection with the Site, or to be transferred by EPA to the EPA

17   Hazardous Substance Superfund.  In consideration of its agreement that all funds

18   paid to Plaintiffs shall be so deposited and used by EPA, DTSC will be granted a

19   credit pursuant to Section 104(c)(5)(A) of CERCLA, 42 U.S.C. § 9604(c)(5)(A)

20   under the terms of a separate agreement between DTSC and EPA to be used by

21   DTSC in any manner permitted by Section 104(c)(5)(F) of CERCLA, 42 U.S.C. §

22   9604(c)(5)(F).

23       6.       All Payments to the EPA Hazardous Substance Superfund shall be

24   made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of

25   Justice account in accordance with the current EFT procedures, referencing EPA

26   Region IX and Site Spill ID Number 094X, and DOJ Case Number 90-11-2-

27   09121/5.  Payment shall be made in accordance with instructions provided to

28   Settling Defendants by the Financial Litigation Unit of the U.S. Attorney's Office

7

in the Central District of California following lodging of the Consent Decree.  Any payments received by the Department of Justice after 4:00 p.m. Eastern Time shall be credited on the next business day.

7.    At the time of payment, Settling Defendants shall send notice that payment has been made, to the United States (EPA and DOJ) in accordance with Section XIV (Notices and Submissions).

## VI.  FAILURE TO COMPLY WITH CONSENT DECREE

8.    Interest on Late Payments.  If any Settling Defendant fails to make any payment to EPA under Paragraph 4 by the required due date, Interest shall continue to accrue on the unpaid balance through the date of payment.

9.    Stipulated Penalties.

a.    If any amounts due to EPA under Paragraph 4 are not paid by the required due date, the relevant Settling Defendant shall be in violation of this Consent Decree and shall pay, as a stipulated penalty to EPA, in addition to the Interest required by Paragraph 8, $200 per day that any payment is late.

b.    Stipulated penalties are due and payable within 30 days of the date of the demand for payment of the penalties by EPA or DTSC.  All payments to EPA or DTSC under this Paragraph shall be identified as "stipulated penalties." All payments to EPA under this Paragraph shall be made by certified or cashier's check made payable to "EPA Hazardous Substance Superfund."  The check, or a letter accompanying the check, shall reference the name and address of the party(ies) making payment, the Site name, EPA Region IX, and Site Spill ID Number 0927, and DOJ Case Number 90-11-2-09121/5, and shall be sent to:

> EPA Superfund
> US EPA
> Region 9
> Attn: Superfund Accounting
> P.O. Box 360863M
> Pittsburgh, PA 15251.

8

All payments to DTSC under this Paragraph shall be made by check payable to the California Department of Toxic Substances Control and shall refer to the "San Gabriel Valley South El Monte Operable Unit." The check shall be sent to:

> California Department of Toxic Substances Control
> Attention: Accounting Unit
> South El Monte OU, Project Code No. 300347
> P.O. Box 806
> Sacramento, California 95812-0806

At the time of the payment, Settling Defendant shall send notice that payment has been made, to the United States, EPA and DOJ and DTSC in accordance with Section XIV (Notices and Submissions).

    c.    Penalties shall accrue as provided in this Paragraph regardless of whether EPA or DTSC has notified the Settling Defendants of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment. Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

    10.    If the United States or DTSC brings an action to enforce this Consent Decree, Settling Defendants shall reimburse the United States or DTSC, as applicable, for all costs of such action, including but not limited to costs of attorney time.

    11.    Payments made under this Section shall be in addition to any other remedies or sanctions available to Plaintiffs by virtue of Settling Defendants' failure to comply with the requirements of this Consent Decree.

    12.    Notwithstanding any other provision of this Section, the United States or DTSC may, in their unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree. Payment of stipulated penalties shall not excuse the Settling Defendants from

payment as required by Section V or from performance of any other requirements of this Consent Decree.

