ROBERT G. DREHER
Acting Assistant Attorney General
Environment and Natural Resources Division
LORI JONAS
E-mail: lori.jonas@usdoj.gov
State Bar No. 158268
GABRIEL ALLEN
Environmental Enforcement Section
Environmental & Natural Resources Division
United States Department of Justice
P.O. Box 7611, Washington, D.C. 20044-7611
Telephone: (202) 514-4080
Attorneys for Plaintiff United States of America

KAMALA D. HARRIS
Attorney General of the State of California
SALLY MAGNANI
Senior Assistant Attorney General
BRIAN HEMBACHER
Supervising Deputy Attorney General
OLIVIA KARLIN
Deputy Attorney General
State Bar No. 150432
E-mail: Olivia.Karlin@doj.ca.gov
Deputy Attorney General
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Telephone: (213) 897-0473; Fax: (213) 897-2802

[Additional Counsel listed on the next page]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL, <br><br> Plaintiffs, <br><br> v. <br><br> SEACHROME CORPORATION, *et al.*, <br><br> Defendants. | CIV. NO. : CV 02-4565 ABC (JCx) <br><br> **PARTIAL CONSENT DECREE** [Consent Decree with Seachrome Corporation] <br><br> [consolidated for pretrial and trial purposes with CV 11-0382 ABC (JCx); CV 02-5909ABC (JCx); CV 02-6350 ABC (JCx); CV 02-6346 ABC (JCx)] |

1

2   TODD O. MAIDEN
    State Bar No. 123524
3   Reed Smith LLP
    101 Second Street, Suite 1800
4   San Francisco, CA 94105
    Telephone: (415) 543-8700
5   E-mail: tmaiden@reedsmith.com
    Attorney for Defendant Seachrome Corporation
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# I.  BACKGROUND

A.      The United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), and the California Department of Toxic Substances Control ("DTSC"), filed a complaint in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9607, as amended ("CERCLA"), seeking reimbursement of response costs incurred or to be incurred for response actions taken or to be taken at or in connection with the release or threatened release of hazardous substances at the South El Monte Operable Unit (the "Site") of the San Gabriel Valley Area 1 Superfund Site in South El Monte,  Los Angeles County, California.

B.      The Settling Defendant, as defined below, that has entered into this Consent Decree does not admit any liability to Plaintiffs arising out of the transactions or occurrences alleged in the complaint.

C.      The decision by EPA on the remedial action to be implemented at the Site is embodied in an Interim Record of Decision ("IROD"), executed on September 29, 2000.  The IROD includes a responsiveness summary to the public comments. Notice of the final plan was published in accordance with Section 117(b) of CERCLA.  The IROD is attached as Appendix A.

D.      EPA issued an Explanation of Significant Differences ("ESD") on November 10, 2005, addressing certain additional contaminants at the Site.  The ESD is attached as Appendix B.

E.      The San Gabriel Basin Water Quality Authority ("WQA"), City of Monterey Park, Golden State Water Company, and San Gabriel Valley Water Company (collectively, the "Water Entities") have agreed to perform the funded portions of the IROD Work and the ESD Work, subject to the terms and conditions of the executed agreement between EPA and WQA regarding the Water Entities'

1

2   continued performance of this IROD Work and the ESD Work ("Cooperative

3   Agreement").

4       F.      The United States has reviewed the Financial Information submitted by

5   the Settling Defendant to determine whether the Settling Defendant is financially able

6   to pay response costs incurred and to be incurred at the Site.  Based upon this

7   Financial Information, the United States has determined that the Settling Defendant is

8   able to pay the amounts required under this Consent Decree.

9       G.      This Consent Decree is captioned a "Partial Consent Decree" because

10  there are remaining parties in the case.

11      H.      The United States, DTSC, and Settling Defendant agree, and this Court

12  by entering this Consent Decree finds, that this Consent Decree has been negotiated

13  by the Parties in good faith, that settlement of this matter will avoid prolonged and

14  complicated litigation among the Parties, and that this Consent Decree is fair,

15  reasonable, and in the public interest.

