**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JAMES A. GEOCARIS, SB# 65904
  E-Mail: geocaris@lbbslaw.com
JEFFREY MCDONALD, SB#255775
  E-Mail: mcdonald@lbbslaw.com
650 Town Center Drive, Suite 1400
Costa Mesa, California 92626
Telephone: 714.545.9200
Facsimile: 714.850.1030

Attorneys for TED LEVINE DRUM COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN GABRIEL BASIN WATER QUALITY AUTHORITY,<br><br>Plaintiff,<br><br>vs.<br><br>AEROJET-GENERAL CORPORATION, et al.,<br><br>Defendants.<br><br>AND RELATED COORDINATED CASES | CASE NO. CV 02-4565 ABC (RCx)<br><br>*[Consolidated for pre-trial purposes with Cases Nos. CV 02-5909 ABC (RCx), CV 02-6340 ABC (RCx), and CV 02-6346 ABC (RCx)]*<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT TED LEVINE DRUM COMPANY FOR ORDER APPROVING SETTLEMENT WITH WATER ENTITY PLAINTIFFS AND BARRING CERTAIN CLAIMS AGAINST IT: MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:  October 19, 2012<br>Time:  10:00 a.m.<br>Judge: Hon. Audrey B. Collins<br>Crtrm: 680 |

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 19, 2012 at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 680 of this Court, located at

4819-7891-6880.1

Roybal Federal Building, 255 East Temple Street, Los Angeles, California, Defendant TED LEVINE DRUM COMPANY, INC. ("TLD") will, and hereby does, move for an order (1) determining that the settlement agreement ("Settlement Agreement") with San Gabriel Basin Water Quality Authority, Golden State Water Company (formerly known as Southern California Water Company), San Gabriel Valley Water Company and the City of Monterey Park (collectively, the "Water Entity Plaintiffs") is fair, reasonable and consistent with the purposes of the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601 *et seq.* ("CERCLA") and is a "good faith settlement" within the meaning of California Code of Civil Procedure § 877.6, and (2) barring past, present or future claims against TLD by any party for contribution, equitable comparative contribution, cost recovery, or full, partial or comparative indemnity arising out of, relating to, or in connection with the matters addressed in the Settlement Agreement, as set forth in the proposed order submitted with this Motion.

The Motion will be based on this Notice and the accompanying Memorandum of Points and Authorities, the Declaration of James A. Geocaris, filed and served concurrently with this notice, other papers filed or lodged in connection with this Motion, and all the files and records in the consolidated cases, and any further evidence and argument that the Court may receive at or before any hearing.

**This Motion is made following a conference of counsel pursuant to Central District Local Rule 7-3, which took place on August 13, 2012, as set forth in the Declaration of James A. Geocaris, filed in support of this Motion. No party has indicated before, during or after the conference an intention to oppose this Motion. Accordingly, TLD respectfully requests that the Court**

///

1  grant this Motion, with, or without a hearing, as the Court deems appropriate.

2

3  DATED: September 18, 2012           LEWIS BRISBOIS BISGAARD & SMITH LLP

              By: _____
              James A. Geocaris, Esq.
              Jeffrey McDonald, Esq.
              Attorneys for TED LEVINE DRUM
              COMPANY

4819-7891-6880.1                    3
NOTICE OF MOTION AND MOTION OF DEFENDANT TED LEVINE DRUM COMPANY FOR ORDER
APPROVING SETTLEMENT WITH WATER ENTITY PLAINTIFFS AND BARRING CERTAIN CLAIMS
AGAINST IT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Defendant Ted Levine Drum Company, Inc. ("TLD") submits this Memorandum of Points and Authorities in support of its Motion for Entry of Order Approving Settlement with Water Entity Plaintiffs and Barring Certain Claims Against It ("Motion"). The Motion seeks: (1) the court's determination that TLD's settlement agreement ("Settlement Agreement") with San Gabriel Water Quality Authority, Golden State Water Company (formerly known as Southern California Water Company), San Gabriel Valley Water Company and the City of Monterey Park (collectively, the "Water Entity Plaintiffs") is fair, reasonable and consistent with the purposes of the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601 *et seq.* ("CERCLA") and is a "good faith settlement" within the meaning of California Code of Civil Procedure § 877.6, and (2) an order barring past, present or future claims against TLD by any party for contribution, equitable comparative contribution, cost recovery, or full, partial or comparative indemnity arising out of, relating to, or in connection with the matters addressed in the Settlement Agreement, as set forth in the proposed order submitted with this Motion. The Settlement Agreement relates to claims asserted against TLD in the following consolidated cases brought by the Water Entity Plaintiffs:

(1)  San Gabriel Basin Water Quality Authority v. Aerojet-General Corporation, et al., USDC, Central District of California, Case No. CV 02-4565 ABC (RCx) (hereinafter, the "SGBWQA Case");

(2)  Southern California Water Company v. Aerojet-General Corporation, et al., USDC, Central District of California, Case No. CV 02-6340 ABC (RCx) (hereinafter, the "SCWC Case");

(3)  San Gabriel Valley Water Company v. Aerojet-General Corporation, et al., USDC, Central District of California, Case No. CV 02-6346 ABC (RCx)



(hereinafter, the "SGVWC Case"); and

    (4)   City of Monterey Park v. Aerojet-General Corporation, et al., USDC, Central District of California, Case No. CV 02-5909 ABC (RCx) (hereinafter the "Monterey Park Case," and together with SGVWC Case, SCWC Case and SGBWQA Case the "Water Entity Cases").

    As set forth in the Notice of Motion, TLD believes that this Motion is unopposed by any of the other parties to the Water Entity Cases. Declaration of James A. Geocaris ("Geocaris Decl."), ¶ 9.

    The Water Entity Plaintiffs have sued TLD, pursuant to the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601 et seq. ("CERCLA") and state law, for claims arising out of groundwater contamination located within a portion of the San Gabriel Valley Superfund Site ("Site") known as the South El Monte Operable Unit ("SEMOU"). TLD is alleged by the Water Entity Plaintiffs to have contributed to such groundwater contamination by virtue of its operations at or ownership of property located at 1729-1927 Chico Avenue, South El Monte, CA; 9630, 9648 and 9660 El Poche Street, South El Monte, CA; and 9661 Alpaca Street, South El Monte, CA (collectively hereinafter the "Property").[1]

    The Settlement Agreement, attached as Exhibit A to the Declaration of James A. Geocaris in support of this Motion, requires a payment of $350,000.00 by TLD ("Settlement Payment"). The Settlement Payment will resolve the Water Entity Plaintiffs' past and future claims against TLD related to groundwater contamination within the SEMOU. Once the Settlement Payment (currently being held in trust) is made to the Water Entity Plaintiffs, TLD will be dismissed from the Water Entity Cases pursuant to the terms of a stipulation with the Water Entity Plaintiffs in the

---

[1] TLD is to be dismissed from the Water Entity Cases pursuant to the stipulation attached to the Settlement Agreement (Exhibit C to Exhibit A to the Geocaris Decl.), which provides for the dismissal to be with prejudice as to certain claims and without prejudice as to certain other claims.

1  form attached to the Settlement Agreement.

2      This motion seeks approval of the Settlement Agreement and entry of a bar order pursuant to CERCLA and federal common law. The Water Entity Cases and the Water Entity Plaintiffs' claims released under the Settlement Agreement include California state law claims. Therefore, this Motion also seeks a determination that the Settlement Agreement is a "good faith" settlement under California Code of Civil Procedure ("CCP") sections 877 and 877.6, which provide for the imposition of a contribution bar upon a finding that a settlement is a "good faith settlement."

    As demonstrated below, the Settlement Agreement was negotiated at arms' length and with the assistance of the court-appointed Special Settlement Master. Geocaris Decl., ¶ 5. TLD entered into the Settlement Agreement to avoid transaction costs and litigation risks, and it is paying in settlement an amount it believes exceeds any potential liability that it might have with respect to the settled claims and for any groundwater contamination within the SEMOU. Geocaris Decl., ¶ 7. The Settlement Agreement therefore is procedurally and substantively fair and reasonable, consistent with the purposes of CERCLA, and is a "good faith settlement" within the meaning of CCP § 877.6(c).