## VII.  COVENANT NOT TO SUE BY PLAINTIFFS

13.    Covenant Not to Sue by the United States.

a.    In consideration of the payments to be made pursuant to Section V of this Consent Decree, and except as specifically provided in Section VIII (Reservation of Rights by Plaintiffs), the United States covenants not to sue or to take administrative action against Settling Defendants (other than the Ability-to-Pay Settling Defendants) pursuant to Sections 106 and 107(a) of CERCLA, 42 U.S.C. §§ 9606 and 9607(a), and Section 7003 of RCRA, 42 U.S.C. § 6973, for the IROD Work, Past Response Costs, Future IROD Response Costs, the ESD Work, and Future ESD Response Costs. This covenant not to sue is conditioned upon the satisfactory performance by Settling Defendants of their obligations under this Consent Decree.  This covenant not to sue extends only to Settling Defendants (other than Ability-to-Pay Settling Defendants) and does not extend to any other person.

b.    In consideration of the payments to be made pursuant to Section V of this Consent Decree, and except as specifically provided in this Paragraph, the United States covenants not to sue or to take administrative action against the Ability-to-Pay Settling Defendants pursuant to Sections 106 and 107(a) of CERCLA, 42 U.S.C. §§ 9606 and 9607(a), with regard to all response actions taken or to be taken and all response costs incurred or to be incurred at or in connection with the Site, by the United States or any other person. This covenant not to sue is conditioned upon the satisfactory performance by Ability-to-Pay Settling Defendants of their obligations under this Consent Decree including, but not limited to, payment of all amounts due by them under Section V (Payment of Response Costs) and Paragraphs 8 and 9 of Section VI (Failure to Comply with Consent Decree). This covenant not to sue is also conditioned upon the veracity

1    and completeness of any financial information previously provided to EPA by
2    Ability-to-Pay Settling Defendants. If any such financial information is
3    subsequently determined by EPA to be false or, in any material respect, inaccurate,
4    the submitting Ability-to-Pay Settling Defendant shall forfeit all payments made
5    pursuant to this Consent Decree and this covenant not to sue and the contribution
6    protection provided to the Ability-to-Pay Settling Defendants in Section X of this
7    Consent Decree shall be null and void. Such forfeiture shall not constitute
8    liquidated damages and shall not in any way foreclose the right of the United
9    States to pursue any other causes of action arising from Ability-to-Pay Settling
10   Defendants' false or materially inaccurate information.

11        14.    Covenant Not to Sue by DTSC.  Except as specifically provided in
12   Section VIII (Reservation of Rights by Plaintiffs), DTSC covenants not to sue or to
13   take administrative action against Settling Defendants pursuant to Section 107(a)
14   of CERCLA, 42 U.S.C. § 9607(a), or Health and Safety Code Sections 25355.5,
15   25360, and 25323.5 for the IROD Work, Past Response Costs, and Future IROD
16   Response Costs, the ESD Work, and Future ESD Response Costs. This covenant
17   not to sue is conditioned upon the satisfactory performance by Settling Defendants
18   of their obligations under this Consent Decree.  This covenant not to sue extends
19   only to Settling Defendants and does not extend to any other person. As to Ability-
20   to-Pay Settling Defendants, this covenant not to sue is also conditioned upon the
21   veracity and completeness of any financial information previously provided to
22   EPA by Ability-to-Pay Settling Defendants. If any such financial information is
23   subsequently determined by EPA or DTSC to be false or, in any material respect
24   inaccurate, the submitting Ability-to-Pay Settling Defendant shall forfeit all
25   payments made pursuant to this Consent Decree and this covenant not to sue and
26   the contribution protection provided to the Ability-to-Pay Settling Defendants in
27   Section X of this Consent Decree shall be null and void. Such forfeiture shall not
28   constitute liquidated damages and shall not in any way foreclose the right of DTSC