16      THEREFORE, with the consent of the Parties to this Decree, it is ORDERED,

17  ADJUDGED, AND DECREED:

18                          **II.  JURISDICTION**

19      1.      This Court has jurisdiction over the subject matter of this action pursuant

20  to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has

21  personal jurisdiction over Settling Defendant.  Settling Defendant consents to and

22  shall not challenge entry of this Consent Decree or this Court's jurisdiction to enter

23  and enforce this Consent Decree.

24                         **III.  PARTIES BOUND**

25      2.      This Consent Decree is binding upon the United States, DTSC, and upon

26  the Settling Defendant and its heirs, successors and assigns.  Any change in

27  ownership or corporate or other legal status, including, but not limited to, any transfer

28  of assets or real or personal property, shall in no way alter the status or

-4-

responsibilities of Settling Defendant under this Consent Decree.

## IV.  DEFINITIONS

3.     Unless otherwise expressly provided herein, terms used in this Consent Decree which are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or in any Appendix attached hereto, the following definitions shall apply:

a.     "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, *et seq.*

b.     "Consent Decree" shall mean this Consent Decree and all Appendices attached hereto.  In the event of conflict between this Consent Decree and any Appendix, this Consent Decree shall control.

c.     "DTSC" shall mean the California Department of Toxic Substances Control and any successor departments, agencies, or instrumentalities.

d.     "Day" shall mean a calendar day.  In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

e.     "DOJ" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States.

f.     "Effective Date" shall mean the date on which this Consent Decree is entered by the Court as recorded on the Court docket, or, if the Court instead issues an order approving the Consent Decree, the date such order is recorded on the Court docket.

g.     "EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies or instrumentalities of the United States.

h.     "EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

i.     "ESD Work" shall mean all activities that implement the additional interim remedial measures described in the ESD.  The "ESD Work" does not include the "IROD Work."

j.     "Explanation of Significant Differences" or "ESD" shall mean the Explanation of Significant Differences relating to the treatment of certain contamination at the Site, issued by EPA on November 10, 2005.

k.     "Financial Information" shall mean those financial documents identified in Appendix D.

l.     "Interim Record of Decision" or "IROD" shall mean the EPA Interim Record of Decision relating to the Site signed on September 29, 2000 by the Regional Administrator, EPA Region IX, or his/her delegate, and all attachments thereto.

m.     "Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a).  The applicable rate of interest shall be the rate in effect at the time the interest accrues.  The rate of interest is subject to change on October 1 of each year.

n.     "IROD Work" shall mean all activities that implement the interim remedy (addressing containment of the intermediate zone groundwater contamination present in the northwestern part of the Site) described in the IROD.  The "IROD Work" does not include the "ESD Work."

o.     "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

p.     "Parties" shall mean the United States, DTSC, and the Settling Defendant.

q.     "Plaintiffs" shall mean the United States and DTSC.

r.     "RCRA" shall mean the Solid Waste Disposal Act, 42 U.S.C. § 6901, *et seq.* (also known as the Resource Conservation and Recovery Act).

s.     "Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

t.     "Settling Defendant" shall mean Seachrome Corporation, jointly and severally, including where the Settling Defendant is a corporate entity, its officers, directors, shareholders, and corporate successors, but only to the extent that such person or entity within this above category has no independent liability for the Site other than liability derived from the person or entity's relationship to or affiliation with the Settling Defendant.

u.     "Site" shall mean the South El Monte Operable Unit of the San Gabriel Valley Area 1 Superfund Site, Los Angeles County, California, depicted generally on the map attached as Appendix C.

v.     "United States" shall mean the United States of America, including its departments, agencies and instrumentalities.

w.     "Water Entities" shall mean the San Gabriel Basin Water Quality Authority, City of Monterey Park,  Golden State Water Company, and San Gabriel Valley Water Company.

## V. <u>STATEMENT OF PURPOSE</u>

4.     By entering into this Consent Decree, the mutual objective of the Parties is for Settling Defendant to make a cash payment to address its asserted liability for the Site as provided in the Covenant Not to Sue by Plaintiffs in Section VIII, and subject to the Reservations of Rights by Plaintiffs in Section IX.