## II.  FACTUAL BACKGROUND

### A.  Water Entity Plaintiffs' Claims Against Ted Levine Drum Company, Inc.

    The complaints filed by the Water Entity Plaintiffs in their respective cases seek recovery under CERCLA and state law. Among the Water Entity Cases, the specific claims alleged vary, but all of the Water Entity Plaintiffs have alleged claims against TLD for cost recovery and/or contribution under CERCLA for costs expended to remediate groundwater and declaratory relief for all future response costs related to alleged groundwater contamination within the San Gabriel Valley Basin Aquifer in the geographic area designated by the United States Environmental

Protection Agency ("EPA") as the South El Monte Operable Unit ("SEMOU").[2] The Water Entity Plaintiffs have also alleged state law causes of action against TLD, including claims under California Business and Professions Code § 17200 and for negligence, public and private nuisance and trespass, as well as declaratory relief with respect to such claims.[3] TLD is alleged to be liable to the Water Entity Plaintiffs by virtue of its ownership and/or operations at the Property.

TLD denies liability in connection with the claims made by the Water Entity Plaintiffs. Before the stay imposed in the Water Entity Cases in 2004, TLD filed answers to the initial complaints and subsequent amended complaints in certain of the Water Entity Cases, in which it denied any liability. Geocaris Decl., ¶ 3. TLD contends that activities at the Property as a result of its operations did not cause or contribute to groundwater contamination within the SEMOU. Id. at ¶ 5.

### B. The Settlement Process

The Settlement Agreement was reached as part of the process involving the Special Settlement Master, Timothy Gallagher ("Special Settlement Master"), appointed pursuant to this Court's order dated September 10, 2004 (Document 572). An agreement in principle between TLD and the Water Entity Plaintiffs was reached by the Spring of 2012, and a written agreement was entered into in July, 2012. Geocaris Decl., ¶¶ 6-7. In August 2012, TLD made its Settlement Payment to the Special Settlement Master to be held in trust, pending satisfaction of conditions to the effectiveness of the settlement. Id. at ¶ 9. One such condition is this Court's

---

[2] See Third Amended Complaint filed April 12, 2004 in SGVWC Case; see Fourth Amended and Second Supplemental Complaint filed July 26, 2004 in SCWC Case; see Second Amended Complaint filed April 12, 2004 in SGBWQA Case; and see Third Amended Complaint filed April 12, 2004 in Monterey Park Case.

[3] Claims for continuing public nuisance, continuing private nuisance, continuing trespass, negligence per se, and declaratory relief were made in SGVWC Case, SCWC Case and Monterey Park Case. Claims for violation of California Business and Professions Code § 12700 were made in SGVWC Case and SCWC Case.



approval of the Settlement Agreement and entry of the order sought by this Motion. Id. at ¶ 7.

### C. Settlement Terms

The Settlement Agreement provides for TLD to pay the Water Entity Plaintiffs a total of $350,000.00, contingent upon court approval of the Settlement Agreement. Id. at ¶ 7, Exhibit A at ¶ 1.B. The Settlement Agreement provides for the division of the settlement proceeds among the Water Entity Plaintiffs and identifies the purposes for which such funds are to be used. Id.

In the Settlement Agreement, the Water Entity Plaintiffs and certain related persons and entities agree to release TLD from all claims arising out of or in any way connected with alleged contamination in the SEMOU related to or arising out of TLD's ownership, operation, arrangement, transportation, or activities at the Property.[4] Id. at ¶ 3.A. The released claims, defined in the Settlement Agreement as "Water Entities' Released Claims," thus include not only the claims made by the Water Entity Plaintiffs in the Water Entity Cases, but all future claims related to groundwater contamination within the SEMOU.