11

1    to pursue any other causes of action arising from Ability-to-Pay Settling
2    Defendants' false or materially inaccurate information.
3                    **VIII.   RESERVATION OF RIGHTS BY PLAINTIFFS**
4         15.    The United States and DTSC reserve, and this Consent Decree is
5    without prejudice to, all rights against Settling Defendants with respect to all
6    matters not expressly included within the Covenants Not to Sue by United States
7    and DTSC in Paragraphs 13 and 14.  Notwithstanding any other provision of this
8    Consent Decree, the United States and DTSC reserve all rights against Settling
9    Defendants (other than Ability-to-Pay Settling Defendants), and all rights other
10   than those set out in subsection (g) against Ability-to-Pay Settling Defendants with
11   respect to:
12        a.     liability for failure of Settling Defendants to meet a requirement of
13   this Consent Decree;
14        b.     criminal liability;
15        c.     liability for damages for injury to, destruction of, or loss of natural
16   resources, and for the costs of any natural resource damage assessments;
17        d.     liability, based upon Settling Defendants' ownership or operation of
18   the Site, or upon Settling Defendants' transportation, treatment, storage, or
19   disposal, or the arrangement for the transportation, treatment, storage, or disposal,
20   of a hazardous substance or a solid waste at or in connection with the Site,
21   occurring after signature of this Consent Decree by Settling Defendants;
22        e.     liability arising from the past, present, or future disposal, release or
23   threat of release of a hazardous substance, pollutant, or contaminant outside of the
24   Site;
25        f.     liability for performance of response action or for reimbursement of
26   response costs with respect to any other operable unit of the San Gabriel Valley
27   Superfund Site, including but not limited to the response costs at the Whittier
28   Narrows Operable Unit; and

                                           12

1      g.     liability for performance of response action or for reimbursement of

2  response costs with respect to any response actions selected in any future response

3  action decision documents for the Site, which response actions are different from

4  the activities required to implement the IROD Work or the ESD Work.

5                **IX.  COVENANT NOT TO SUE BY SETTLING DEFENDANTS**

6        16.     Settling Defendants covenant not to sue and agree not to assert any

7  claims or causes of action against the Plaintiffs or their contractors or employees,

8  with respect to the IROD Work, Past Response Costs, Future IROD Response

9  Costs, the ESD Work, and Future ESD Response Costs or this Consent Decree.

10  The Ability-to-Pay Settling Defendants also covenant not to sue and agree not to

11  assert any claims or causes of action against the Plaintiffs or their contractors or

12  employees, with respect to the Site. The covenants in this Paragraph are including

13  but not limited to:

14      a.     any direct or indirect claim for reimbursement from the Hazardous

15  Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of

16  CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other

17  provision of law;

18      b.     any claim arising out of response actions at or in connection with the

19  IROD Work, Past Response Costs, Future IROD Response Costs, the ESD Work,

20  and Future ESD Response Costs, including any claim under the United States

21  Constitution, the California Constitution, the Tucker Act, 28 U.S.C. § 1491, the

22  Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; or

23      c.     any claim against the Plaintiffs pursuant to Sections 107 and 113 of

24  CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to the IROD Work, Past Response

25  Costs, Future IROD Response Costs, the ESD Work, and Future ESD Response

26  Costs. These covenants not to sue shall not apply in the event the United States or

27  DTSC brings a cause of action or issues an order pursuant to the reservations set

28  forth in Paragraph 15(c)-(g), but only to the extent that Settling Defendants' claims

1   arise from the same response action or response costs that the United States or
2   DTSC is seeking pursuant to the applicable reservation.

3       17.    Nothing in this Consent Decree shall be deemed to constitute approval
4   or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42
5   U.S.C. § 9611, or 40 C.F.R. 300.700(d).

6       18.    Settling Defendants agree not to assert any claims and to waive all
7   claims or causes of action (including but not limited to claims or causes of action
8   under Sections 107(a) and 113 of CERCLA) that they may have for the IROD
9   Work, Past Response Costs, Future IROD Response Costs, the ESD Work and
10  Future ESD Response Costs against each other.