## VI. <u>PAYMENT OF RESPONSE COSTS</u>

5.     <u>Payments by the Settling Defendant.</u> Settling Defendant shall pay to EPA and Water Entities a total of $1,200,000.  Settling Defendant shall pay to the EPA Hazardous Substance Superfund the principal sum of $960,000, plus an additional sum for Interest as explained below.  Payment shall be made in three installments as explained below. Each installment shall include the principal amount

-7-

due plus an additional sum for accrued Interest on the declining principal balance calculated from the Date of Lodging this Consent Decree.  The first payment of $800,000 shall be due within thirty days of the Effective Date of this Consent Decree. The second payment of $80,000 shall be due within twelve months of the Effective Date of this Consent Decree.  The third payment of $80,000 shall be due within eighteen months of the Effective Date of this Consent Decree.  Settling Defendant shall pay to the Water Entities the amount of $240,000 as provided in the Settlement Agreement in the litigation between the Water Entities and Settling Defendant. Settling Defendant may accelerate these payments without penalty, and Interest due on the accelerated payments shall be reduced accordingly.

6.     All amounts paid to EPA pursuant to Paragraph 5 shall be deposited in the South El Monte Operable Unit Special Account within the EPA Hazardous Substance Superfund to be retained and used to conduct or finance response actions at or in connection with the Site, or to be transferred by EPA to the EPA Hazardous Substance Superfund.  In consideration of its agreement that all funds paid to Plaintiffs shall be so deposited and used by EPA, DTSC will be granted a credit pursuant to Section 104(c)(5)(A) of CERCLA, 42 U.S.C. § 9604(c)(5)(A) under the terms of a separate agreement between DTSC and EPA to be used by DTSC in any manner permitted by Section 104(c)(5)(F) of CERCLA, 42 U.S.C. § 9604(c)(5)(F).

7.     All Payments to the EPA Hazardous Substance Superfund shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with the current EFT procedures, referencing EPA Region IX and Site Spill ID Number 094X, and DOJ Case Number 90-11-2-09121/5.  Payment shall be made in accordance with instructions provided to Settling Defendant by the Financial Litigation Unit of the U.S. Attorney's Office in the Central District of California following lodging of the Consent Decree.  Any payments received by the Department of Justice after 4:00 p.m. Eastern Time shall be credited on the next

-8-

business day.

8.     At the time of each payment, Settling Defendant shall send notice that payment has been made, to the United States (EPA and DOJ) in accordance with Section XV (Notices and Submissions).

## VII.  **FAILURE TO COMPLY WITH CONSENT DECREE**

9.     <u>Interest on Late Payments</u>.  If Settling Defendant fails to make any payment under Paragraph 5 by the required due date, Interest shall continue to accrue on the unpaid balance through the date of payment.

10.     <u>Stipulated Penalties</u>.

a.     If any amounts due under Paragraph 5 are not paid by the required due date, Settling Defendant shall be in violation of this Consent Decree and shall pay, as a stipulated penalty to EPA, in addition to the Interest required by Paragraph 9, $200 per day that any payment is late.

b.     Stipulated penalties are due and payable within 30 days of the date of the demand for payment of the penalties by EPA.  All payments to EPA under this Paragraph shall be identified as "stipulated penalties." All payments to EPA under this Paragraph shall be made by certified or cashier's check made payable to "EPA Hazardous Substance Superfund."  The check, or a letter accompanying the check, shall reference the name and address of the party(ies) making payment, the Site name, EPA Region IX, and Site Spill ID Number 094X, and DOJ Case Number 90-11-2-09121/5, and shall be sent to:

> EPA Superfund
> US EPA
> Region 9
> Attn: Superfund Accounting
> P.O. Box 360863M
> Pittsburgh, PA 15251.

At the time of the payment, Settling Defendant shall send notice that payment has been made, to the United States, EPA and DOJ in accordance with Section XIV

1

2 (Notices and Submissions).

3      c.    Penalties shall accrue as provided in this Paragraph regardless of

4 whether EPA has notified the Settling Defendant of the violation or made a demand

5 for payment, but need only be paid upon demand.  All penalties shall begin to accrue

6 on the day after payment is due and shall continue to accrue through the date of

7 payment.  Nothing herein shall prevent the simultaneous accrual of separate penalties

8 for separate violations of this Consent Decree.