### III. ARGUMENT

This Court has the authority to approve the settlement agreement and enter the Order under both federal and state law. Water Entity Plaintiffs have sued TLD on federal claims under CERCLA and on statutory and common law claims under California law. It is therefore appropriate to look to both federal and state law as a basis for this Court's approval of the settlement agreement and the entry of a bar order. As addressed below, the settlement agreement should be approved and the order entered, both as a matter of federal and state law.

---

[4] The releases are subject to TLD's representations regarding use of certain chemicals as set forth in Paragraph 6 of the Settlement Agreement.
4819-7891-6880.1

8

NOTICE OF MOTION AND MOTION OF DEFENDANT TED LEVINE DRUM COMPANY FOR ORDER APPROVING SETTLEMENT WITH WATER ENTITY PLAINTIFFS AND BARRING CERTAIN CLAIMS AGAINST IT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

### A. The Settlement Agreement Should be Approved and a Bar Order Entered Pursuant to Federal Common Law and CERCLA.

In a number of environmental cases, particularly those which, as here, involve claims under CERCLA, district courts have approved settlements and entered bar orders. See, e.g., *West County Landfill, Inc. v. Ray-Chem International Corp.*, 1997 U.S. Dist. LEXIS 1791 (N.D. Cal. 1997) (court entered order barring all claims "asserted in this action or addressed in the Settlement Agreement, regardless of when asserted or by whom . . ."); *Ameripride Services Inc. v. Valley Industrial Services, Inc.*, Case No. CIV. S 00 113 (E.D. Cal. July 2, 2007) (approving settlements under both state and federal law and entering bar order). A court's authority to review and approve settlements and to enter bar orders has been recognized within the Ninth Circuit. See, e.g., *Franklin v. Kay-Pro*, 884 F.2d 1222 (9th Cir. 1989); *Miller v. Christopher*, 887 F.2d 902, 906 (9th Cir. 1989). That authority also applies to settlements in federal cases that involve state law claims. See, e.g. *Federal Savings and Loan Ins. Corp. v. Butler*, 904 F.2d 505, 511 (9th Cir. 1990).

In evaluating a private party settlement for purposes of entering a bar order, the Court should evaluate the "settlement in terms of certain factors such as strength of case and amount of offer, etc. in accordance with the facts and circumstances known at the time of settlement." *United States v. Western Processing Co., Inc.*, 756 F. Supp. 1424, 1426 (W.D. Wash. 1990); *Patterson Environmental Response Trust v. Autocare 2000, Inc.*, No. CIV-F 01-6606 (E.D. Cal. July 8, 2002) at p. 10. More specifically, prior to approval of a private party CERCLA settlement agreement, a court should determine if the settlement is fair, reasonable, and consistent with CERCLA. See also *United States v. Mallinckrodt*, 2006 U.S. Dist. LEXIS 83211, 64 ERC (BNA) 1016 (E.D. Mo. 2006), at *22, citing *United States v. Hercules, Inc.*, 961 F.2d 796, 800 (8th Cir. 1992) ("a district court must ask

whether the settlement is (1) procedurally and substantively fair; (2) reasonable; and (3) consistent with CERCLA"). The approval of a settlement agreement "in the CERCLA context is committed to the trial court's informed discretion." *Evansville Greenway & Remediation Trust v. Southern Indiana Gas & Elec. Co.*, Inc., 2010 U.S. Dist LEXIS 100072, at *6 (S.D. Ind. Sept. 20, 2010).

Here, the settlement agreement is procedurally and substantively fair. The settlement agreement was the result of arms-length negotiations. Geocaris Decl., ¶¶ 6-7. Those negotiations took place in the context of the Water Entity Plaintiffs' extensive knowledge and investigation of other alleged sources of contamination within the SEMOU. Id., at ¶ 7, Exh. A at ¶ 6.A. The settlement agreement was not the result of collusion or fraud, nor was structured so as to impose an undue share of liability on non-settling parties. TLD's decision to settle was motivated by the desire to avoid significant legal and expert costs required to further litigate this case, as well as to avoid the uncertainty inherent in the litigation process. Id. at ¶ 8. It was also motivated by a desire for finality with respect to TLD's involvement in the Water Entity Cases, as well as any other litigation related to contamination stemming from the SEMOU. Id. If anything, the amount being paid by TLD in settlement ($350,500.00) exceeds any potential liability that it might have for claims associated with groundwater contamination with the SEMOU.