11      **X.  EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION**

12      19.    Nothing in this Consent Decree shall be construed to create any rights
13  in, or grant any cause of action to, any person not a Party to this Consent Decree.
14  The Parties expressly reserve any and all rights (including, but not limited to, under
15  Section 113 of CERCLA, 42 U.S.C. § 9613), defenses, claims, demands, and
16  causes of action which they may have with respect to any matter, transaction, or
17  occurrence relating in any way to the Site against any person not a Party hereto.
18  Nothing in this Consent Decree diminishes the right of the United States or DTSC,
19  pursuant to Section 113(f)(2) and (3) of CERCLA, 42 U.S.C. § 9613(f)(2)-(3), to
20  pursue any such persons to obtain additional response costs or response action and
21  to enter into settlements that give rise to contribution protection pursuant to
22  Section 113(f)(2).

23      20.    The Parties agree, and by entering this Consent Decree this Court
24  finds, that this settlement constitutes a judicially-approved settlement for purposes
25  of Sections 113(f)(2) and 122(g)(7) of CERCLA, 42 U.S.C. §§ 9613(f)(2) and
26  9622(g)(7) and that each Settling Defendant is entitled, as of the Effective Date of
27  this Consent Decree, to protection from contribution actions or claims as provided
28  by Section 113(f)(2) and 122(g)(7) of CERCLA, 42 U.S.C. §§ 9613(f)(2) and

9622(g)(7), or as may be otherwise provided by law, for "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree as to Settling Defendants (other than Ability-to-Pay Settling Defendants) are the IROD Work, Past Response Costs, and Future IROD Response Costs, the ESD Work and Future ESD Response Costs. The "matters addressed" as to the Ability-to-Pay Settling Defendants are all response actions taken or to be taken and all response costs incurred or to be incurred at or in connection with the Site by the United States or by any other person. The "matters addressed" in this Consent Decree do not include those response costs or response actions as to which the Plaintiffs have reserved their respective rights under this Consent Decree (except for claims for failure to comply with this Decree), in the event that the United States or DTSC asserts rights against Settling Defendants coming within the scope of such reservations.

21.     Each Settling Defendant shall, with respect to any suit or claim brought by it for matters related to this Consent Decree,  notify EPA, DOJ, and DTSC in writing no later than 60 days prior to the initiation of such suit or claim. Each Settling Defendant shall, with respect to any suit or claim brought against it for matters related to this Consent Decree, notify EPA, DOJ, and DTSC in writing within 10 days of service of the complaint or claim upon it.  In addition, each Settling Defendant shall notify EPA, DOJ, and DTSC within 10 days of service or receipt of any Motion for Summary Judgment, and within 10 days of receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

22.     In any subsequent administrative or judicial proceeding initiated by the Plaintiffs for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any

contention that the claims raised by the Plaintiffs in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenant Not to Sue by Plaintiffs set forth in Section VII.

### XI.  ACCESS AND INSTITUTIONAL CONTROLS

23.    If the Site, or any facility at the Site, or any other property where access and/or land/water use restrictions are needed to implement response activities at the Site is owned or controlled by any Settling Defendant, such Settling Defendant shall:

a.    commencing on the date of lodging of this Consent Decree, provide the Plaintiffs and their representatives, including EPA, DTSC, and their contractors, with access at all reasonable times to the Site, or such other property, for the purpose of conducting any response activity related to the Site, including, but not limited to, the following activities:

i.    Monitoring, investigation, removal, remedial or other activities at the Site;

ii.    Verifying any data or information submitted to the United States;

iii.    Conducting investigations relating to contamination at or near the Site;

iv.    Obtaining samples;

v.    Assessing the need for, planning, or implementing additional response actions at or near the Site;

vi.    Inspecting and copying records, operating logs, contracts, or other documents maintained or generated by Settling Defendants or their agents, consistent with Section XII (Access to Information);

vii.    Assessing Settling Defendants' compliance with this Consent Decree; and

16

viii.    Determining whether the Site or other property is being used in a manner that is prohibited or restricted, or that may need to be prohibited or restricted, by or pursuant to this Consent Decree;

b.      commencing on the date of lodging of this Consent Decree, refrain from using the Site, or such other property, in any manner that would interfere with or adversely affect the implementation, integrity or protectiveness of the remedial measures to be performed at the Site; and

c.      If DTSC or EPA determines that institutional controls in any form are required to implement response activities at the Site, ensure the integrity and protectiveness thereof, or ensure non-interference therewith, execute and record all such necessary legal instruments, and fully cooperate with DTSC and with EPA in their efforts to secure and enforce such institutional controls.  Institutional controls shall include deed restrictions, land use covenants, environmental restrictions, as well as any layers of additional protection in the form of state or local laws, regulations, ordinances or other governmental instruments that serve the purpose of institutional controls set forth above.