9      11.    If the United States or DTSC brings an action to enforce this Consent

10 Decree, Settling Defendant shall reimburse the United States or DTSC, as applicable,

11 for all costs of such action, including but not limited to costs of attorney time.

12      12.    Payments made under this Section shall be in addition to any other

13 remedies or sanctions available to Plaintiffs by virtue of Settling Defendant's failure

14 to comply with the requirements of this Consent Decree.

15      13.    Notwithstanding any other provision of this Section, the United States

16 may, in its unreviewable discretion, waive payment of any portion of the stipulated

17 penalties that have accrued pursuant to this Consent Decree.  Payment of stipulated

18 penalties shall not excuse the Settling Defendant from payment as required by Section

19 VI or from performance of any other requirements of this Consent Decree.

20                   **VIII.  COVENANT NOT TO SUE BY PLAINTIFFS**

21      14.    <u>Covenant Not to Sue by the United States</u>.  In consideration of the

22 payments to be made pursuant to Section VI of this Consent Decree, and except as

23 specifically provided in this Paragraph, the United States covenants not to sue or to

24 take administrative action against Settling Defendant pursuant to Sections 106 and

25 107(a) of CERCLA, 42 U.S.C. §§ 9606 and 9607(a), with regard to the Site.  With

26 respect to present and future liability, this covenant shall take effect upon receipt by

27 EPA of the first payment required by Section VI, Paragraph 5 (Payment by the

28 Settling Defendant).  This covenant not to sue is conditioned upon the satisfactory

performance by Settling Defendant of its obligations under this Consent Decree including, but not limited to, payment of all amounts due by them under Section VI (Payment of Response Costs) and Section VII (Failure to Comply with Consent Decree). This covenant not to sue is also conditioned upon the veracity of the representations in Paragraph 32 and the veracity and completeness of any Financial Information previously provided to EPA by Settling Defendant. If any such Financial Information is subsequently determined by EPA to be false or, in any material respect, inaccurate, Settling Defendant shall forfeit all payments made pursuant to this Consent Decree and this covenant not to sue and the contribution protection provided to Settling Defendant in Section XI of this Consent Decree shall be null and void. Such forfeiture shall not constitute liquidated damages and shall not in any way foreclose the right of the United States to pursue any other causes of action arising from Settling Defendant's false or materially inaccurate information.

15.   Covenant Not to Sue by DTSC.  Except as specifically provided in Section IX (Reservation of Rights by Plaintiffs), DTSC covenants not to sue or to take administrative action against Settling Defendant pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), or Health and Safety Code Sections 25355.5, 25360, and 25323.5 with regard to the Site.  This covenant not to sue is conditioned upon the satisfactory performance by Settling Defendant of its obligations under this Consent Decree.  This covenant not to sue extends only to Settling Defendant and does not extend to any other person. This covenant not to sue is also conditioned upon the veracity of the representations in Paragraph 32 and the veracity and completeness of any Financial Information previously provided to EPA by Settling Defendant.  If any such Financial Information is subsequently determined by EPA or DTSC to be false or, in any material respect inaccurate, Settling Defendant shall forfeit all payments made pursuant to this Consent Decree and this covenant not to sue and the contribution protection provided to Settling Defendant in Section XI of this Consent

-11-

1

2 Decree shall be null and void. Such forfeiture shall not constitute liquidated damages

3 and shall not in any way foreclose the right of DTSC to pursue any other causes of

4 action arising from Settling Defendant's false or materially inaccurate information.

5 ## IX. **RESERVATION OF RIGHTS BY PLAINTIFFS**

6     16.   The United States and DTSC reserve, and this Consent Decree is without

7 prejudice to, all rights against Settling Defendant with respect to all matters not

8 expressly included within the Covenants Not to Sue by United States and DTSC in

9 Paragraphs 14 and 15. Notwithstanding any other provision of this Consent Decree,

10 the United States and DTSC reserve all rights against  Settling Defendant with respect

11 to:

12     a.   liability for failure of Settling Defendant to meet a requirement of this

13 Consent Decree;

14     b.   criminal liability;

15     c.   liability for damages for injury to, destruction of, or loss of natural

16 resources, and for the costs of any natural resource damage assessments;