**B. The Settlement Agreement Is a Good Faith Settlement Pursuant to CCP Sections 887 and 877.6.**

In the Water Entity Cases, TLD has been sued on state statutory and common law claims, and such claims (past and future) are within the scope of the Water Entities' Released Claims (as set forth in the Settlement Agreement). It is therefore appropriate to look to CCP section 877.6 in approving the Settlement Agreement.

CCP section 877 provides that a good faith determination shall discharge the parties to whom it is given "from all liability for any contribution to any other



4819-7891-6880.1    10

NOTICE OF MOTION AND MOTION OF DEFENDANT TED LEVINE DRUM COMPANY FOR ORDER APPROVING SETTLEMENT WITH WATER ENTITY PLAINTIFFS AND BARRING CERTAIN CLAIMS AGAINST IT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

parties." CCP section 877.6 provides, in subpart (c), as follows:

> A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault.

Whether a settlement is made in "good faith" is a determination that, as explained by the California Supreme Court in *Tech-Bilt, Inc. v. Woodward-Clyde & Associates*, 38 Cal.3d 488, 499-500 (1985), is based on consideration of several factors including: (1) a rough approximation of plaintiffs' total recovery, and the settlor's proportionate liability; (2) the amount paid in settlement; (3) the allocation of settlement proceeds among plaintiffs; (4) a recognition that a settlor should pay less in settlement than he or she would if found liable after a trial; (5) the settling party's financial condition and the availability of insurance; and (6) evidence of any collusion, fraud, or tortious conduct between the settler and the plaintiff aimed at requiring the non-settling parties to pay more than their fair share. Any party who opposes a motion for determination of good faith settlement must demonstrate that "settlement is so far 'out of the ballpark' . . . as to be inconsistent with the equitable objectives of the statute." CCP § 877.6(d); *Tech-Bilt, Inc.*, 38 Cal.3d at 499-500. Federal courts have authority to apply the *Tech-Bilt* factors when ruling on such a motion. *Shamut Bank NA. v. Kress Assoc.*, 33 F.3d 1477, 1505 (9th Cir. 1994).

Under the *Tech-Bilt* factors, the Settlement Agreement is a good faith settlement within the meaning of section 877.6. The first four *Tech-Bilt* factors compare a rough approximation of a plaintiff's total recovery, the settlor's proportionate liability, and the amount paid in settlement, taking into account that a settling party should pay less than what it would pay if found liable after trial. A

settlement figure should not be "grossly disproportionate to what a reasonable person at the time of the settlement" would estimate as the settlor's liability. *Tech-Bilt*, supra, 38 Cal.3d at 499. Here, TLD disputes that it has any liability to the Water Entity Plaintiffs for alleged groundwater contamination associated with its past operations at the Property. Geocaris Decl., ¶ 5. Its decision to settle was driven by the desire to avoid both the uncertainty associated with litigation and more importantly the expense of further litigation (which could have exceeded the settlement amount). Id. at ¶ 8. There is no basis for concluding that the settlement amount is "grossly disproportionate" to TLD's potential liability.

The other Tech-Bilt factors support a "good faith" finding or are not relevant. The amount paid by TLD in settlement was not based on financial hardship or insurance, thus the fifth factor listed above does not come into play. The Settlement Agreement was reached through an arm's length and procedurally fair process, thus there is no evidence of collusion or fraud, the sixth factor listed above.

## IV. CONCLUSION

Based on the foregoing, TLD respectfully requests that the court grant the Motion and enter the Order.

DATED: September 18, 2012     LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
James A. Geocaris, Esq.
Jeffrey McDonald, Esq.
Attorneys for TED LEVINE DRUM COMPANY