24.    Notwithstanding any provision of this Consent Decree, the United States and DTSC retain all of their access authorities and rights, as well as all of their rights to require land/water use restrictions, including enforcement authorities related thereto, under CERCLA, RCRA, and any other applicable statute or regulations.

## XII.  ACCESS TO INFORMATION

25.    Settling Defendants shall provide to EPA and DTSC, upon request, copies of all records, reports, or information (hereinafter referred to as "records") within their possession or control or that of their contractors or agents relating to activities at the Site, including, but not limited to, sampling, analysis, chain of custody records, manifests, trucking logs, receipts, reports, sample traffic routing, correspondence, or other documents or information related to the Site.

26.   <u>Confidential Business Information and Privileged Documents</u>.

a.   Settling Defendants may assert business confidentiality claims covering part or all of the records submitted to EPA or DTSC under this Consent Decree to the extent permitted by and in accordance with Section 104(e)(7) of CERCLA, 42 U.S.C. § 9604(e)(7), and 40 C.F.R. § 2.203(b).  Records determined to be confidential by EPA will be accorded the protection specified in 40 C.F.R. Part 2, Subpart B.  If no claim of confidentiality accompanies records when they are submitted to EPA or DTSC, or if EPA has notified Settling Defendants that the records are not confidential under the standards of Section 104(e)(7) of CERCLA or 40 C.F.R. Part 2, Subpart B, the public may be given access to such records without further notice to Settling Defendants.

b.   Settling Defendants may assert that certain records are privileged under the attorney-client privilege or any other privilege recognized by federal law. If Settling Defendants assert such a privilege in lieu of providing records, they shall provide Plaintiffs with the following:  1) the title of the record; 2) the date of the record; 3) the name and title of the author of the record; 4) the name and title of each addressee and recipient; 5) a description of the subject of the record; and 6) the privilege asserted.  However, no records created or generated pursuant to the requirements of this or any other settlement with the United States shall be withheld on the grounds that they are privileged.

27.   No claim of confidentiality shall be made with respect to any data, including but not limited to, all sampling, analytical, monitoring, hydrogeologic, scientific, chemical, or engineering data, or any other records evidencing conditions at or around the Site.

## XIII.  RETENTION OF RECORDS

28.   Until 10 years after the entry of this Consent Decree, each Settling Defendant shall preserve and retain all records now in its possession or control, or which come into its possession or control, that relate in any manner to response

18

1 actions taken at the Site or the liability of any person under CERCLA with respect
2 to the Site, regardless of any corporate retention policy to the contrary.

3      29.     After the conclusion of the document retention period in the preceding
4 Paragraph, Settling Defendants shall notify Plaintiffs at least 90 days prior to the
5 destruction of any such records, and, upon request by Plaintiffs, Settling
6 Defendants shall deliver any such records to Plaintiffs. Settling Defendants may
7 assert that certain records are privileged under the attorney-client privilege or any
8 other privilege recognized by federal law. If Settling Defendants assert such a
9 privilege, they shall provide Plaintiffs with the following: 1) the title of the record;
10 2) the date of the record; 3) the name and title of the author of the record; 4) the
11 name and title of each addressee and recipient; 5) a description of the subject of the
12 record; and 6) the privilege asserted. However, no records created or generated
13 pursuant to the requirements of this or any other settlement with the Plaintiffs shall
14 be withheld on the grounds that they are privileged.