17     d.   liability, based upon Settling Defendant's ownership or operation of the

18 Site, or upon Settling Defendant's transportation, treatment, storage, or disposal, or

19 the arrangement for the transportation, treatment, storage, or disposal, of a hazardous

20 substance or a solid waste at or in connection with the Site, occurring after signature

21 of this Consent Decree by Settling Defendant;

22     e.   liability arising from the past, present, or future disposal, release or

23 threat of release of a hazardous substance, pollutant, or contaminant outside of the

24 Site; and

25     f.   liability for performance of response action or for reimbursement of

26 response costs with respect to any other operable unit of the San Gabriel Valley

27 Superfund Site, including but not limited to the response costs at the Whittier

28 Narrows Operable Unit.

17.     Notwithstanding any other provision of this Consent Decree, EPA and DTSC reserve, and this Consent Decree is without prejudice to, the right to reinstitute or reopen this action, or to commence a new action seeking relief other than as provided in this Consent Decree, if the Financial Information provided by Settling Defendant, or the financial certification made by Settling Defendant in Paragraph 32, is false or, in an material respect, inaccurate.

## X. <u>COVENANT NOT TO SUE BY SETTLING DEFENDANT</u>

18.     Settling Defendant covenants not to sue and agrees not to assert any claims or causes of action against the Plaintiffs or its contractors or employees, with respect to the Site or this Consent Decree, including but not limited to:

a.     any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

b.     any claim arising out of response actions at or in connection with the Site, including any claim under the United States Constitution, the California Constitution, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; or

c.     any claim against the Plaintiffs pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to the Site.

Except as provided in Paragraph 20 (Waiver of Claims) and Paragraph 24 (Waiver of Claim-Splitting Defenses), these covenants not to sue shall not apply in the event the United States or DTSC brings a cause of action or issues an order pursuant to the reservations set forth in Paragraph 16(c)-(f), but only to the extent that Settling Defendant's claims arise from the same response action or response costs that the United States or DTSC is seeking pursuant to the applicable reservation.

19.     Nothing in this Consent Decree shall be deemed to constitute approval or

-13-

1

2  preauthorization of a claim within the meaning of Section 111 of CERCLA, 42

3  U.S.C. § 9611, or 40 C.F.R. 300.700(d).

4      20.   Settling Defendant agrees not to assert any CERCLA claims or causes of

5  action that it may have for all matters relating to the Site, including for contribution,

6  against any other person.  This waiver shall not apply with respect to any defense,

7  claim, or cause of action that Settling Defendant may have against any person if such

8  person asserts a claim or cause of action relating to the Site against such Settling

9  Defendant.

10  **XI.  EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION**

11      21.   Except as provided in Paragraph 20, nothing in this Consent

12  Decree shall be construed to create any rights in, or grant any cause of action to,

13  any person not a Party to this Consent Decree.  The preceding sentence shall not

14  be construed to waive or nullify any rights that any person not a signatory to this

15  Decree may have under applicable law.  Except as provided in Paragraph 20, the

16  Parties expressly reserve any and all rights (including, but not limited to, any

17  right to contribution), defenses, claims, demands, and causes of action which

18  they may have with respect to any matter, transaction, or occurrence relating in

19  any way to the Site against any person not a Party hereto. Nothing in this

20  Consent Decree diminishes the right of the United States or DTSC, pursuant to

21  Section 113(f)(2) and (3) of CERCLA, 42 U.S.C. § 9613(f)(2)-(3), to pursue any

22  such persons to obtain additional response costs or response action and to enter

23  into settlements that give rise to contribution protection pursuant to Section

24  113(f)(2).

25      22.   The Parties agree, and by entering this Consent Decree this Court

26  finds, that Settling Defendant is entitled, as of the Effective Date of this Consent

27  Decree, to protection from contribution actions or claims as provided by Section

28  113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for "matters addressed" in this

Consent Decree.  The "matters addressed" in this Consent Decree are all response actions taken or to be taken and all response costs incurred or to be incurred, at or in connection with the Site, by the United States or any other person.  The "matters addressed" in this Consent Decree do not include those response costs or response actions as to which the United States or DTSC has reserved its rights under this Consent Decree (except for claims for failure to comply with this Decree), in the event that the United States or DTSC asserts rights against Settling Defendant coming within the scope of such reservations.