15      30.     a. Each Settling Defendant hereby certifies individually that, to the
16 best of its knowledge and belief, after reasonable inquiry, it has not altered,
17 mutilated, discarded, destroyed or otherwise disposed of any records, reports, or
18 information relating to its potential liability regarding the Site since notification of
19 potential liability by the United States or the filing of suit against it regarding the
20 Site and that it has fully complied with any and all EPA requests for information
21 pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and
22 9622(e), and Section 3007 of RCRA, 42 U.S.C. § 6927.

23        b. Each Settling ATP Defendant further certifies individually that it
24 has submitted Financial Information that fairly, accurately, and materially sets
25 forth its financial circumstances, and that those circumstances have not materially
26 changed between the time the Financial Information was submitted to EPA and the
27 time Settling ATP Defendant executes this Consent Decree.

28                      **XIV. NOTICES AND SUBMISSIONS**

31. Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals listed below, unless those individuals or their successors give notice of a change to the other Parties in writing. Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States, EPA, DOJ, DTSC, and Settling Defendants, respectively.

For Notice to the United States:

> Chief, Environmental Enforcement Section
> Environment and Natural Resources Division
> U.S. Department of Justice
> P.O. Box 7611
> Washington, D.C. 20044-7611
> Re: DJ # 90-11-2-09121/5

> Rachelle Thompson
> Remedial Project Manager
> U.S. Environmental Protection Agency
> Region 9
> 75 Hawthorne Street,
> San Francisco, CA 94105

> Jane Diamond
> Director, Superfund Division
> United States Environmental Protection Agency
> Region 9
> 75 Hawthorne Street,
> San Francisco, CA 94105

For Notice to DTSC, and California Attorney General

> Stewart W. Black
> Deputy Director for Brownfields and Environmental Restoration Program
> Department of Toxic Substances Control
> P.O. Box 806
> Sacramento, California 95812

Christine Bucklin, P.G.
Senior Engineering Geologist
Department of Toxic Substances Control
5795 Corporate Avenue
Cypress, California 90630

Olivia W. Karlin
Deputy Attorney General
California Department of Justice
300 South Spring Street
Los Angeles, CA 90013

For Notice to the Settling Defendants:
    To the name and address indicated on the signature page.

## XV.  RETENTION OF JURISDICTION

32.    This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XVI.  INTEGRATION/APPENDICES

33.    This Consent Decree and its appendices, and the Settlement Agreement negotiated in the litigation between Settling Defendants and the Water Entities, constitute the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Consent Decree. The Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained and referred to, specifically the Settlement Agreement between the Settling Defendants and Water Entities referred to in Paragraph 4 and the state match credit agreement between the EPA and DTSC in Paragraph 5, in this Consent Decree.

34.    The following appendices are attached to and incorporated into this Consent Decree:

Appendix A is the IROD;

Appendix B is the ESD;

21

Appendix C is the map of the Site; and

Appendix D is the List of Settling Defendants.

Appendix E is the Schedule of Settling Defendants' Payments

## XVII.  LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

35.    This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment.  The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate.  Settling Defendants consent to the entry of this Consent Decree without further notice.

36.    If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the discretion of any party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XVIII.  SIGNATORIES/SERVICE

37.    Each undersigned representative of a Settling Defendant to this Consent Decree, the Assistant Attorney General for the Environment and Natural Resources Division of the United States Department of Justice, and the Deputy Director for Brownfields and Environmental Restoration Program of the California Department of Toxic Substances Control certify that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

38.    Each Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States or DTSC has notified Settling Defendants in writing that it no longer supports entry of the Consent Decree.

39.    Each Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by

22

mail or email on behalf of that Party with respect to all matters arising under or relating to this Consent Decree, including for purposes of Notices under Paragraph 32.  Settling Defendants hereby agree to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons.  The Parties agree that Settling Defendants need not file an answer to the complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

## XIX.  FINAL JUDGMENT

40.    Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between and among the Plaintiffs and the Settling Defendants.  The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.


SO ORDERED.