23.    Settling Defendant shall, with respect to any suit or claim  brought by it for matters related to this Consent Decree,  notify EPA, DOJ, and DTSC in writing no later than 60 days prior to the initiation of such suit or claim. Settling Defendant shall, with respect to any suit or claim  brought against it for matters related to this Consent Decree, notify EPA, DOJ, and DTSC in writing within 10 days of service of the complaint or claim upon it.  In addition, Settling Defendant shall notify EPA, DOJ, and DTSC within 10 days of service or receipt of any Motion for Summary Judgment, and within 10 days of receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

24.    In any subsequent administrative or judicial proceeding initiated by the Plaintiffs for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the Plaintiffs in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenant Not to Sue by Plaintiffs set forth in Section VIII.

1

2    ## XII.  ACCESS AND INSTITUTIONAL CONTROLS

3        25.    If the Site, or any facility at the Site, or any other property where

4    access and/or land/water use restrictions are needed to implement response

5    activities at the Site is owned or controlled by Settling Defendant, such Settling

6    Defendant shall:

7            a.    commencing on the date of lodging of this Consent Decree,

8    provide the Plaintiffs and their representatives, including EPA, DTSC, and their

9    contractors, with access at all reasonable times to the Site, or such other

10   property, for the purpose of conducting any response activity related to the Site,

11   including, but not limited to, the following activities:

12              i.    Monitoring, investigation, removal, remedial or other

13                    activities at the Site;

14              ii.    Verifying any data or information submitted to the United

15                    States;

16              iii.    Conducting investigations relating to contamination at or

17                    near the Site;

18              iv.    Obtaining samples;

19              v.    Assessing the need for, planning, or implementing additional

20                    response actions at or near the Site;

21              vi.    Inspecting and copying records, operating logs, contracts, or

22                    other documents maintained or generated by Settling

23                    Defendant or its agents, consistent with Section XIII (Access

24                    to Information);

25              vii.    Assessing Settling Defendant's compliance with this

26                    Consent Decree; and

27              viii.    Determining whether the Site or other property is being used

28                    in a manner that is prohibited or restricted, or that may need

-16-

to be prohibited or restricted, by or pursuant to this Consent Decree;

b.      commencing on the date of lodging of this Consent Decree, refrain from using the Site, or such other property, in any manner that would interfere with or adversely affect the implementation, integrity or protectiveness of the remedial measures to be performed at the Site; and

c.      If DTSC or EPA determines that institutional controls in any form are required to implement response activities at the Site, ensure the integrity and protectiveness thereof, or ensure non-interference therewith, execute and record all such necessary legal instruments, and fully cooperate with DTSC and with EPA in their efforts to secure and enforce such institutional controls. Institutional controls shall include deed restrictions, land use covenants, environmental restrictions, as well as any layers of additional protection in the form of state or local laws, regulations, ordinances or other governmental instruments that serve the purpose of institutional controls set forth above.

26.     Notwithstanding any provision of this Consent Decree, the United States and DTSC retain all of their access authorities and rights, as well as all of their rights to require land/water use restrictions, including enforcement authorities related thereto, under CERCLA, RCRA, and any other applicable statute or regulations.

## XIII. ACCESS TO INFORMATION

27.     Settling Defendant shall provide to EPA and DTSC, upon request, copies of all records, reports, or information (hereinafter referred to as "records") within its possession or control or that of their contractors or agents relating to activities at the Site, including, but not limited to, sampling, analysis, chain of custody records, manifests, trucking logs, receipts, reports, sample traffic routing, correspondence, or other documents or information related to the

-17-

Site.