_____          _____
DATE                             HONORABLE AUDREY B. COLLINS
                                 UNITED STATES DISTRICT JUDGE

23

1  FOR THE UNITED STATES OF AMERICA:

2

3

4

5

6

7  Date: 3/27/12

8                                    ROBERT G. DREHER
9                                    Acting Assistant Attorney General
                                     Environment and Natural Resources Division
10                                   U.S. Department of Justice
11                                   Washington, D.C.  20530

12

13

14

15

16

17  Date: 5/10/12

18                                   LORI JONAS
19                                   GABRIEL ALLEN
                                     Environmental Enforcement Section
20                                   Environment and Natural Resources Division
21                                   U.S. Department of Justice
                                     P.O. Box 7611
22                                   Washington, D.C.  20044-7611

23

24

25

26

27

28

24

FOR THE UNITED STATES OF AMERICA, EPA:

Date: 5/1/2012 _____    _____

JANE DIAMOND
Director of the Superfund Division
United States Environmental Protection Agency
Region 9
75 Hawthorne Street
San Francisco, CA  94105

Date: 5/1/2012 _____    _____

JAMES COLLINS
Assistant Regional Counsel
United States Environmental Protection Agency
Region 9
75 Hawthorne Street
San Francisco, CA  94105

25

1  FOR THE DEPARTMENT OF TOXIC SUBSTANCES CONTROL, and
2  CALIFORNIA ATTORNEY GENERAL

3

4

5

6  Date: 1/13/2012

7                                    STEWART W. BLACK
8                                    Deputy Director, Brownfields and
9                                    Environmental Restoration Program
                                     Department of Toxic Substances Control
10                                   P.O. Box 806
11                                   Sacramento, California 95812

12

13

14

15  Date: 1-19-12

16                                   OLIVIA W. KARLIN
17                                   Deputy Attorney General
                                     California Department of Justice
18                                   300 South Spring Street
19                                   Los Angeles, CA 90013

20

21

22

23

24

25

26

27

28

26

FOR SETTLING DEFENDANT ASTRO SEAL, INC.:

Representative Authorized to Sign:

Date: 1/12/2012   Signature: _____

Name: _Michael Hammer_____

Title: _President_____

Address: _8273 Palmyrita Ave_____

_Riverside, CA 92507_____

Agent Authorized to Accept Service and Notice:

Name: _Mike Hammer_____

Title: _827-B Palmyrita Ave._____

Address: _Riverside, CA 92507_____

_____

27

FOR SETTLING DEFENDANTS ART WEISS; ART WEISS, INC.; DEL RAY INDUSTRIAL ENTERPRISES, INC.:

Representative Authorized to Sign:

Date: 1-25-12   Signature: _____

Name: MATTHEW SAWYER

Title: PRESIDENT, AUTHORIZED REPRESENTATIVE

Address: 10616 RUSH ST

So. EL MONTE, CA 91733

Agent Authorized to Accept Service and Notice:

Name: MATTHEW SAWYER

Title: PRESIDENT, AUTHORIZED REPRESENTATIVE

Address: 10616 RUSH ST

So. EL MONTE, CA 91733

FOR SETTLING DEFENDANT CRANEVEYOR CORP.:

Representative Authorized to Sign:

Date: *1/27/12*   Signature: _Gregor Bischoff_

Name: _GREGORY BISCHOFF_

Title: _PRESIDENT_

Address: _1524 N. POTRERO AVE_

_SO EL MONTE, CA 91750_

Agent Authorized to Accept Service and Notice:

Name: _Todd Maiden_

Title: _Reed Smith LLP_

Address: _101 Second Street, Suite 1800_

_San Francisco, CA 94105_

_(415) 659-5918_

_(415) 391-8269 (fax)_

_tmaiden@reedsmith.com_

29

1

*for EBA In*

2   FOR SETTLING DEFENDANT ~~ENB~~, INC. d/b/a/ EARL BUTLER &

3   ASSOCIATES:

4

5   Representative Authorized to Sign:

6

7

8

9

10  Date: *1/18/12*      Signature: _____

11              Name: *ROBERT L DORR*

12              Title: *PRESIDENT*

13

14              Address: *1005 GREG STREET*

15                       *SPARKS, NV 89431-6027*

16

17

18

19

20  Agent Authorized to Accept Service and Notice:

21

22

23              Name: *TODD O. MAIDEN*

24              Title: *Counsel to EBA, Inc.*

25

26              Address: *c/o Reed Smith LLP*

27                       *101 Second St., Ste. 1800*

28                       *San Francisco, CA 94105*

30

1   FOR SETTLING DEFENDANT M & T COMPANY LLC :

2

3

4   Representative Authorized to Sign:

5

6

7

8   Date: 01/17/2012 Signature: _____

9

10          Name:        Edwin Simovich

11          Title:       Trustee / Managing-Member

12          Address:     2439 Rosemead Boulevard

13

14                       South El Monte , CA   91733

15

16

17

18

19   Agent Authorized to Accept Service and Notice:

20

21          Name:        Edwin Simovich

22

23          Title:       Trustee / Managing-Member

24          Address:     2439 Rosemead Boulevard

25

26                       South El Monte , CA   91733

27

28

31

FOR SETTLING DEFENDANT MARY BRKICH:

Representative Authorized to Sign:

Date: As of December 29, 2011   Signature: _Dominic Mortellaro_

Name: JOINT REVOCABLE LIVING TRUST OF MARY BRKICH AND JACK BRKICH (AS AMENDED AND RESTATED)

Title: OWNER  MANAGER EMB LLC

Address: 9629 E. LAS TUNAS DR

~~TEMPLE CITY, CALIF 91780~~

Agent Authorized to Accept Service and Notice:

Name: _Timothy D. McCollum_

Title: _Agent_

Address: _3691.3 River Belle Lane_

_Tollhouse, CA 93667_

32

FOR SETTLING DEFENDANT MARY BRKICH:

Representative Authorized to Sign:

Date: As of December 29, 2011

Signature: _Robert Brkich_

Name: JOINT REVOCABLE LIVING TRUST OF MARY BRKICH AND JACK BRKICH (AS AMENDED AND RESTATED)

Title: OWNER EMB LLC

Address: 9629 E. LAS TUNAS DR.

TEMPLE CITY, CALIF. 91780

Agent Authorized to Accept Service and Notice:

Name: _Timothy D. McCollum_

Title: _Agent_

Address: _36913 River Belle Lane_

_Tollhouse CA 93667_

32 a

1
2    FOR SETTLING DEFENDANT NEW AIR, INC.:
3
4
5    Representative Authorized to Sign:
6
7
8
9    Date: 1-19-12  Signature: _Theodore J Andrews_
10                  Name: _THEODORE J. ANDREWS_
11
12                 Title: _PRESIDENT_
13                 Address: _82746 Mount Riley Drive_
14
15                          _Indio, CA 92203_
16
17
18
19   Agent Authorized to Accept Service and Notice:
20
21
22                 Name: _Timothy D. McCollum_
23
24                 Title: _Agent_
25                 Address: _36913 River Belle Lane_
26
27                          _Tollhouse, CA 93667_
28

                              33

FOR SETTLING DEFENDANT PACIFIC COAST DRUM COMPANY:


Representative Authorized to Sign:


Date: _1-20-12_    Signature: _Darryl Bartolotti_

Name: _DARRYL BARTOLOTTI_

Title: _PRESIDENT_

Address: _P.O. Box 3593_

_So. EL MONTE, CA 91733_


Agent Authorized to Accept Service and Notice:


Name: _DONALD F. BURRIS_

Title: _ATTORNEY AT LAW_

Address: _12121 WILSHIRE BLVD #800_

_LOS ANGELES 90025_

34

FOR SETTLING DEFENDANT QUAKER CHEMICAL CORPORATION:

Representative Authorized to Sign:

Date: 1/25/12        Signature: _Robert T Traub_

Name: _Robert T Traub_

Title: _Assistant General Counsel_

Address: _One Quaker Park_
         _901 E. Hector Street_

         _Conshohocken, PA 19428_

Agent Authorized to Accept Service and Notice:

Name: _Corporation Service Company_

~~Title~~: _2730 Gateway Oaks Drive_

Address: _Suite 100_

         _Sacramento CA 95833_

35