    28.   <u>Confidential Business Information and Privileged Documents</u>.

    a.   Settling Defendant may assert business confidentiality claims covering part or all of the records submitted to EPA or DTSC under this Consent Decree to the extent permitted by and in accordance with Section 104(e)(7) of CERCLA, 42 U.S.C. § 9604(e)(7), and 40 C.F.R. § 2.203(b). Records determined to be confidential by EPA will be accorded the protection specified in 40 C.F.R. Part 2, Subpart B. If no claim of confidentiality accompanies records when they are submitted to EPA, or if EPA has notified Settling Defendant that the records are not confidential under the standards of Section 104(e)(7) of CERCLA or 40 C.F.R. Part 2, Subpart B, the public may be given access to such records without further notice to Settling Defendant.

    b.   Settling Defendant may assert that certain records are privileged under the attorney-client privilege or any other privilege recognized by federal law. If Settling Defendant asserts such a privilege in lieu of providing records, it shall provide Plaintiffs with the following: 1) the title of the record; 2) the date of the record; 3) the name and title of the author of the record; 4) the name and title of each addressee and recipient; 5) a description of the subject of the record; and 6) the privilege asserted. However, no records created or generated pursuant to the requirements of this or any other settlement with the United States shall be withheld on the grounds that they are privileged.

    29.   No claim of confidentiality shall be made with respect to any data, including but not limited to, all sampling, analytical, monitoring, hydrogeologic, scientific, chemical, or engineering data, or any other records evidencing conditions at or around the Site.

## XIV. RETENTION OF RECORDS

    30.   Until 10 years after the entry of this Consent Decree, Settling

1

2 Defendant shall preserve and retain all records now in its possession or control,

3 or which come into its possession or control, that relate in any manner to

4 response actions taken at the Site or the liability of any person under CERCLA

5 with respect to the Site, regardless of any corporate retention policy to the

6 contrary.

7        31.    After the conclusion of the document retention period in the

8 preceding Paragraph, Settling Defendant shall notify Plaintiffs at least 90 days

9 prior to the destruction of any such records, and, upon request by Plaintiffs,

10 Settling Defendant shall deliver any such records to Plaintiffs.  Settling

11 Defendant may assert that certain records are privileged under the attorney-

12 client privilege or any other privilege recognized by federal law.  If Settling

13 Defendant asserts such a privilege, it shall provide Plaintiffs with the following:

14 1) the title of the record; 2) the date of the record; 3) the name and title of the

15 author of the record; 4) the name and title of each addressee and recipient; 5) a

16 description of the subject of the record; and 6) the privilege asserted.  However,

17 no records created or generated pursuant to the requirements of this or any other

18 settlement with the Plaintiffs shall be withheld on the grounds that they are

19 privileged.

20        32.    Settling Defendant hereby certifies that, to the best of its

21 knowledge and belief, after thorough inquiry, it has:

22        a. not altered, mutilated, discarded, destroyed or otherwise disposed of

23 any records, reports, or other information relating to its potential liability

24 regarding the Site since notification of potential liability by the United States or

25 the State or the filing of suit against it regarding the Site, and that it has fully

26 complied with any and all EPA requests for information regarding the Site and

27 Settling Defendant's financial circumstances pursuant to Sections 104(e) and

28 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of

1

2 RCRA, 42 U.S.C. § 6927; and

3        b.  submitted Financial Information that fairly, accurately, and materially

4 sets forth their financial circumstances, and that those circumstances have not

5 materially changed between the time the Financial Information was submitted to

6 EPA and the time Settling Defendant executes this Consent Decree.

7

8              **XV.  NOTICES AND SUBMISSIONS**

9        33.    Whenever, under the terms of this Consent Decree, notice is

10 required to be given or a document is required to be sent by one party to

11 another, it shall be directed to the individuals listed below, unless those

12 individuals or their successors give notice of a change to the other Parties in

13 writing.  Written notice as specified herein shall constitute complete satisfaction

14 of any written notice requirement of the Consent Decree with respect to the

15 United States, EPA, DOJ, DTSC, and Settling Defendant, respectively.

16 For Notice to the United States:

17        Chief, Environmental Enforcement Section
        Environment and Natural Resources Division
18        U.S. Department of Justice
        P.O. Box 7611
19        Washington, D.C.  20044-7611
        Re: DJ # 90-11-2-09121/5
20
        Rachelle Thompson
21        Remedial Project Manager
        U.S. Environmental Protection Agency
22        Region 9
        75 Hawthorne Street,
23        San Francisco, CA  94105

24        Jane Diamond
        Director, Superfund Division
25        United States Environmental Protection Agency
        Region 9
26        75 Hawthorne Street,
        San Francisco, CA  94105

27 For Notice to DTSC, and California Attorney General

28

Stewart W. Black
Deputy Director for Brownfields and Environmental Restoration Program
Department of Toxic Substances Control
P.O. Box 806
Sacramento, California 95812

Christine Bucklin, P.G.
Brownfields and Environmental Restoration Program
Department of Toxic Substances Control
5795 Corporate Avenue
Cypress, California 90630

Olivia Karlin
Deputy Attorney General
California Department of Justice
300 South Spring Street
Los Angeles, California 90013

For Notice to the Settling Defendant:

To the name and address indicated on the signature page.

## XVI. **RETENTION OF JURISDICTION**

34.    This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XVII. **INTEGRATION/APPENDICES**

35.    This Consent Decree and its appendices, and the Settlement Agreement negotiated in the litigation between Settling Defendant and the Water Entities, constitute the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Consent Decree.  The Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained and referred to, specifically the Settlement Agreement between the Settling Defendant and Water Entities referred to in Paragraph 5 and the state match credit agreement between the EPA and DTSC in Paragraph 6, in this Consent Decree.

36.    The following appendices are attached to and incorporated into this Consent Decree:

-21-

Appendix A is the IROD;

Appendix B is  the ESD;

Appendix C is the map of the Site; and

Appendix D is a list of the financial documents submitted to EPA by Settling Defendant.

## XVIII.  LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

37.    This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment.  The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate.  Settling Defendant consents to the entry of this Consent Decree without further notice.

38.    If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the discretion of any party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XIX.  SIGNATORIES/SERVICE

39.    Each undersigned representative of the Settling Defendant to this Consent Decree, the Assistant Attorney General for the Environment and Natural Resources Division of the United States Department of Justice, and the Deputy Director for Brownfields and Environmental Restoration Program of the California Department of Toxic Substances Control certify that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

40.    Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States or DTSC has notified Settling Defendant in

writing that it no longer supports entry of the Consent Decree.

41.   Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail or email on behalf of that Party with respect to all matters arising under or relating to this Consent Decree, including for purposes of Notices under Paragraph 33. Settling Defendant hereby agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons. The Parties agree that Settling Defendant need not file an answer to the complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

## XX. **FINAL JUDGMENT**

42.   Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between and among the Plaintiffs and the Settling Defendant. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED.


_____
DATE

HONORABLE AUDREY B. COLLINS
UNITED STATES DISTRICT JUDGE

-23-

FOR THE UNITED STATES OF AMERICA:

Date: 3/27/12

ROBERT G. DREHER
Acting Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice
Washington, D.C.  20530

Date: 5/10/12

LORI JONAS
GABRIEL ALLEN
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C.  20044-7611

-24-

1

2

3   FOR THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY:

4

5   Date: 5/1/2012

6   JANE DIAMOND
    Director of the Superfund Division
7   United States Environmental Protection Agency
    Region 9
8   75 Hawthorne Street
    San Francisco, CA 94105

9

10

11   LEWIS MALDONADO

12   JAMES COLLINS
     United States Environmental Protection Agency
13   Region 9
     75 Hawthorne Street
14   San Francisco, CA 94105

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FOR THE DEPARTMENT OF TOXIC SUBSTANCES CONTROL, and CALIFORNIA ATTORNEY GENERAL

Date: 1/13/2012

STEWART W. BLACK
Deputy Director, Brownfields and
    Environmental Restoration Program
Department of Toxic Substances Control
P.O. Box 806
Sacramento, California 95812

OLIVIA W. KARLIN
Deputy Attorney General
California Department of Justice
300 South Spring Street
Los Angeles, California 90013

-26-

FOR SETTLING DEFENDANT SEACHROME CORPORATION:

Representative Authorized to Sign:

Date: 5/7/12     Signature: _____
                 Name:      JAM C. LONGO. JR.
                 Title:     CEO
                 Address:   1906 E. DOMINGUEZ ST.
                            CARSON, CALIF. 90810

Agent Authorized to Accept Service and Notice:

                 Name:      SAM C. LONGO, JR.
                 Title:     CEO
                 Address:   1906 E. DOMINGUEZ ST.
                            CARSON, CAL. 90810

-27-